# STONE M MAGNANINI

## COMPLEX LITIGATION

**VIA ECF**                                                                                                                December 5, 2024

Hon. Mary Kay Vyskocil, U.S.D.J.
U.S.D.C. - Southern District of New York
500 Pearl Street, Room 2230
New York, NY, 10007

          **Re:**    *Button et al., v. The New York Times Co. et al.*, Case No. 1:24-cv-05888-MKV

Dear Judge Vyskocil:

      We represent Defendant Dawn Schneider in the above-captioned proceeding. Pursuant to Your Honor's Individual Rule 4.A.i, we submit this pre-motion letter requesting a conference for leave to file a motion to dismiss. Pro Se plaintiffs have not responded but we presume they will oppose.

      Facts of which this Court can take judicial notice conclusively demonstrate that this lawsuit is merely one in a series of retaliatory litigations with no legal basis. Mitchell Taylor Button and Dusty Button, the Plaintiffs here, are defendants in a civil sex trafficking lawsuit pending in the District of Nevada. This lawsuit is just one of *seven* lawsuits that Plaintiffs have filed over the last several months against their alleged victims' family, friends, and other supporters in an obvious attempt to frighten their victims and deter witnesses from cooperating in the Nevada suit.[1] Indeed, this lawsuit has all of the earmarks of an action which falls within the ambit of cases this Circuit has held to violate Rule 11 of the Federal Rules of Civil Procedure because it is intended to harass and intimidate litigants and witnesses and not to pursue legitimate claims.

      Since this lawsuit is nothing more than an intimidation tactic, it is no surprise that it fails to state a claim as a matter of law. The gravamen of each cause of action is that Ms. Schneider is liable for alleged "defamatory statements" about Plaintiffs, but Plaintiffs do not allege a single statement made by Ms. Schneider. Each claim is also time-barred by several years, and Plaintiffs engage in impermissible group pleading. The complaint should therefore be dismissed.

## Background

      As alleged in the complaint, Ms. Schneider is a "public relations" consultant who has performed work for Boies Schiller Flexner LLP ("BSF"). [ECF No. 1 ("Complaint") ¶ 3]. She is not an associate of BSF and has operated her own public relations company since 2014. BSF represents a group of six women who sued Plaintiffs in the District of Nevada for sexual assault and related claims. Plaintiffs' sole allegation is that Ms. Schneider helped arranged for BSF attorneys to meet with representatives of the New York Times, to publish a July 29, 2021 article about the Nevada lawsuit, which the Buttons claim is defamatory. [*See id.* ¶ 9 n.1 (citing Julia Jacobs, *Former Dance Instructor Accused of Sexual Assault in Lawsuit*, THE NEW YORK TIMES (July 29, 2021), https://www.nytimes.com/2021/07/29/arts/dance/mitchell-button-dusty-button-abuse.html ("the Article")].

---

[1] *See Button et al v. Breshears,* 1:24-cv-03757-MKV (S.D.N.Y.); *Button et. al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al v. Doherty et. al.*, 1:24-cv-05026-JPC-KHP (S.D.N.Y.); *Button et. al. v. Micah Humphries et. al.,* 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et. al. v. Roe et. al.*, 1:24-cv-00220-SM-AJ (D.N.H.); *Button et. al. v. Melcher,* 1:24-cv-12632-WGY (D. Mass.).

Ms. Schneider is not the author of the Article, nor is she quoted in the Article. Ms. Schneider's only connection to the Article is that she allegedly "made an agreement arranging for" New York Times reporter Julia Jacobs "to interview" the two BSF clients who filed the original complaint in the Nevada lawsuit. *Id.* ¶ 52; *see id.* ¶ 202.

## ARGUMENT[2]

### I. The Plaintiffs' Engage in Impermissible Group Pleading.

As an initial matter, the complaint must be dismissed because Plaintiffs engage in impermissible group pleading. Throughout the complaint, Plaintiffs refer to "Defendants" collectively, "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). The complaint therefore fails to give Ms. Schneider "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Id.*; *see, e.g.*, *TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, 2017 WL 2627912, at *2 (S.D.N.Y. June 16, 2017) (dismissing complaint that "generally attribute[s] misconduct to the 'Defendants' collectively, and do[es] not differentiate between the five defendants.").

### II. The Plaintiffs' Claims Are Time-Barred.

Plaintiffs' claims are also time-barred. A one-year statute of limitations applies to all the Plaintiffs' claims. *See* N.Y. C.P.L.R. § 215(3) (one-year statute of limitations for defamation, injurious falsehood, and intentional infliction of emotional distress); *see also, e.g.*, *Riddell Sports Inc. v. Brooks*, 872 F.Supp. 73, 76 (S.D.N.Y. 1995) (applying one-year defamation statute of limitations to alternative tort claims where, as here, "the gravamen of [the] allegations" is "injury to reputation"). Since the Article was published July 29, 2021, this lawsuit is two years too late.

