

**The New York Times
Company**

Al-Amyn Sumar
Senior Counsel
(646) 306 4201
al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

December 5, 2024

<u>**VIA ECF**</u>

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:     <u>*Button et al. v. The New York Times Company et al.*, 1:24-cv-05888-
MKV — Request for Pre-Motion Conference</u>

Dear Judge Vyskocil:

I represent Defendants The New York Times Company ("The Times Company"),
Julia Jacobs, Demetri Blaisdell, and David McCraw (collectively, "The Times"
or "The Times Defendants") in the above case. I write pursuant to Rule 4(A)(i) of
Your Honor's Individual Rules of Practice to request a pre-motion conference
about our anticipated motion to dismiss the claims against The Times pursuant to
Federal Rule of Civil Procedure 12(b)(6). The motion is not on consent.

Plaintiffs, Dusty and Mitchell Button, would have the Court believe their suit is
about "abuse of power, intimidation, and the weaponization of the justice
system." Complaint ("Compl.") ¶ 1. The reality is more mundane. As it concerns
my clients, this lawsuit is a frivolous, time-barred attack on truthful news
reporting by two people accused of serious sexual misconduct and includes
fabricated claims against two attorneys at The Times who did nothing more than
respond to the Buttons' nonparty discovery requests. The claims against The
Times should be dismissed with prejudice, and The Times should be awarded its
attorneys' fees under the New York anti-SLAPP law.

<u>Factual Background</u>

The claims against The Times Company and Ms. Jacobs stem from a July 29,
2021, article in *The New York Times*, itself reporting on a lawsuit filed by two
professional dancers, Sage Humphries and Gina Menichino, in Nevada federal
court. Julia Jacobs, *Former Dance Instructor Accused of Sexual Assault in
Lawsuit*, N.Y. Times (July 29, 2021), https://www.nytimes.com/2021/07/29/
arts/dance/mitchell-button-dusty-button-abuse.html. In the suit the dancers
describe separate accounts of sexual abuse by Dusty and Mitchell Button,
identified in the story, respectively, as a ballerina and former dance teacher. Ms.
Humphries said the Buttons "sexually and verbally abused her, forced her to live

with them and isolated her from her family." *Id.* Ms. Menichino said Mr. Button sexually assaulted her years earlier, when she was 13 and he was her 25-year-old dance teacher. *Id. The Times* published the story after the dancers filed their lawsuit, and it included a statement from a lawyer representing the Buttons. *Id.* The Complaint identifies only one alleged falsity in the story: the use of the term "charges" in a sentence saying the couple's lawyer "denied the charges" in the lawsuit. The Complaint claims that the sentence implied that that the Buttons had been criminally charged, Compl. ¶ 66, despite the immediate context of those words and the broader context of the story, all of which made crystal clear that the accusations were contained in a <u>civil</u> lawsuit brought by the dancers.

The Complaint also brings claims against Mr. Blaisdell and Mr. McCraw, both in-house lawyers for The Times Company, based on the Buttons' contacts (or attempted contacts) with them during the Nevada litigation. In the fall of 2023 the Buttons contacted Ms. Jacobs, who directed them to Mr. McCraw, to seek waiver of service for a subpoena to Ms. Jacobs. *Id.* ¶¶ 85-90. Mr. Blaisdell then responded to the Buttons on Ms. Jacobs' behalf. *Id.* ¶ 91. The Complaint describes several email and phone interactions between the Buttons and Mr. Blaisdell. *Id.* ¶¶ 92-99. The gist of their grievance is that Mr. Blaisdell "made intentionally intimidating legal threats against [them] on the phone call and unethically provided [them] with unsolicited legal advice regarding [their] litigation," *id.* ¶ 93, even though those claims are clearly contradicted by the excerpts of their conversations with Mr. Blaisdell cited in the Complaint.

<u>Argument</u>

The defects in the Buttons' claims are numerous, fundamental, and irremediable. The Times will seek their dismissal with prejudice, pursuant to Rule 12(b)(6).

The Complaint asserts five causes of action: defamation per se, injurious falsehood, tortious interference, intentional infliction of emotional distress (IIED), and civil conspiracy. Compl. ¶¶ 189-321. The injurious falsehood claim is directed at The Times Company and Ms. Jacobs, but not at Mr. McCraw or Mr. Blaisdell; the other claims are pled against all of The Times Defendants. *Id.*

The claims are premised on two specious factual allegations: (i) The Times Company and Ms. Jacobs "conspired" with Ms. Humphries' and Ms. Menichino's lawyers at Boies Schiller & Flexner (also defendants here) to undermine the Buttons' defense in the Nevada lawsuit "by publishing a defamatory, front-page article" about the suit; and (ii) Mr. Blaisdell, also allegedly in concert with the Boies Schiller lawyers, "intentionally interfere[d]" with the Buttons' rights in order to "silence" them. Compl. ¶¶ 4, 6. In fact, The Times Company and its reporter did nothing more than write about a filed

lawsuit and contact sources involved in the suit, including the Buttons' counsel. The claims against Mr. Blaisdell and Mr. McCraw, described above, are even more frivolous. They were doing what lawyers do when they represent a client: opposing an effort to seek discovery via an untimely and unlawful subpoena.

Specifically, The Times Company and Ms. Jacobs will move to dismiss the five claims against them on the following grounds:

- The defamation, IIED, and injurious falsehood claims are subject to a one-year statute of limitations and are thus time-barred. The tortious interference and civil conspiracy claims are also subject to a one-year statute of limitations, since they represent an attempt to plead around the defamation statute of limitations.
- The defamation claim should also be dismissed because (i) it is foreclosed by the fair report privilege, (ii) the sole allegedly false and defamatory statement cited in the Complaint is based on an unreasonable reading of the story; and (iii) the Complaint does not plausibly allege actual malice, as required by the New York anti-SLAPP statute.
- Because the allegations sound in defamation, the non-defamation claims should be dismissed on the grounds that they are duplicative.
- The Complaint also fails to allege other required elements of the claims for tortious interference, IIED, and civil conspiracy.

Mr. McCraw and Mr. Blaisdell will move to dismiss the four claims against them on some of the grounds above, as well as the following grounds:

- Mr. McCraw is not alleged to have played a role in the events at issue, except that he "deferred Plaintiffs" to Mr. Blaisdell, Compl. ¶ 9 n.1.
- The Complaint fails to allege key elements of a defamation per se claim, most notably, that either of the two lawyers published any statements to a third party. In addition, and among other things, the Complaint does not allege that any statement by the lawyers was false or made with actual malice.
- The Complaint fails to allege required elements of the claims for tortious interference, IIED, and civil conspiracy. The Buttons fail to allege that either attorney engaged in improper conduct in resisting a proposed subpoena on The Times in their communications with the Buttons or plaintiffs' counsel in the Nevada action.

In addition, as part of its Rule 12(b)(6) motion, The Times will seek to recover its attorneys' fees, which it is entitled to under the New York anti-SLAPP law. *See* N.Y. Civ. Rights Law § 70-a(1); *Bobulinski v. Tarlov*, 2024 U.S. Dist. LEXIS 214981, at \*28-43 (S.D.N.Y. Nov. 26, 2024).

3

Sincerely,

Al-Amyn Sumar