

December 5, 2024

<u>**VIA ECF**</u>
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

      Re:    *Button v. The New York Times Co.*, 24 Civ. 05888 (MKV)

Dear Judge Vyskocil:

      We represent Defendants Sabina Mariella and Lindsey Ruff, attorneys at Boies Schiller Flexner LLP ("BSF"), in the above-captioned action. Ms. Mariella's and Ms. Ruff's deadline to answer the Complaint is today. In lieu of answering, Ms. Mariella and Ms. Ruff will move to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Your Honor's Individual Rule 4.A.i, we respectfully request a pre-motion conference to address Ms. Mariella's and Ms. Ruff's motion to dismiss and to set a briefing schedule. Plaintiffs have advised us that they will oppose the motion.

      Plaintiffs Dusty Button and Mitchell Taylor Button claim Ms. Mariella and Ms. Ruff defamed them, but their Complaint does not—and cannot—identify a single statement by Ms. Mariella or Ms. Ruff, let alone a statement that was allegedly defamatory. Instead, the Buttons claim only that Ms. Mariella and Ms. Ruff coordinated interviews between BSF's clients and a New York Times reporter who wrote an article about a *pro bono* lawsuit BSF brought against the Buttons. Such ministerial acts without more are wholly insufficient to state a claim for defamation or any other tort. Moreover, each of the Buttons' claims is time-barred in any event. In short, this case, which appears to be part of a broader campaign by the Buttons to intimidate anyone who sues them, is baseless on multiple grounds and should be dismissed with prejudice.

<h3 style="text-align:center">Background</h3>

      Since 2021, BSF has been representing six women *pro bono* in a lawsuit against the Buttons in the District of Nevada alleging that the Buttons exploited their positions of power in the dance world to sexually abuse BSF's clients. The six Nevada plaintiffs—five of whom were minor children at the time of the abuse—are bringing claims for sexual assault, trafficking, and related causes of action. *See Humphries v. Button*, No. 21 Civ. 01412 (ART)(EJY). BSF's team includes associate attorneys, like Ms. Mariella and Ms. Ruff, as well as Managing Partner Sigrid McCawley, whom the Buttons have separately sued in another case pending in the Southern District of Florida. *See Button v. McCawley*, No. 24 Civ. 60911 (DSL).

      Following the filing of the Nevada lawsuit, the Buttons launched an online bullying campaign that caused a seventh victim to withdraw from the case entirely. The Buttons have also repeatedly moved for baseless Rule 11 sanctions against Ms. Mariella and Ms. Ruff, which the District of Nevada has consistently denied. *See, e.g.*, *Humphries v. Button*, ECF No. 305 at 3–4 (rejecting sanctions and finding "no evidence" that "[p]laintiffs or their counsel are intentionally misrepresenting facts, have behaved recklessly, or engaged in bad faith" and noting "counsel have

BOIES SCHILLER FLEXNER LLP

401 East Las Olas Boulevard, Suite 1200, Fort Lauderdale, FL 33301 | (t) 954 356 0011 | (f) 954 356 0022 | www.bsfllp.com

demonstrated appropriate and consistent advocacy" at all times). In contrast, the Buttons were sanctioned in Nevada for impermissibly retaining electronically stored information about one of BSF's clients in violation of two abuse prevention orders issued against the Buttons by a Boston Municipal Court. *Id.*, ECF No. 104. In the Nevada case, all 53 of the claims brought against the Buttons survived a motion to dismiss, discovery is complete, and summary judgment motions are due in January 2025. *Id.*, ECF Nos. 379, 429.

In addition to targeting the Nevada plaintiffs and their counsel, the Buttons have also filed many lawsuits against the Nevada plaintiffs' supporters. This year alone, we are aware of at least seven lawsuits that the Buttons have initiated against the Nevada plaintiffs' family, friends, therapists, attorneys, and other loved ones. This defamation lawsuit appears to be yet another piece of the Buttons' intimidation campaign.

The Buttons' Complaint is long on bluster and short on detail about any purported defamation. In essence, the Buttons allege that Ms. Mariella and Ms. Ruff conspired with the New York Times to publish a July 29, 2021, article about the Nevada litigation. *See* ECF No. 1 ("Compl.") ¶ 9 n.1 (citing Julia Jacobs, *Former Dance Instructor Accused of Sexual Assault in Lawsuit*, THE NEW YORK TIMES (July 29, 2021), https://tinyurl.com/2pdyaj4r). But the Complaint does not attribute any statements—defamatory or otherwise—to Ms. Mariella or Ms. Ruff. There is no dispute that the article was not written by Ms. Mariella or Ms. Ruff and does not quote or even reference Ms. Mariella or Ms. Ruff. The only allegations concerning Ms. Mariella and Ms. Ruff are that they purportedly helped schedule interviews among BSF's clients and Ms. Jacobs. Compl. ¶¶ 52, 202.

