# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON AND MITCHELL TAYLOR BUTTON

                  PLAINTIFFS,

V.

THE NEW YORK TIMES COMPANY, JULIA JACOBS, DEMETRI BLAISDELL, SABINA MARIELLA, LINDSEY RUFF, DAVID MCCRAW AND DAWN SCHNEIDER

                  DEFENDANT.

Case No: 1:24-CV-05888-MKV

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO WAIVE PACER FEES AS THE PLAINTIFFS ARE INDIGENT**

       Plaintiffs hereby file their motion and request for the Court to waive PACER fees associated with this case as their account is disabled due to non-payment, as they are indigent.

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO WAIVE PACER FEES AS THE PLAINTIFFS ARE INDIGENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATEMENT OF FACTS**

The Plaintiffs previously filed *in forma pauperis* (which was denied, ECF No. 9), as they paid the initial filing fee), and additionally requested that the Court waive any fees associated with PACER as they borrowed the funds to file their complaint but cannot afford any other fees associated with this litigation including the fees associated to keep their PACER account current which allows them to file into the case, research case law and find other cases which are cited and used in their motions. The Plaintiffs understand that they receive one free copy of each document electronically however, the Plaintiffs have had issue with a number of documents not saving to their computer and because the Plaintiffs needed to refer back to a number of documents in the case, there were accrued fees associated with PACER prior to their PACER account becoming inactive due to non-payment. The Plaintiffs have been granted a waiver of PACER fees in the District Court of Nevada as well as the Southern District Court of Florida and respectfully ask that this Court also declare the Plaintiffs exempt from the associated PACER fees so that they may reinstate their PACER account in order to file into the case and to appropriately use PACER for research just as their opposing counsel is able to do. Should the Court deny the Plaintiffs' request, it would severely prejudice the Plaintiffs and harm their ability to properly litigate their case.

The Plaintiffs are indigent and can prove so should the Court require those documents; (the Plaintiffs did provide certain documents in their Applications to proceed *in forma pauperis* however, the Plaintiffs are more than willing to provide documents which substantiate their claim that they are indigent and cannot pay the required fees associated with PACER to reinstate their account which is deactivated for non-payment). In addition, as previously stated, the Plaintiffs are on government programs such as SNAP, (Supplemental Nutrition Assistance Program), a federal program that helps low-income people buy food; TANF, (Temporary Assistance for Needy Families), a federal program that helps families with children who are

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO WAIVE PACER FEES AS THE PLAINTIFFS ARE INDIGENT**

experiencing financial hardship; WIC, (a Special Supplemental Nutrition Program for Women, Infants and Children), a federal program that provides food and other services to low-income (https://www.dictionary.com/browse/low-income) pregnant women and nutritional (https://www.dictionary.com/browse/nutritional) at-risk (https://www.dictionary.com/browse/at-- risk) children up to age five and Medicaid, (a joint federal and state program that provides health insurance to low-income people). The Plaintiffs are on these programs as a direct result of the Defendants' actions and fraud committed against them and are only requesting that the Court please waive the associated PACER fees[1] so that the Plaintiffs may properly litigate this case in order to avoid any further delay and so the Plaintiffs may use the same resources and have the same fair opportunity at succeeding in their claims against the Defendants as the Defendants have, (through their counsel), against the Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion and request to waive all PACER fees associated with this case.

Respectfully dated this 16th day of December, 2024,

Dusty Button and Mitchell Taylor Button (*Pro se*)

---

[1] PACER's website states: Indigent individuals, litigants and other people who cannot afford to pay PACER fees can request PACER fee exemptions from individual courts, upon a showing of cause. A court determines on a case-by-case basis whether certain unrepresented (pro se) litigants, indigent persons, or groups of people like CJA panel attorneys or bankruptcy trustees, may be exempt from PACER fees. A court will grant an exemption upon finding that the requesting party has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information. Unrepresented (Pro Se) litigants and individuals who cannot afford to pay (Indigent) should directly contact each court from which you are requesting the exemption (https://pacer.uscourts.gov/file-case/court-cmecf-lookup). Exemption request procedures may vary from court to court.

