USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,

    Plaintiffs,

-against-

THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL, and DAVID MCCRAW,

    Defendants.

1:24-cv-05888-MKV

**ORDER DENYING MOTION TO WAIVE PACER FEES**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs, proceeding *pro se*, filed a request for the Court to waive PACER fees as a matter of course associated with this case. [ECF No. 30 ("Pl. Mot.")]. Plaintiffs previously moved to proceed *in forma pauperis* ("IFP") in this action and for waiver of PACER fees. [ECF No. 6]. Both motions were denied as moot because the Plaintiffs had already paid the initial filing fee and, as such, were authorized to and did receive one free electronic copy of all documents filed electronically in the case, via the notice of electronic filing or notice of docket activity. [ECF No. 9] (citing *Electronic Public Access Fee Schedule*, United States Courts (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule).

    Plaintiffs' PACER account has been deactivated for non-payment. Pl. Mot. at 2. Plaintiffs argue that they cannot afford the fees required to "keep their PACER account current which allows them to file into the case, research case law and find other cases which are cited and used in their motions." *Id.* Plaintiffs assert that a denial of their request would prejudice them and harm their ability to properly litigate their case. *Id.*

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 ("Fee Schedule"), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
- No fee is charged for access to judicial opinions.
- No fee is charged for viewing case information or documents at courthouse public access terminals.
- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. Courts may exercise their discretion to grant additional exemptions, but the party seeking a discretionary exemption "must demonstrate that an exemption beyond the [] automatic exemptions 'is necessary ... to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99-100 (S.D.N.Y. 2014).

As the Court has previously explained, Plaintiffs and as *pro se* litigants are entitled to one free electronic copy of all documents filed electronically in this case. In addition, Plaintiffs have consented to electronic service, and thus will receive notices of court activity and documents by email. [ECF No. 4.]

Plaintiffs have not shown that they need free access to PACER to obtain information about this case. While Plaintiffs assert that they their PACER account has been deactivated, the notice regarding deactivation attached to Plaintiffs' motion indicates that "[Plaintiffs] may continue to log in and perform other activities (e.g., e-file request filing privileges), but [Plaintiffs] will not have PACER search privileges." Pl. Mot. at Ex. A. Plaintiffs assert that their PACER account "allows them to file into the case"; however, Plaintiffs subsequent filings in this case demonstrates that Plaintiffs are still able to review the documents on the docket and respond to them with their own filings. [ECF Nos. 33, 34]. Further, to the extent Plaintiffs are requesting a PACER fees exemption for documents filed in other cases to "research case law and find other cases which are cited and used in their motions," that request is overbroad. *See Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2024 WL 3534451, at *2 (S.D.N.Y. July 25, 2024). Plaintiffs appear to fundamentally misunderstand what PACER is and the proper function of PACER. "Legal research is not the primary purpose of PACER" and "[i]t is atypical for litigants to be given free access to documents filed in cases in which the litigant is not a party." *Id.* Further, Plaintiffs may access free copies of judicial opinions on PACER.[1]

Aside from noting that they are "indigent," Plaintiffs allege no facts suggesting that they will suffer an unreasonable burden without free access to PACER. *See Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024). Even if Plaintiffs had been granted leave to proceed *in forma pauperis* in this action, that would be insufficient to establish that their PACER fees should be waived. *See id.* ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary ... to avoid unreasonable burdens and to promote public

---

[1] The Court advises PlaintiffS that there are many free resources available for legal research, including Justia and CourtListener. Harvard Law School has compiled a list of free legal resources at the following link: https://guides.library.harvard.edu/law/free.

access to information." *Id.*; *see also Waheed v. Rentoulis*, No. 24 CIV. 6476 (AT), 2024 WL 4373304, at *3 (S.D.N.Y. Oct. 2, 2024).

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for the Court to waive PACER fees associated with this case is DENIED without prejudice to renewal should there be a demonstrable need in the future for such access. The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 30.

**SO ORDERED.**

**Date: January 29, 2025**  **MARY KAY VYSKOCIL**
 **New York, NY**  **United States District Judge**