Apparently acknowledging the untimeliness of their claims, Plaintiffs assert, with no support, that the doctrines of equitable tolling or estoppel should apply. *See* Complaint ¶¶ 180–82. But the Plaintiffs fail to allege any facts sufficient to give rise to either doctrine. *See, e.g.*, *Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601, 620 (S.D.N.Y. 2021), *aff'd,* 2022 WL 211702 (2d Cir. Jan. 25, 2022) (equitable tolling not appropriate where "there are no plausible allegations that Defendants used the New York Times article to frustrate the bringing of a timely claim, or that the article was directed to Plaintiffs as opposed to the more general public in response to public concerns"); *Wen Liu v. Mount Sinai Sch. of Med.*, 2012 WL 4561003, at *5 (S.D.N.Y. Sept. 24, 2012) ("Plaintiffs' difficult financial situation and inability to afford a lawyer do not entitle her to have the limitations period equitably tolled[.]").[3]

### III. The Plaintiffs' Claims Fail as a Matter of Law.

The Plaintiffs' claims also fail as a matter of law.

The defamation claim fails because Plaintiffs do not, and cannot, allege any statement defamatory or otherwise about the Buttons that is attributable to Ms. Schneider. *See Gristede's*

---

[2] Ms. Schneider incorporates by reference all arguments made by her co-Defendants to the extent they are applicable here.

[3] Further, the Plaintiffs have been defending themselves and actively litigating counterclaims in the Nevada lawsuit for years, and "courts have repeatedly refused to apply equitable tolling where a plaintiff has evidenced an ability to pursue his or her legal rights during the relevant period." *Tsai v. Rockefeller Univ.*, 2002 WL 237843, at *5 (S.D.N.Y. Feb. 15, 2002).

*Foods, Inc. v. Poospatuck (Unkechauge) Nation*, 2009 WL 4547792, at *19 (E.D.N.Y. Dec. 1, 2009) (dismissing defamation counterclaim where statements were not "made by or attributed to the plaintiff"); *see also, e.g.*, *Joseph v. Springer Nature*, 2021 WL 1372952, at *7 (S.D.N.Y. Apr. 12, 2021) (dismissing libel claim where plaintiff "pleads no facts to explain any details about" the statements).

The remaining tort claims are impermissibly duplicative because they are all based on the allegation that Defendants made "defamatory" statements. Complaint ¶¶ 202, 227, 278, 298. *See Hengjun Chao v. Mount Sinai Hosp.*, 476 Fed. App'x. 892, 895 (2d Cir. 2012) ("[D]istrict court correctly dismissed [plaintiff's] other tort claims as duplicative of his defamation claim" where "the factual allegations underlying" those claims were "virtually identical to the facts underlying his defamation claim" and alleged harms "all flow[ed] from the effect on his reputation caused by defendants' allegedly defamatory statements"); *see also, e.g.*, *Ganske v. Mensch*, 480 F.Supp.3d 542, 557 (S.D.N.Y. 2020) (tortious interference claim duplicative of defamation claim); *O'Brien v. Alexander*, 898 F.Supp. 162, 172 (S.D.N.Y. 1995) (injurious falsehood claim duplicative of defamation claim); *Idema v. Wager*, 120 F. Supp. 2d 361, 370 (S.D.N.Y. 2000), *aff'd,* 29 F. App'x 676 (2d Cir. 2002) (intentional infliction of emotional distress duplicative of defamation claim); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 2016 WL 5719749, at *7 (S.D.N.Y. Sept. 29, 2016) (conspiracy duplicative of defamation claim).

The injurious falsehood claim also fails because the defamation alleged does not relate to the Plaintiffs "goods or services". See *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 260 (S.D.N.Y. 2023)(dismissing count for injurious falsehood because claim for injurious falsehood requires the statement relate to the quality of plaintiffs "goods or services" not "reputation").

The intentional infliction of emotional distress claim fails because "New York courts have consistently held that a plaintiff may not maintain a separate claim for intentional infliction of emotional distress grounded in the same facts as a claim for libel." *Idema v. Wager*, 120 F. Supp. 2d 361, 370 (S.D.N.Y. 2000), *aff'd,* 29 F. App'x 676 (2d Cir. 2002) (collecting cases); *see, e.g.*, *McCollum v. Baldwin*, 688 F. Supp.3d 117, 132 (S.D.N.Y. 2023); *Levin v. McPhee*, 917 F.Supp. 230, 242 (S.D.N.Y. 1996).

The tortious interference claim fails because Plaintiffs do not allege a "*specific* existing business relationship" with which Ms. Schneider interfered, *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 369 (S.D.N.Y. 2012), let alone that Ms. Schneider "*proximate[ly] caused*" the Plaintiffs to lose an opportunity. *Pride Techs., LLC v. Khublall*, No. 21-2225, 2022 WL 17587755, at *1 (2d Cir 2022). In fact, Plaintiffs allege zero contact between Ms. Schneider and their business partners. *See, e.g.*, *Armored Grp., LLC v. Homeland Sec. Strategies, Inc.*, 2009 WL 1110783, at *3 (S.D.N.Y. Apr. 21, 2009).

Finally, the conspiracy claim fails because New York does not recognize conspiracy as a standalone tort. Since Plaintiffs' other claims fail, the conspiracy claim fails with them. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). In any event, Plaintiffs conspiracy allegations are impermissibly "vague," *Fisk v. Letterman*, 424 F.Supp.2d 670, 677 (S.D.N.Y. 2006), and allege no "independent culpable behavior" by Ms. Schneider. *Am. Bldg. Maint. Co. of New York v. Acme Prop. Servs., Inc.*, 515 F. Supp. 2d 298, 318 (N.D.N.Y. 2007).

Ms. Schneider respectfully submits that the above specified deficiencies in Plaintiffs' complaint are incurable, and it should be dismissed with prejudice.

Respectfully submitted,

*s/ David S. Stone*
David S. Stone
Senior Managing Partner

4