## ARGUMENT

As a threshold matter, the Buttons' claims are time-barred. The Complaint asserts five cases of action: defamation, injurious falsehood, intentional infliction of emotional distress (IIED), tortious interference, and civil conspiracy. A one-year statute of limitation expressly applies to the first three causes of action. N.Y. C.P.L.R. 215(3). The same one-year statute of limitations also applies to the claims for tortious interference and civil conspiracy where, as here, those claims arise from allegedly defamatory statements. *See, e.g.*, *Beter v. Murdoch*, 2018 WL 3323162, at *7 (S.D.N.Y. June 22, 2018). As the Complaint acknowledges, the New York Times article was published on July 29, 2021. Compl. ¶ 48. But the Buttons did not file suit until July 29, 2024— two years after the one-year limitations period ran.

Nor is this a case where the Buttons' late filing is excused by a tolling doctrine. Equitable estoppel (*see* Compl. ¶ 182) applies only in extraordinary circumstances—completely absent here—where a plaintiff "adequate[ly] plead[s]" that he was induced by a defendant's "misrepresentations" or "fraud" to refrain from filing a timely action. *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 266 (S.D.N.Y. 2006). The discovery doctrine does not apply in New York to claims sounding in defamation. *See* Compl. ¶ 79; *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F.Supp.3d 553, 572 (S.D.N.Y. 2016) (holding that statute of limitations began to run in 2009 when statements were made, not in 2012 when statements were discovered through litigation). There is no related lawsuit concerning Ms. Mariella's and Ms. Ruff's statements. *See* Compl. ¶ 219 (suggesting, with no support, that the limitations period could be tolled by "the pendency of a related lawsuit or

arbitration"). And the Buttons' assertions that they were "traumatized" and are "unemployed" (Compl. ¶¶ 177–78) are not bases for tolling. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *Wen Liu v. Mount Sinai Sch. of Med.*, 2012 WL 4561003, at *5 (S.D.N.Y. Sept. 24, 2012).

Each of the Buttons' claims should also be dismissed for failure to state a claim. *First*, the Buttons fail to allege *any statement* "made by or attributed to" Ms. Mariella or Ms. Ruff, much less that either made a false and defamatory statement that was published to a third party with actual malice. *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, 2009 WL 4547792, at *19 (E.D.N.Y. Dec. 1, 2009). It is "axiomatic that a plaintiff cannot establish a cause of action for defamation" without "an allegation of a false and defamatory statement." *Treppel v. Biovail Corp.*, 2005 WL 427538, at *6 (S.D.N.Y. Feb. 22, 2005).

*Second*, the Buttons' injurious falsehood, tortious interference, IIED, and conspiracy claims must be dismissed as duplicative, because they are all based on the same alleged "defamatory" statements. Compl. ¶¶ 202, 227, 278, 298; *Hengiun Chao v. Mount Sinai Hosp.*, 476 F.App'x 892, 895 (2d Cir. 2012) (dismissing plaintiff's additional tort claims as "duplicative of his defamation claim" as the claims were based on the same alleged "false statements.")

*Third*, the Buttons' injurious falsehood claim also fails because, again, the Buttons fail to allege a single statement made by Ms. Mariella or Ms. Ruff, much less a statement "denigrating the quality of [the Buttons'] goods or services," which is an essential element of that claim. *N. Am. Olive Oil Assoc. v. D'Avolio Inc.*, 457 F.Supp.3d 207, 231 (E.D.N.Y. 2020).

*Fourth*, the Buttons' IIED claim also fails because it is well-settled that an allegedly defamatory statement cannot give rise to IIED. *See, e.g.*, *Idema v. Wager*, 120 F. Supp. 2d 361, 370 (S.D.N.Y. 2000).

*Fifth*, the Buttons' tortious interference claim fails because the Buttons do not allege Ms. Mariella or Ms. Ruff knew about any contracts between the Buttons and third parties, that they intentionally took any actions to interfere with those contracts, or that those actions caused third parties to breach their contracts with the Buttons. *See, e.g.*, *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 768 (2d Cir. 1995).

*Sixth*, the Buttons' conspiracy claim fails because "New York recognizes no independent cause of action for civil conspiracy and [adding] a 'conspiracy' label cannot revive flawed defamation claims." *Idema*, 120 F. Supp. 2d at 369; *see also LaPorte v. Greenwich House*, 2010 WL 1779342, at *8 (S.D.N.Y. Apr. 26, 2010).

*Finally*, the Buttons "engage[] in impermissible group pleading" because the Complaint "generally attribute[s] misconduct to the 'Defendants' collectively and do[es] not differentiate between the [seven] defendants." *TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*, 2017 WL 2627912, at *2 (S.D.N.Y. June 16, 2017).

For all of these reasons, Ms. Mariella and Ms. Ruff will move to dismiss the Complaint with prejudice pursuant to a schedule set by the Court. We reserve the right to seek attorneys' fees for that motion pursuant to the New York anti-SLAPP statute. N.Y. Civ. Rights Law § 70-a(1).



Respectfully,

*/s/ Eric Brenner*
Eric Brenner
Peter Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 446-2300
ebrenner@bsfllp.com
pskinner@bsfllp.com

cc: All parties (via ECF)

4