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO WAIVE PACER FEES AS THE PLAINTIFFS ARE INDIGENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing document was filed with

Prose@nysd.uscourts.gov on December 16th, 2024, 2024.



Dated this 16th day of December, 2024,


/s/ _____

Signature of Plaintiff Dusty Button (*Pro se*)


/s/ _____

Signature of Plaintiff Mitchell Taylor Button (*Pro se*)

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO WAIVE PACER FEES AS THE
PLAINTIFFS ARE INDIGENT**

# EXHIBIT A

PACER ACCOUNT DISABLED
(SCREENSHOT FROM DECEMBER 15TH, 2024)



**PACER**
Public Access To Court Electronic Records



# Login

Your browser must be set to accept cookies to log in to this site. If your browser is set to accept cookies and you are experiencing problems with the login, delete the stored cookie file in your PC. Close and reopen your browser before trying again.

## PACER Account Disabled

Although you have a PACER account, your current account has been disabled due to non-payment.

If you have any questions or for further details on how to activate your search privileges contact the PACER Service Center at (800) 676-6856 between the hours of 7 AM and 6 PM CT Monday through Friday or by email at pacer@psc.uscourts.gov.

You may continue to log in and perform other activities (e.g., e-file, request filing privileges), but you will not have PACER search privileges.

**Continue**       **Cancel**

consent to system monitoring and to official access to data reviewed and created by them on the system. If evidence of unlawful activity is discovered, including unauthorized access attempts, it may be reported to law enforcement officials.

PACER FAQ                          Privacy & Security                          Contact Us

# EXHIBIT B

ORDER FROM THE DISTRICT COURT OF NEVADA GRANTING IN
FORMA PAUPERIS STATUS AND WAIVER OF PACER FEES

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAGE HUMPHRIES, GINA MENICHINO,
ROSEMARIE DeANGELO, DANIELLE
GUTIERREZ, JANE DOE 100, JULIET
DOHERTY, and JANE DOE 200

              Plaintiffs,

    v.

MITCHELL TAYLOR BUTTON and DUSTY
BUTTON,

              Defendants.

Case No. 2:21-cv-01412-ART-EJY

**ORDER**

      Pending before the Court is Defendants' Application to Proceed *in forma pauperis* ("IFP") and Motion to Seal the IFP Application. ECF Nos. 223, 224. A review of the Application demonstrates Defendants meet the requirements for IFP status. The Court further notes Defendants demonstrated during the August 1, 2023 Court hearing before the undersigned U.S. Magistrate Judge that they are unable to pay the fees associated with use of a PACER account. Specifically, the Court finds Defendants' employment status and financial resources are extremely limited. The Court further finds the nature and complexity of this case renders continued proceeding without Defendants' access to PACER will interfere with the Court's ability to manage this dispute in accordance with the Federal Rules of Civil Procedure and fundamental principle of fairness.

      The Court also concludes the Motion to Seal demonstrates personal information is included in the IFP Application and, therefore, the Application is properly sealed.

      Accordingly, IT IS HEREBY ORDERED that Defendants' Application to Proceed *in forma pauperis* (ECF No. 223) is GRANTED.

      IT IS FURTHER ORDERED that Defendants' Motion to Seal (ECF No. 224) is GRANTED.

      IT IS FURTHER ORDERED that the Clerk of Court must seal Defendants' Application to Proceed *in forma pauperis* (ECF No. 223).

1        IT IS FURTHER ORDERED that Defendants have shown that PACER fees are properly

2 waived through the conclusion of this case.

3        IT IS FURTHER ORDERED that Defendants' access to PACER must be

4 reinstated. Defendants may use a copy of this Order for purposes of contacting PACER to effect

5 reinstatement of their account. PACER may be contacted through the PACER Service Center (800-

6 676-6856) or by email at pacer@pacer.uscourts.gov.

7        IT IS FURTHER ORDERED that the Clerk of Court must mail a copy of this Order to

8 Defendants as they presently have no access to PACER.

9        DATED this 4th day of August, 2023.

10

11

12        ELAYNA J. YOUCHAH
       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT C

ORDER OF THE UNITED STATES SOUTHERN DISTRICT COURT OF
FLORIDA GRANTING PLAINTIFFS' MOTION TO PROCEED IN
FORMA PAUPERIS TO WAIVE FEES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60911-LEIBOWITZ/AUGUSTIN-BIRCH

DUSTY BUTTON and
MITCHELL TAYLOR BUTTON,

     *Plaintiffs,*

*v.*

SIGRID MCCAWLEY,

     *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Seal Exhibit C of Plaintiffs' Applications to Proceed *In Forma Pauperis* and Motion for Court to Waive the Fees Associated with ECF Filings and Waiver of Documents [ECF No. 27], and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 28].

First, Plaintiffs move for leave to proceed *in forma pauperis.* [ECF No. 28]. However, Plaintiffs already paid the filing fee in this case. [ECF No. 4]. Therefore, Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 28] is DENIED AS MOOT.

Second, Plaintiffs move to seal Exhibit C of their Motion for Leave to Proceed *In Forma Pauperis* due to the exhibit containing "Plaintiffs' confidential and personal financial information." [ECF No. 27 at 3]. The Court finds that Exhibit C shall be sealed. Plaintiffs' Motion to Seal Exhibit C of Plaintiffs' Application to Proceed *In Forma Pauperis* [ECF No. 27] is GRANTED.

Third, Plaintiffs move for the Court to waive the fees associated with ECF filings and retrieval of documents. Plaintiffs were able to pay the filing fee to file their Complaint as they borrowed funds to do so; however, they are "unable to fund further associated Court fees including … the fees

associated with ECF filings and retrieval of documents." [ECF No. 27 at 3]. Other courts, including the United States District Court for the District of Nevada, have found that Plaintiffs are indigent and waived their PACER fees. [*See* ECF Nos. 28-1 at 3 and 28-2 at 2]. Plaintiffs borrowed funds to file their Complaint, so do they do not need to proceed *in forma pauperis*; however, a review of Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 28] shows that Plaintiffs are indigent.

The PACER fee schedule allows courts to waive access fees for certain persons. According to the PACER fee schedule, "[c]ourts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents[.]" *See Electronic Public Access Fee Schedule* (reprinted with 28 U.S.C. § 1914). The Fee Schedule also sets out that "[c]ourts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee." *Id.* Further, the fee schedule makes clear that "courts must find: that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.* Should the Court grant such an exemption, "the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption." *Id.*

Plaintiffs have shown through their Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 28] that Plaintiffs' financial resources are extremely limited, and they are unable to pay the fees associated with the use of a PACER account. The United States District Court for the District of Nevada found that "proceeding without Defendants' [Plaintiffs here] access to PACER [would] interfere with the Court's ability to manage [the] dispute in accordance with the Federal Rules of Civil Procedure and fundamental principle of fairness." [ECF No. 28-1 at 2]. The Court finds that the same holds true in this case. IT IS ORDERED that Plaintiffs have shown that PACER fees are properly waived through the conclusion of this case. IT IS FURTHER ORDERED that Plaintiffs

shall use a copy of this Order for purposes of contacting PACER to effect a waiver of their PACER fees. PACER may be contacted through the PACER Service Center (800-676-6856) oy by email at pacer@pacer.uscourts.gov.

Accordingly, is it hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Seal Exhibit C of Plaintiffs' Applications to Proceed *In Forma Pauperis* and Motion for Court to Waive the Fees Associated with ECF Filings and Waiver of Documents [**ECF No. 27**] is **GRANTED**.

2. Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* [**ECF No. 28**] is **DENIED AS MOOT**.

3. Plaintiffs' PACER fees are waived through the conclusion of this case. Plaintiffs shall use a copy of this Order for purposes of contacting PACER to effect a waiver of their PACER fees.

**DONE AND ORDERED** in the Southern District of Florida on August 12, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    Dusty Button, *pro se*
       Mitchell Taylor Button, *pro se*
       Counsel of record