**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON, | |
| Plaintiffs, | Case No.: 1:24-cv-5888-MKV |
| v. | Hon. Mary Kay Vyskocil |
| THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL, and DAVID MCCRAW, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS SABINA MARIELLA'S AND LINDSEY RUFF'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................... 2

    I.      Nevada Litigation ................................................................................................. 2

    II.     Retaliatory Litigation............................................................................................ 4

    III.    Instant Litigation .................................................................................................. 5

PROCEDURAL HISTORY.................................................................................................... 6

LEGAL STANDARD............................................................................................................ 7

ARGUMENT ........................................................................................................................ 7

    I.      The Buttons' Claims for Injurious Falsehood, Tortious Interference, and Civil
          Conspiracy are Time-Barred ................................................................................ 7

    II.     The Buttons Fail to State a Claim as a Matter of Law ....................................... 10

         A.    The Buttons' Claims Should De Dismissed Because They Impermissibly
             Seek to Impose Liability for Privileged Statements.................................... 10

         B.    Any Claims Based on Supposed Extra-Judicial Statements Are
             Impermissibly Vague and Conclusory ........................................................ 12

         C.    The Buttons Fail to State a Claim for Injurious Falsehood......................... 13

         D.    The Buttons Fail to State A Claim for Negligent Infliction of Emotional
             Distress ...................................................................................................... 15

         E.    The Buttons Fail to State a Claim for Tortious Interference....................... 17

          F.    The Buttons Fail to State a Claim for Fraud ............................................... 19

         G.    The Buttons' Civil Conspiracy Claim Fails on the Merits......................... 21

         H.    The Buttons Engage in Impermissible Group Pleading .............................. 24

    III.    The Claims Against Ms. Mariella and Ms. Ruff Should Be Dismissed with
          Prejudice. ........................................................................................................... 24

CONCLUSION.................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*16 Casa Duse, LLC v. Merkin*,
  791 F.3d 247 (2d Cir. 2015) ................................................... 17

*Abadi v. Am. Airlines, Inc.*,
  2024 WL 1346437 (S.D.N.Y. Mar. 29, 2024) ......................... 15

*Abascal v. Hilton*,
  2008 WL 268366 (N.D.N.Y. Jan. 30, 2008) ............................ 25

*Abascal v. Jarkos*,
  357 F. App'x 388 (2d Cir. 2009) ............................................ 25

*Abercrombie v. Andrew Coll.*,
  438 F. Supp. 2d 243 (S.D.N.Y. 2006) ..................................... 9

*Aglira v. Julien & Schlesinger, P.C.*,
  631 N.Y.S2d 816 (N.Y. App. Div. 1995) ............................... 16

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  351 F. Supp. 2d 79 (S.D.N.Y. 2004) ....................................... 2

*Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*,
  680 F. Supp. 2d 616 (S.D.N.Y. 2010) ..................................... 2

*Arnon Ltd v. Beierwaltes*,
  3 N.Y.S.3d 31 (N.Y. App. Div. 2015) ..................................... 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................ 7

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) ................................................ 24

*Baiul v. Disson*,
  607 F. App'x 18 (2d Cir. 2015) .............................................. 22

*BCRE 230 Riverside LLC v. Fuchs*,
  874 N.Y.S.2d 34 (N.Y. App. Div. 2009) ................................ 12

*Bell Atlantic Corp v. Twombly*,
  550 U.S. 544 (2007) ................................................................ 7

*Bellasalma v. Colton RV, LLC*,
  2023 WL 6319773 (W.D.N.Y. July 19, 2023) ....................... 16

*Beter v. Murdoch*,
  2018 WL 3323162 (S.D.N.Y. June 22, 2018) ......................... 8

*Bilinski v. Keith Haring Found., Inc.*,
  96 F. Supp. 3d 35 (S.D.N.Y. 2015) ....................................... 11

*Biro v. Conde Nast*,
  807 F.3d 541 (2d Cir. 2015) ............................................ 22, 23

*Bloom v. A360 Media LLC,*
    2024 WL 2812905 (S.D.N.Y. June 3, 2024) ................................................................ 23

*Bobal v. Rensselear Polytechnic Inst.,*
    916 F.2d 759 (2d Cir. 1990) ............................................................................... 12, 14

*Brady v. Calyon Sec. (USA),*
    2007 WL 4440926 (S.D.N.Y. Dec. 17, 2007) ............................................................. 12

*Brainbuilders LLC v. EmblemHealth, Inc.,*
    2022 WL 3156179 (S.D.N.Y. Aug. 8, 2022) .............................................................. 21

*Brewer v. Memphis Pub. Co.,*
    626 F.2d 1238 (5th Cir. 1980) ............................................................................... 23

*Brownstone Inv. Grp., LLC v. Levey,*
    468 F. Supp. 2d 654 (S.D.N.Y. 2007) ............................................................... 19, 21

*Calderon v. Annucci,*
    2020 WL 13801789 (N.D.N.Y. Sept. 8, 2020) ........................................................... 24

*Capsolas v. Pasta Res., Inc.,*
    2013 WL 703670 (S.D.N.Y. Feb. 26, 2013) .............................................................. 11

*Carvel Corp. v. Noonan,*
    3 N.Y.3d 182 (2004) ............................................................................................ 18

*Chai v. New York University,*
    2024 WL 4042468 (S.D.N.Y. Sept. 4, 2024) ............................................................. 17

*Chau v. Donovan,*
    357 F. Supp. 3d 276 (S.D.N.Y. 2019) ..................................................................... 17

*Church of Scientology Int'l v. Behar,*
    238 F.3d 168 (2d Cir. 2001) ................................................................................. 22

*Collins v. Travers Fine Jewels Inc.,*
    2017 WL 1184305 (S.D.N.Y. Mar. 29, 2017) ............................................................ 11

*Corley v. Vance,*
    2019 WL 3841939 (S.D.N.Y. Aug. 15, 2019) ............................................................ 16

*Daniels v. St. Luke's-Roosevelt Hosp. Center,*
    2003 WL 22410623 (S.D.N.Y. Oct. 21, 2003) ........................................................... 14

*Donini Int'l, S.p.A. v. Satec (U.S.A.) LLC,*
    2004 WL 1574645 (S.D.N.Y. July 13, 2004) ............................................................. 21

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,*
    314 F.3d 48 (2d Cir. 2002) ................................................................................... 15

*Filler v. Hanvit Bank,*
    156 F. App'x. 413 (2d Cir. 2005) ........................................................................... 23

*Fine v. ESPN, Inc.,*
    2016 WL 6605107 (N.D.N.Y. Mar. 25, 2016) ............................................................ 23

iii

*Fisk v. Letterman*,
    424 F. Supp. 2d 670 (S.D.N.Y. 2006) ...................................................................... 13

*Freeman v. HSBC Holdings PLC*,
    57 F.4th 66 (2d Cir. 2023) ........................................................................................ 21

*Goldhirsh Grp., Inc. v. Alpert*,
    107 F.3d 105 (2d Cir. 1997) ...................................................................................... 17

*Green v. McLaughlin*,
    480 F. App'x 44 (2d Cir. 2012) ................................................................................ 20

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
    2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ............................................................ 13

*Hengiun Chao v. Mount Sinai Hosp.*,
    476 F. App'x 892 (2d Cir. 2012) .............................................................................. 15

*Huizenga v. NYP Holdings, Inc.*,
    2019 WL 1620743 (S.D.N.Y. Apr. 16, 2019) .......................................................... 22

*In re Columbia Coll. Rankings Action*,
    2024 WL 1312511 (S.D.N.Y. Mar. 26, 2024) ............................................................ 9

*In re Ng*,
    584 B.R. 463 (Bankr. E.D.N.Y. 2018) ..................................................................... 20

*Jones v. Grisanti*,
    2024 WL 3415361 (W.D.N.Y. July 15, 2024) ........................................................ 16

*Jones v. SmithKlineBeecham*,
    2007 WL 2362354 (N.D.N.Y. Aug. 14, 2007) ........................................................ 12

*Karcz v. City of N. Tonawanda, New York*,
    2023 WL 2654210 (W.D.N.Y. Feb. 24, 2023) ........................................................ 15

*Kashelkar v. Rubin & Rothman*,
    97 F. Supp. 2d 383 (S.D.N.Y. 2000) ...................................................................... 21

*Kinsey v. New York Times Co.*,
    991 F.3d 171 (2d Cir. 2021) ...................................................................................... 22

*Kling v. World Health Org.*,
    532 F. Supp. 3d 141 (S.D.N.Y. 2021) .................................................................... 24

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,
    2013 WL 417406 (S.D.N.Y. Feb. 4, 2013) .............................................................. 14

*Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*,
    478 F. App'x 679 (2d Cir. 2012) .............................................................................. 19

*Lane v. Phares*,
    544 S.W.3d 881 (Tex. App. 2018) ............................................................................ 23

*LaPorte v. Greenwich House*,
    2010 WL 1779342 (S.D.N.Y. Apr. 26, 2010) ........................................................ 24

*Lesesne v. Brimecome*,
918 F. Supp. 2d 221 (S.D.N.Y. 2013) ............................................................... 8, 13

*Lotes Co. v. Hon Hai Precision Indus. Co.*,
63 N.Y.S.3d 328 (N.Y. App. Div. 2017) ............................................................... 18

*M.V. v. State*,
186 N.Y.S.3d 785 (N.Y. Ct. Cl. 2022) ................................................................ 16

*Maule v. NYM Corp.*,
54 N.Y.2d 880 (1981) .......................................................................................... 23

*McDougal v. Fox News Network, LLC*,
489 F. Supp. 3d 174 (S.D.N.Y. 2020) ................................................................. 23

*McKenzie v. Dow Jones & Co.*,
355 F. App'x 533 (2d Cir. 2009) ........................................................................... 8

*Mortise v. United States*,
102 F.3d 693 (2d Cir. 1996) ................................................................................ 16

*N. Am. Olive Oil Assoc. v. D'Avolio Inc.*,
457 F. Supp. 3d 207 (E.D.N.Y. 2020) ................................................................. 14

*Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*,
861 F. Supp. 2d 344 (S.D.N.Y. 2012) ................................................................. 18

*Nineteen New York Props. Ltd. P'ship v. 535 5th Operating Inc., et al.*,
621 N.Y.S.2d 42 (N.Y. App. Div. 1995) ............................................................. 21

*Nordco, A.S. v. Ledes*,
1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999) ..................................................... 12

*Ouderkirk v. United States*,
2018 WL 1768278 (N.D.N.Y. Apr. 12, 2018) ..................................................... 25

*Owoyemi v. Credit Corp Sols. Inc.*,
596 F. Supp. 3d 514 (S.D.N.Y. 2022) ................................................................. 25

*Papworth v. Steel Hector & Davis*,
2007 WL 2903944 (N.D.N.Y. Sept. 30, 2007) .................................................... 19

*Pasternack v. Lab'y Corp. of Am.*,
2014 WL 4832299 (S.D.N.Y. Sept. 29, 2014) ..................................................... 14

*Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP*,
2010 WL 2519631 (N.Y. Sup. Ct. May 28, 2010) ............................................... 14

*Present v. Avon Prods., Inc.*,
687 N.Y.S.2d 330 (N.Y. App. Div. 1999) ........................................................... 11

*Pride Techs., LLC v. Khublall*,
2022 WL 17587755 (2d Cir 2022) (emphasis in original) ................................... 19

*Prince v. Intercept*,
634 F. Supp. 3d 114 (S.D.N.Y. 2022) ................................................................. 23

*Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*,
   121 F. Supp. 3d 321 (S.D.N.Y. 2015) ................................................................................. 21

*Roeder v. J.P. Morgan Chase & Co.*,
   523 F. Supp. 3d 601 (S.D.N.Y. 2021) ................................................................................... 9

*Sagaille v. Carrega*,
   143 N.Y.S.3d 36 (N.Y. App. Div. 2021) .............................................................................. 11

*Scholes v. Am. Kennel Club, Inc.*,
   1999 WL 799532 (S.D.N.Y. Oct. 7, 1999) ............................................................................ 8

*Seldon v. Bernstein*,
   503 F. App'x 32 (2d Cir. 2012) .......................................................................................... 20

*Selvam v. United States*,
   570 F. Supp. 3d 29 (E.D.N.Y. 2021) ................................................................................... 13

*Semple v. Eyeblaster, Inc.*,
   2009 WL 2709281 (S.D.N.Y. Aug. 27, 2009) ...................................................................... 17

*Silver v. Kuehbeck*,
   2005 WL 2990642 (S.D.N.Y. Nov. 7, 2005) ........................................................................ 13

*Springs v. Bd. of Educ.*,
   2010 WL 4068712 (S.D.N.Y. Oct. 14, 2010) ......................................................................... 9

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*,
   374 F.3d 158 (2d Cir. 2004) .............................................................................................. 19

*TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc.*,
   2017 WL 2627912 (S.D.N.Y. June 16, 2017) ...................................................................... 24

*Toussie v. Allstate Ins. Co.*,
   2019 WL 2435852 (E.D.N.Y. Feb. 6, 2019) ........................................................................ 18

*Tsai v. Rockefeller Univ.*,
   2002 WL 237843 (S.D.N.Y. Feb. 15, 2002) ........................................................................ 10

*Twersky v. Yeshiva Univ.*,
   993 F. Supp. 2d 429 (S.D.N.Y.) ........................................................................................... 9

*U.S. ex rel Vallejo v. Investronica, Inc.*,
   2 F. Supp. 2d 330 (W.D.N.Y. 1998) ................................................................................... 13

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*,
   455 F. App'x 102 (2d Cir. 2012) ........................................................................................ 17

*Verschleiser v. Frydman*,
   2023 WL 5835031 (S.D.N.Y. Sept. 7, 2023) ......................................................................... 7

*Wahlstrom v. Metro-N. Commuter R. Co.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000) .................................................................................. 17

*Walker v. Jastremski*,
   430 F.3d 560 (2d Cir. 2005) ................................................................................................ 9

*Wang v. Palmisano*,
   157 F.Supp.3d 306 (S.D.N.Y. 2016) ........................................................ 9

*Wellsville Manor, LLC v. Campbell*,
   2020 WL 7180987 (W.D.N.Y. Dec. 7, 2020) .......................................... 11

*Williams v. Williams*,
   53 N.Y.S.3d 152 (N.Y. Sup. Ct. 2017) ................................................... 21

*Wilson v. Tarricone*,
   2013 WL 12084504 (S.D.N.Y. Sept. 26, 2013) ..................................... 14

*Yu v. Dreyer's Grand Ice Cream, Inc.*,
   592 F. Supp. 3d 146 (S.D.N.Y. 2022) .................................................... 20

*Zapata v. Tufenkjian*,
   998 N.Y.S.2d 435 (N.Y. App. Div. 2014) ............................................. 11

*Zaret v. Bonsey*,
   2023 WL 6317956 (S.D.N.Y. Sept. 28. 2023) ....................................... 15

## Statutes and Rules

Fed. R. Civ. P. 9(b) ...................................................................................... 20

N.Y. C.P.L.R. 215(3) ............................................................................... 7, 22

N.Y. Civ. Rights Law § 74 ........................................................................... 13

## PRELIMINARY STATEMENT

This meritless lawsuit, which was brought by two sexual predators as part of a calculated campaign to silence their victims, should be dismissed with prejudice.

Three of the five claims against Defendants Sabina Mariella and Lindsey Ruff are time-barred by years. Further, all five claims are principally based on allegedly "false" statements made in court filings, which are absolutely privileged. Although Plaintiffs suggest their claims also arise out of non-privileged statements, the Amended Complaint does not—and cannot—identify a single such statement attributable to either Ms. Mariella or Ms. Ruff concerning Plaintiffs, let alone any such statement that could give rise to civil liability. This is not surprising, as the Amended Complaint was filed not to resolve a legitimate dispute, but to intimidate the women and girls Plaintiffs have abused.

Ms. Mariella and Ms. Ruff are attorneys at Boies Schiller Flexner LLP who have robust *pro bono* practices representing survivors of sexual abuse, including the victims of Jeffrey Epstein. As part of their commitment to protecting girls and women from sexual violence, Ms. Mariella and Ms. Ruff represent *pro bono* a group of six women who have brought claims in the District of Nevada alleging that Plaintiffs, Taylor Button and his wife, Dusty Button, exploited their positions of power in the dance world to sexually abuse young dancers across the country for years.

The Buttons responded to the Nevada case by launching an online bullying crusade against their victims so severe it caused a seventh victim to withdraw from the action entirely. The Buttons also filed seriatim sanctions motions against Ms. Mariella and Ms. Ruff, all of which were denied. Tellingly, it is the Buttons themselves who were sanctioned by the Nevada court for willful violation of a court order and now face the possibility of "case-terminating sanction[s]" in light of their behavior.

Undeterred, the Buttons over the past few months sued the Nevada plaintiffs' supporters—

including their family, friends, therapists, and attorneys—in seven different lawsuits, two of which have already been dismissed. This is one of the five remaining cases. The Buttons' purpose in bringing these suits is clear: to send a message to their victims that if they speak out, their loved ones, supporters, and attorneys will be sued.

To the extent the Buttons deny the Nevada plaintiffs' claims against them, their proper recourse is to defend themselves in the Nevada litigation—not to sue their victims' *pro bono* attorneys to try to gain some tactical advantage.[1] Ms. Mariella and Ms. Ruff respectfully request that the Court dismiss the Buttons' Amended Complaint with prejudice.

## **BACKGROUND**

### I.    **Nevada Litigation**

This case arises out of Ms. Mariella and Ms. Ruff's *pro bono* representation of six plaintiffs in a lawsuit pending against the Buttons in the District of Nevada, where the plaintiffs allege that the Buttons exploited their positions of power and influence in the dance community to abuse young dancers across the country. [*See Humphries et al. v. Button*, Case No. 2:21-cv-01412-ART-EJY (D. Nev.) ("Nevada Litigation"), ECF No. 221].[2] Specifically, the Nevada complaint alleges that Taylor groomed and sexually abused at least four of his students at Centerstage Dance

---

[1]    In a separate lawsuit, the Buttons made plain that their lawsuit against Ms. Mariella and Ms. Ruff is intended to create a "conflict of interest" that they hope will prevent Ms. Mariella and Ms. Ruff from continuing to represent the Nevada plaintiffs. [*Button et al. v. Doherty et al.*, 1:24-cv-05026-JPC-KHP (S.D.N.Y.), ECF 34 at 4]. Of course, a party cannot disqualify their adversary's counsel of choice simply by suing them.

[2]    The Court may consider filings from the Nevada Litigation in evaluating Defendants' motion to dismiss because (1) the Buttons repeatedly reference and quote from those filings, [*see, e.g.*, ECF No. 34 ("Am. Compl.") ¶¶ 99, 112, 126 n.14, 144 n.16, 151, 180, 186, 190, 228], thereby incorporating them by reference, *see, e.g.*, *Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*, 680 F. Supp. 2d 616, 618 n.4 (S.D.N.Y. 2010); and (2) the Court may take judicial notice of public records, like court filings, *see Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record . . . including filings in related lawsuits.").

Academy in Florida while he was a dance instructor, and they were minor children. [*See id.* ¶¶ 18–122]. When parents of these minor children began discussing Taylor's behavior, Taylor fled Florida to London, married Dusty, and took her last name. [*Id.* ¶¶ 123–26]. The Buttons then worked together to manipulate young dancers and forced them to engage in sex acts against their will. [*Id.* ¶¶ 137–75]. Based on these and other allegations, the Nevada plaintiffs brought fifty-three claims for sexual assault, trafficking, and related offenses, which all survived motions to dismiss. [*See id*, ECF Nos. 130, 379].[3]

In the Nevada Litigation, the Buttons have engaged in a long string of misconduct. They unlawfully retained confidential information about one of their victims, in "willful violation" of a court order. [*Id*., ECF No. 104]. They also created a website and YouTube channel specifically designed to harass and intimidate the plaintiffs and third-party witnesses. [*Id.*, ECF No. 402 at 7–11]. The Buttons' online harassment was so intense it caused one of the Nevada plaintiffs to withdraw her claims "due to severe online harassment from [the Buttons]." [*Id.*, ECF No. 132].[4] The Nevada court stated it is considering recommending "case-terminating sanction[s]" against the Buttons for their behavior. [*Id.*, ECF No. 222 at 57:9–21].

The Buttons have also filed four sanctions motions against the Nevada plaintiffs and their counsel—including Ms. Mariella and Ms. Ruff—each of which has been denied. [*See, e.g.*, *id.*, ECF Nos. 220, 305, 327, 360]. Indeed, in a February 13, 2024 Order, the Nevada court recognized that the Nevada plaintiff's counsel—again, including Ms. Mariella and Ms. Ruff—"have

---

[3]    Although they have appeared *pro se* in this litigation and others, the Buttons were represented by counsel when they moved to dismiss the Second Amended Complaint in the Nevada Litigation. The motion was denied in full. [Nevada Litigation, ECF Nos. 38, 130].

[4]    The Buttons subsequently lied about that bullying crusade in open court in the Nevada Litigation and while under oath in related restraining order proceedings. [See *id.*, ECF No. 402]. Discovery proved Defendants' denials were false. [*See id.*]

represented Plaintiffs appropriately in every proceeding before the undersigned" and found that "[t]here is no evidence before the Court demonstrating Plaintiffs or their counsel have been deliberately deceptive in an effort to undermine the integrity of the judicial proceedings in this case." [*Id.*, ECF No. 305 at 3–4].

On January 6, 2025, the Buttons moved for summary judgment, which the Nevada plaintiffs opposed. [*See id.*, ECF Nos. 452, 462]. As explained in the Nevada plaintiffs' opposition brief, their claims are amply supported, including by each plaintiff's detailed testimony, "significant documentary evidence—including police reports, therapy records, photographs, contemporaneous communications, [and] restraining orders,"[5] as well as "testimony from eyewitnesses, expert witnesses, and even more victims." [*Id.*, ECF No. 462]. By contrast, the Buttons' defense is little more than bare denials unsupported by evidence. [*See id.*]. The parties' cross-motions for summary judgment remain pending.

## II.    Retaliatory Litigation

Over the last several months, the Buttons have filed at least *seven* meritless lawsuits[6] against the Nevada plaintiffs' family, friends, therapists, *pro bono* counsel, and other supporters, including the instant action. A federal court in the District of New Hampshire recently dismissed one of those lawsuits as a "frivolous and vexatious attempt to intimidate friends and family of the Nevada plaintiffs," concluding that "**even charitably construing the amended complaint**, it fails

---

[5]    For instance, after a full and fair hearing where Nevada plaintiff Sage Humphries testified under oath and was cross-examined by the Buttons' lawyer, a Massachusetts court granted Sage abuse prevention orders against the Buttons and stated that it "fully credited" Sage's allegations and was "satisfied **beyond a reasonable doubt**" that the Buttons' treatment of Sage amounted to abuse. [*Id.*, ECF No. 462-59 at 61:2–62:3 (emphasis added)].

[6]    *Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D.N.H.); *Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al. v. Breshears*, 1:24-cv-03757-MKV (S.D.N.Y.); *Button et al. v. Doherty et al.*, 1:24-cv-5026-JCP-KHP (S.D.N.Y.); *Button et al. v. Humphries et al.,* 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et al. v. Melcher*, 1:24-cv-12632-WGY (D. Mass.).

to plausibly allege the essential elements of any viable claims . . . **the Buttons' claims lack any legal merit**." [*Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D.N.H.), ECF No. 47 at 6, 18 (emphasis added)]. That court emphasized that "[t]he Buttons' bald and conclusory denials" of the Nevada plaintiffs' claims were "wholly insufficient to show that the Nevada litigation is . . . based upon false accusations." [*Id*. at 14]. That court also noted that the Nevada court has "repeatedly rejected" the Buttons' contention that the Nevada plaintiffs' counsel "knowingly filed false and defamatory statements" on behalf of their client, and that the District of New Hampshire was "**not the forum in which to relitigate those judicial findings of fact**." [*Id.* at 16–17 (emphasis added)].

Last month, a federal court in the Southern District of Florida similarly dismissed the Buttons' lawsuit against Sigrid McCawley, who is co-counsel with Ms. Mariella and Ms. Ruff in the Nevada action and one of Boies Schiller Flexner LLP's managing partners. Although the court allowed the Buttons "a final opportunity to amend their Complaint (if they can)," [*Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.), ECF No. 50], the dismissal opinion warned that, "[i]n considering how to amend their complaint, [the Buttons] are reminded that . . . [e]ven *pro se* plaintiffs are subject to sanctions for filing frivolous and vexatious complaints." [*Id.* at 17 (internal citations omitted)].

## III.    Instant Litigation

Here, the Buttons allege that Ms. Mariella and Ms. Ruff conspired with the New York Times to publish a July 29, 2021, article about the Nevada Litigation. [*See* Am. Compl. ¶ 18 n.1 (citing *Julia Jacobs*, *Former Dance Instructor Accused of Sexual Assault in Lawsuit*, THE NEW YORK TIMES (July 29, 2021), https://tinyurl.com/2pdyaj4r)]. The article was not written by Ms. Mariella or Ms. Ruff and does not quote or even reference Ms. Mariella or Ms. Ruff. The only allegation in the Amended Complaint concerning Ms. Mariella and Ms. Ruff with respect to the article is that they purportedly helped schedule interviews for their clients with a New York Times

reporter. [Am. Compl. ¶¶ 66, 293].

The Buttons also allege that Ms. Mariella and Ms. Ruff "possess[] information and documents proving" that the Nevada plaintiffs' claims are "false," and that their statements in various court filings on behalf of their clients are therefore untrue. [Am. Compl. ¶¶ 11, 101, 145, 180, 189, 196, 201, 207, 226, 403–19]. But the Buttons do not specify what "information and documents" purportedly disprove the Nevada plaintiffs' claims.

Nor do the Buttons specifically identify any *extrajudicial* statements by Ms. Ruff or Ms. Mariella that are purportedly false. Instead, the Buttons allege "[u]pon information and belief" that Ms. Mariella and Ms. Ruff (1) made false statements to law enforcement about their clients' claims, [Am. Compl. ¶¶ 91, 183, 197–99]; (2) contacted various "media outlets" stating that the Buttons had been "charged with crimes" and "other young victims" would be "coming forward," [*id.* ¶ 178]; and (3) contacted "employers" of the Buttons stating that the Buttons had been "charged with a crime" and that the Buttons' employers "should no longer work with them," [*id.* ¶ 179]. The Amended Complaint is devoid of any allegations to support these accusations.[7]

## PROCEDURAL HISTORY

On July 29, 2024, the Buttons filed their original complaint asserting claims for defamation, injurious falsehood, tortious interference, intentional infliction of emotional distress (IIED), and conspiracy. [ECF No. 1]. On December 5, 2024, Ms. Mariella and Ms. Ruff submitted a letter requesting a pre-motion conference to address their motion to dismiss. [ECF No. 25]. In that letter, Ms. Mariella and Ms. Ruff argued that all the Buttons' claims were time-barred; that

---

[7]      The Buttons also allege that Ms. Mariella and Ms. Ruff "coerced" the Nevada plaintiffs into joining the Nevada litigation and somehow "caused a convicted felon of 19 years, Anthony Pellicano, to harass the Plaintiffs and break into their home." [Am. Compl. ¶ 176, 182, 209, 323, 406]. These inflammatory allegations are unsupported, categorically untrue, and, in all events, entirely irrelevant to any of the claims they bring.

their claims for injurious falsehood, tortious interference, IIED, and conspiracy were impermissibly duplicative with their claim for defamation; that the Buttons failed to state a claim as a matter of law, including because they failed to allege a single statement concerning the Buttons attributable to Ms. Mariella or Ms. Ruff; and that the Buttons engaged in impermissible group pleading. [ECF No. 25]. On January 24, 2025, the Buttons filed an Amended Complaint which removed their claims for defamation and IIED and added claims for fraud and negligent infliction of emotional distress (NIED). [*See* Am. Compl.].

## LEGAL STANDARD

To survive a motion to dismiss based on Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions are not entitled to any assumption of truth, nor are mere recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. When the claims in a complaint have not crossed the line from "conceivable to plausible," the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## ARGUMENT[8]

### I.    The Buttons' Claims for Injurious Falsehood, Tortious Interference, and Civil Conspiracy are Time-Barred.

Three of the five claims asserted against Ms. Mariella and Ms. Ruff are time-barred. A one-year statute of limitations applies to the Buttons' claim for injurious falsehood. N.Y. C.P.L.R. 215(3); *Verschleiser v. Frydman*, 2023 WL 5835031, at \*9 (S.D.N.Y. Sept. 7, 2023). Further, the Buttons' claims for tortious interference and conspiracy sound in defamation. [*See* Am. Compl. ¶

---

[8]    Ms. Mariella and Ms. Ruff incorporate by reference all arguments made by their co-Defendants to the extent they are applicable here.

319 (alleging Defendants committed tortious interference by making "false and defamatory" statements); ¶ 379 (alleging Defendants conspired to "defam[e]" the Buttons)]. Accordingly, a one-year statute of limitations applies to those claims as well. *See Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 225 (S.D.N.Y. 2013) (tortious interference claims "sound[ed] in defamation" and were subject to one-year limitations period where "the gravamen of these claims" is that "false statements injured the plaintiffs . . . professional reputation"); *Scholes v. Am. Kennel Club, Inc.*, 1999 WL 799532, at *6 (S.D.N.Y. Oct. 7, 1999) ("[C]ivil conspiracy is not an independent tort" and "cannot extend the statute of limitations of the underlying torts"). "It is well-settled in New York that a plaintiff cannot save an untimely defamation claim by fashioning the claim under some other rubric, thereby to avail himself of a longer limitations period." *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009); *see, e.g.*, *Beter v. Murdoch*, 2018 WL 3323162, at *7 (S.D.N.Y. June 22, 2018) (holding that when a claim involves allegedly "defamatory statements" and "seek[s] damages for injury to reputation," the "one-year limitations period" applies regardless "of the terms in which a cause of action may be cast").

According to the Amended Complaint, Ms. Mariella's and Ms. Ruff's alleged conduct all occurred on or before July 29, 2021, when the New York Times article was published, and July 28, 2021, when the Nevada lawsuit was filed. [*See, e.g.*, Am. Compl. ¶¶ 293, 298, 320, 329, 391]. But the Buttons did not file the instant lawsuit until July 29, 2024—*two years* after the one-year statute of limitations period ran. [ECF No. 1]. The Buttons' claims for injurious falsehood, tortious interference, and conspiracy are therefore time-barred and must be dismissed.

The Buttons' facially deficient allegations of equitable tolling and estoppel cannot save their time-barred claims. The Buttons bear the burden of alleging facts sufficient to invoke these doctrines. *See, e.g.*, *In re Columbia Coll. Rankings Action*, 2024 WL 1312511, at *13 (S.D.N.Y.

8

Mar. 26, 2024) (sufficient facts "justifying application of equitable tolling must be pled in the complaint" or the doctrine "cannot be raised"). Courts routinely reject allegations of equitable tolling and estoppel at the motion to dismiss stage where, as here, the inapplicability of those doctrines is apparent from the face of the complaint. *See, e.g., Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) ("[W]ithout adequate pleading, [equitable estoppel] is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations").

Both doctrines are extraordinary remedies that apply "only under exceptional circumstances." *See Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601, 616 (S.D.N.Y. 2021), *aff'd*, 2022 WL 211702 (2d Cir. Jan. 25, 2022); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Here, the Buttons allege that they failed to timely file suit because they were "afraid" of Ms. Mariella and Ms. Ruff's "legal reach and internal networking," "believe[ed] they would not be successful," and knew filing this lawsuit would put them at risk of "sanctions." [*See* Am. Compl. ¶¶ 12, 170, 267, 270, 314]. Put simply, these allegations do not remotely amount to the "misrepresentations" or "fraud," *Abercrombie*, 438 F. Supp. 2d at 266, "specifically directed at preventing the plaintiff from bringing suit," *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y.), *aff'd*, 579 F. App'x 7 (2d Cir. 2014), necessary to invoke equitable estoppel. The Buttons' assertions that they "could not afford to file claims" and experienced "trauma" [Am. Compl. ¶¶ 313, 263] are also plainly insufficient to toll the statutes of limitation. *See, e.g., Springs v. Bd. of Educ.*, 2010 WL 4068712, at *3 (S.D.N.Y. Oct. 14, 2010) ("[A]llegations of depression and anxiety" are "too vague to support a finding of extraordinary circumstances that would warrant equitable tolling"); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 322 (S.D.N.Y. 2016) (stating that "[a] plaintiff[']s limited financial means and inability to afford a lawyer are not 'extraordinary circumstances' that support equitably tolling the limitations period."). Indeed, the Buttons' have

been defending themselves and actively litigating counterclaims in the Nevada Litigation for years, leaving no doubt about their "ability to pursue" their "legal rights during the relevant period." *Tsai v. Rockefeller Univ.*, 2002 WL 237843, at *5 (S.D.N.Y. Feb. 15, 2002).

## II.    The Buttons Fail to State a Claim as a Matter of Law.

The Buttons also fail to state a claim as a matter of law because all five claims are based on privileged statements and are not pled with the requisite specificity. As to the injurious falsehood claim, the Buttons fail to allege a *single* nonprivileged statement about the Buttons that is attributable to Ms. Mariella or Ms. Ruff, much less a statement denigrating the quality of the Buttons' goods or services. As to the NIED claim, the Buttons do not—and cannot—allege any duty owed to them by Ms. Mariella or Ms. Ruff, who are adverse to the Buttons in multiple lawsuits across the country. As to the tortious interference claim, the Buttons fail to allege that Ms. Mariella and Ms. Ruff's *pro bono* representation of their clients amounts to some crime or an independent tort. As to the fraud claim, where, as here, a plaintiff alleges that a lawsuit was brought in bad faith based on false allegations, a fraud claim is unavailable and the proper remedy is instead a motion for sanctions (which the Buttons have already pursued, and lost, multiple times.) Finally, because the Buttons' underlying tort claims all fail, their conspiracy claim fails with them.

### A.    The Buttons' Claims Should De Dismissed Because They Impermissibly Seek to Impose Liability for Privileged Statements.

All five of the Buttons' claims fail because they arise from alleged statements that are privileged and cannot give rise to civil liability. The thrust of the Buttons' claims against Ms. Mariella and Ms. Ruff is that statements that they made on behalf of their clients in court filings—including in the Nevada Complaint—are false. [*See, e.g.*, Am. Compl. ¶¶ 101, 145, 180, 189, 196, 201, 207, 226, 405–17]. But it is well-settled that "statements made in the course of legal proceedings are absolutely privileged if pertinent to the litigation" and "may not be the basis for a

tort claim." *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 48 (S.D.N.Y. 2015), *aff'd in part,* 632 F. App'x 637 (2d Cir. 2015); *Collins v. Travers Fine Jewels Inc.*, 2017 WL 1184305, at *3 (S.D.N.Y. Mar. 29, 2017) (dismissing defamation claim in light of the "absolute privilege afforded to judicial documents"); *Capsolas v. Pasta Res., Inc.*, 2013 WL 703670, at *2 (S.D.N.Y. Feb. 26, 2013) ("Judicial proceedings are among the settings in which an absolute privilege is recognized, and a statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation").

Similarly, Ms. Mariella's and Ms. Ruff's alleged statements to law enforcement—which are pled without detail and only upon information and belief—are subject to a qualified privilege. [Am. Compl. ¶¶ 91, 183, 197–99]. *See, e.g.*, *Sagaille v. Carrega*, 143 N.Y.S.3d 36, 39–40 (N.Y. App. Div. 2021) (sexual assault victim's complaint to police protected by qualified privilege doctrine in the absence of factual allegations to demonstrate victim made statements solely out of malice); *Zapata v. Tufenkjian*, 998 N.Y.S.2d 435, 437 (N.Y. App. Div. 2014) ("[A]ny alleged defamatory statements the defendants may have made to police officers were privileged, and thus, non-actionable"); *Present v. Avon Prods., Inc.*, 687 N.Y.S.2d 330, 334 (N.Y. App. Div. 1999) (noting a "qualified privilege also extends to reports to the police or the District Attorney's office about another's suspected crimes"). Unlike the absolute judicial-proceedings privilege which applies even where malice is present, this qualified privilege can be overcome by a showing of actual malice, but no actual malice is alleged here, as discussed further *infra*.

Therefore, all the Buttons' claims must be dismissed with prejudice because they are based on statements that are privileged and cannot give rise to civil liability. *See, e.g.*, *Wellsville Manor, LLC v. Campbell*, 2020 WL 7180987, at *5 (W.D.N.Y. Dec. 7, 2020) (dismissing injurious falsehood claim where "the statements on which it relies . . . are privileged"); *Brady v. Calyon Sec.*

*(USA)*, 2007 WL 4440926, at *19 (S.D.N.Y. Dec. 17, 2007) (granting summary judgment on tortious interference claim where alleged statements were protected by absolute privilege); *Jones v. SmithKlineBeecham*, 2007 WL 2362354, at *3–4 (N.D.N.Y. Aug. 14, 2007) (dismissing NIED claim pursuant to judicial-proceedings privilege).

### B. Any Claims Based on Supposed Extra-Judicial Statements Are Impermissibly Vague and Conclusory.

To the extent the Buttons seek to press claims against Ms. Mariella and Ms. Ruff based on supposed extrajudicial, non-privileged statements, their claims fail because no such statements are pled with the requisite specificity. The only specific statements in the Amended Complaint that are attributed to Ms. Mariella or Ms. Ruff are those contained in their judicial filings, which are absolutely privileged. The Complaint does not identify a single non-privileged statement attributable to Ms. Mariella or Ms. Ruff—false or otherwise—that could give rise to a claim.

For instance, it is undisputed that the New York Times article, [https://tinyurl.com/2pdyaj4r], contains no statements attributable to Ms. Mariella or Ms. Ruff. While the Buttons allege "[u]pon information and belief" that Ms. Mariella and Ms. Ruff made some unidentified extrajudicial statements to law enforcement, the "media," and the Buttons' "employers," [*see* Am. Compl. ¶¶ 83, 91, 178–79, 183, 197–99], such vague, conclusory allegations are wholly insufficient to state a claim under any of the five counts in the Complaint. *See BCRE 230 Riverside LLC v. Fuchs*, 874 N.Y.S.2d 34, 36 (N.Y. App. Div. 2009).

As to injurious falsehood, New York law requires that a plaintiff allege the actual words the defendants spoke, which the Buttons have not done here. *See, e.g.*, *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (affirming dismissal of *pro se* plaintiff's injurious falsehood claim where she did not "adequately plead the actual words spoken"); *Nordco, A.S. v. Ledes*, 1999 WL 1243883, at *7 (S.D.N.Y. Dec. 21, 1999) (dismissing injurious falsehood

counterclaim that failed "to allege the specific words used by the counter-defendant").

The Buttons' allegations are also insufficient to state a claim for fraud, which must be pled with particularity. *U.S. ex rel Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 336 (W.D.N.Y. 1998) (holding that identifying "the general substance of [] allegedly false statements" is not enough to plead fraud with particularity). Likewise, these allegations are insufficient to state claims for tortious interference, NIED, or conspiracy, none of which can be based on vague or conclusory assertions. *Selvam v. United States*, 570 F. Supp. 3d 29, 50 (E.D.N.Y. 2021), *aff'd*, 2022 WL 6589550 (2d Cir. Oct. 11, 2022) ("[Plaintiff's] conclusory pleadings do not sustain a NIED claim"); *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227 (S.D.N.Y. 2013) ("[C]onclusory allegations of interference" are "insufficient to plead tortious interference"); *Fisk v. Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y. 2006) ("[D]iffuse and expansive allegations [of conspiracy] are insufficient, unless amplified by specific instances of misconduct").[9]

### C.  The Buttons Fail to State a Claim for Injurious Falsehood.

The Buttons' injurious falsehood claims also fails as a matter of law. To state this claim, a plaintiff must allege: "(1) falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages." *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,

---

[9]    Because they are not alleged with specificity, it is impossible to know the supposed substance of any extrajudicial statements that the Buttons claims occurred. However, to the extent those alleged statements conveyed their clients' claims to third parties, they are themselves protected under New York law. *See* N.Y. Civ. Rights Law § 74 ("A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding."); *See, e.g.*, *Silver v. Kuehbeck*, 2005 WL 2990642, at *16 (S.D.N.Y. Nov. 7, 2005) (dismissing defamation claim based on statement in article because, although plaintiff contended that defendant's statement contained inaccuracies, "in view of the entire article in which [defendant's] statement appeared," defendant's statement "was a substantially accurate account of his client's position in the litigation"); *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, 2009 WL 4547792, at *17 (E.D.N.Y. Dec. 1, 2009) (holding that an attorney's statement to Newsday that suggested defendants were involved in the black market was protected by § 74 because it did not imply that the defendants "engaged in any misconduct other than that already alleged in the complaint").

2013 WL 417406, at *16 (S.D.N.Y. Feb. 4, 2013). An injurious falsehood claim lies only where the statement "is confined to denigrating the quality of the plaintiff's businesses' good or services," *id.*, and it must "adequately plead the actual words spoken." *Bobal*, 916 F.2d at 763. The Amended Complaint fails to meet these standards.

Even if the Buttons did specifically identify some nonprivileged statement attributable to Ms. Mariella or Ms. Ruff (they do not), their claim would fail because the Buttons allege no statement "denigrating the quality of [the Buttons'] goods or services," which is an element of an injurious falsehood claim. *N. Am. Olive Oil Assoc. v. D'Avolio Inc.*, 457 F. Supp. 3d 207, 231 (E.D.N.Y. 2020). Courts routinely dismiss injurious falsehood claims where, as here, the relevant statements "did not concern the quality of [plaintiffs'] goods or services" but instead "concerned [plaintiffs'] general reputation." *Id.*; *see, e.g.*, *Pasternack v. Lab'y Corp. of Am.*, 2014 WL 4832299, at *20 (S.D.N.Y. Sept. 29, 2014), *aff'd*, 839 F.3d 151 (2d Cir. 2016) (statements describing "the personal behavior" of defendant insufficient "even if these statements had a downstream impact on [defendant's] ability to work . . . this does not transform them into statements about the quality of his services"); *Pitcock v. Kasowitz, Benson, Torres & Friedman, LLP*, 2010 WL 2519631, at *9 (N.Y. Sup. Ct. May 28, 2010) (dismissing injurious falsehood claim where the statements related defendant's "pattern of sexual harassment" rather than the "quality of a party's goods or services").

The Buttons' claim for injurious falsehood fails for the additional reason that the Buttons fail to plead special damages, much less with "specificity." *Daniels v. St. Luke's-Roosevelt Hosp. Center*, 2003 WL 22410623, at *7 (S.D.N.Y. Oct. 21, 2003); *see Wilson v. Tarricone*, 2013 WL 12084504, at *6 (S.D.N.Y. Sept. 26, 2013) ("[T]he requirement of pleading and proving special damages . . . is applied strictly"). In pleading special damages, actual losses must be identified and

causally related to the alleged tortious act." *Zaret v. Bonsey*, 2023 WL 6317956, at *3–4 (S.D.N.Y. Sept. 28. 2023) (dismissing injurious falsehood claim for failure to plead special damages where an "approximation" that damages were "in the '$9-to $10 million range'" was insufficient both because plaintiffs cannot "plead a round number untethered to an offer" and because plaintiff did not allege how the loss was the "natural and immediate consequence" of defendant's statements) (citation omitted). The Amended Complaint contains no such allegations, so the Buttons' injurious falsehood claim must be dismissed. *See, e.g.*, *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002) ("[T]he individuals who ceased to be customers, or who refused to purchase, must be named and the exact damages itemized") (citation omitted); *Abadi v. Am. Airlines, Inc.*, 2024 WL 1346437, at *49 (S.D.N.Y. Mar. 29, 2024) (dismissing plaintiff's claim for injurious falsehood where plaintiff "[did] not plead special damages").

### D. The Buttons Fail to State A Claim for Negligent Infliction of Emotional Distress.[10]

The Buttons' claim for NIED also fails as a matter of law. A plaintiff may establish a claim for NIED under New York law "under a bystander theory or a direct duty theory." *Karcz v. City of N. Tonawanda, New York*, 2023 WL 2654210, at *4 (W.D.N.Y. Feb. 24, 2023), *report and recommendation adopted*, 2023 WL 2652486 (W.D.N.Y. Mar. 27, 2023). Under a bystander theory, the Buttons would need to allege they were "threatened with physical harm" and "suffered emotional injury from witnessing the death or serious bodily injury of a member of [their] immediate family." *Id.* No such circumstances are alleged here. Under a direct duty theory, the Buttons would need to "plausibly allege that [they] suffered emotional injury from defendant's

---

[10]    The claims for NIED, tortious interference, fraud, and conspiracy are also impermissibly duplicative with the injurious falsehood claims, as all these claims seek to recover for the same alleged harm to the Buttons' reputations. *See, e.g.*, *Hengiun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (dismissing plaintiff's additional tort claims as "duplicative of his defamation claim" as the claims were based on the same alleged "false statements").

breach of a duty which unreasonably endangered [their] own physical safety." *Id.* "The duty in such cases must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996). In other words, the Complaint must allege a "special duty" owed to the Buttons by Ms. Mariella or Ms. Ruff. *Corley v. Vance*, 2019 WL 3841939, at *8 (S.D.N.Y. Aug. 15, 2019). The Amended Complaint fails to meet these standards as well.

*First*, far from owing a "special duty," Ms. Mariella and Ms. Ruff owe no duties to the Buttons, to whom they are adverse in multiple litigations across the country. *See, e.g.*, *Aglira v. Julien & Schlesinger, P.C.*, 631 N.Y.S2d 816, 819 (N.Y. App. Div. 1995) ("An attorney does not owe a duty of care to his adversary or one with whom he is not in privity.").

*Second*, the Buttons do not allege sufficient injury to give rise to a NIED claim. A NIED claim "must demonstrate plaintiff was 'put in fear of his [or her] personal safety as a result of a traumatic event.'" *Bellasalma v. Colton RV, LLC*, 2023 WL 6319773, at *12 (W.D.N.Y. July 19, 2023), *report and recommendation adopted*, 2023 WL 6318733 (W.D.N.Y. Sept. 28, 2023). The Buttons' bare allegation that they suffered harm to their "mental well-being" is plainly insufficient. [Am. Compl. ¶ 364]. *See, e.g.*, *Jones v. Grisanti*, 2024 WL 3415361, at *14 (W.D.N.Y. July 15, 2024) (noting that New York courts have recognized a cause of action for NIED only in cases involving "physical danger" or distinct kinds of emotional harm, such as that caused by the "mishandling of a corpse"); *M.V. v. State*, 186 N.Y.S.3d 785, 795 (N.Y. Ct. Cl. 2022) ("The exceptional circumstances in which a claim for [NIED] may be asserted without physical injury are extremely limited.") (collecting cases).

*Third*, the Buttons specifically allege that Ms. Mariella and Ms. Ruff acted "intentionally," [Am. Compl. ¶¶ 360, 374], rather than negligently, so their allegations fall "outside the ambit of

actionable negligence." *Chai v. New York University*, 2024 WL 4042468, at *11 (S.D.N.Y. Sept. 4, 2024) (Vyskocil, J.); *see, e.g.*, *Chau v. Donovan*, 357 F. Supp. 3d 276, 290 (S.D.N.Y. 2019) ("[B]ecause the actions alleged here were intentional and deliberate and allegedly in their nature offensive, they are outside the ambit of actionable negligence"). In the Amended Complaint, the Buttons changed their previously asserted claim for IIED to one for NIED, in an apparent attempt to plead around the one-year statute of limitations applicable to intentional torts. But "New York Courts have rejected uniformly [] attempts to transmogrify intentional torts into 'negligence.'" *Wahlstrom v. Metro-N. Commuter R. Co.*, 89 F. Supp. 2d 506, 532 (S.D.N.Y. 2000).

### E.  The Buttons Fail to State a Claim for Tortious Interference.

The Buttons' tortious interference claims also fail. A tortious interference claim must allege (1) there was an existing "business relationship between the plaintiff and a third party;" (2) the defendant knew of and "intentionally interfere[d] with it;" (3) the defendant acted with improper purpose or means; and (4) "the relationship is injured" as a result. *Goldhirsh Grp., Inc. v. Alpert*, 107 F.3d 105, 108–09 (2d Cir. 1997). The Amended Complaint does not plead these elements.

*First*, and most fundamentally, a lawyer's ordinary course prosecution of a lawsuit on behalf of clients does not come close to the kind of "wrongful means" that this tort covers. "[T]he 'wrongful means' element sets a high bar" and requires that a plaintiff show "as a general rule that the defendant's conduct amounted to a crime or an independent tort." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015); *see, e.g.*, *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 105 (2d Cir. 2012). The Buttons' suggestion that Ms. Mariella's and Ms. Ruff's *pro bono* representation of the Nevada plaintiffs in a case of public significance somehow amounts to such "wrongful" conduct has no basis in law, particularly given that the lawsuit has survived multiple motions to dismiss and multiple motions for sanctions. *See, e.g.*, *Semple v. Eyeblaster, Inc.*, 2009 WL 2709281, at *4 (S.D.N.Y. Aug. 27, 2009) ("[T]hreats [of

civil litigation] cannot form the basis of a tortious interference with business relations claim unless the claim is patently frivolous."); *Lotes Co. v. Hon Hai Precision Indus. Co.*, 63 N.Y.S.3d 328, 331 (N.Y. App. Div. 2017) ("Since plaintiff has not alleged and cannot show that defendant's threats of civil suit were frivolous, it cannot establish the 'wrongful means' element").

Moreover, "'conduct constituting tortious interference with business relations is, by definition, conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship.'" *Arnon Ltd v. Beierwaltes*, 3 N.Y.S.3d 31, 33 (N.Y. App. Div. 2015) (quoting *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 192 (2004)). Accordingly, the Nevada lawsuit cannot form the basis of a tortious interference claim because it was directed *at the Buttons* to seek damages for the harm they caused their victims—it was "not directed at the [Buttons'] customers so as to induce or cause them to terminate business relations with [the Buttons]." *Id.* (dismissing tortious interference counterclaim where the wrongful conduct, an allegedly frivolous lawsuit, was not directed at a business's customers, but instead directed at the business to prevent it from selling to prospective customers); *see, e.g.*, *Toussie v. Allstate Ins. Co.*, 2019 WL 2435852, at *18 (E.D.N.Y. Feb. 6, 2019) (dismissing tortious interference claim where defendants actions in a separate lawsuit did not constitute "directed conduct toward a third party").

*Second*, the Buttons fail to allege a "*specific* existing business relationship" with which Ms. Mariella or Ms. Ruff allegedly interfered. *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 369 (S.D.N.Y. 2012) (emphasis in original). While the Amended Complaint identifies a long list of affiliates and sponsors with whom the Buttons allegedly worked at some unspecified point in time, [Am. Compl. ¶ 239], the Buttons allege no concrete, crystallized business opportunity that they lost as a result of Ms. Mariella's or Ms. Ruff's purported statements.

*Third*, the Buttons fail to allege that Ms. Mariella or Ms. Ruff "*proximate[ly] caused*" the

Buttons to lose any opportunity. *Pride Techs., LLC v. Khublall*, 2022 WL 17587755, at \*1 (2d Cir Dec. 13 2022). None of the Buttons' alleged communications with their employers, sponsors, or affiliates makes any reference to Ms. Mariella or Ms. Ruff. Quite the opposite, the Amended Complaint includes screenshots which state, for example, that one affiliate ended her relationship with the Buttons because "some concerned parents [came] forward with some social media posts." [Am. Compl. ¶ 221]. The Buttons' tortious interference claims therefore fails for failure to allege causation. *See, e.g.*, *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004) (a party cannot "prevail on their tortious interference [claim] unless they demonstrate . . . that the wrongful acts were the proximate cause of the rejection of the proposed contractual relations").

### F. The Buttons Fail to State a Claim for Fraud.

The Buttons' fraud claim also fails as a matter of law. Under New York law, the elements of fraud "require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 478 F. App'x 679, 681 (2d Cir. 2012). The Buttons do not even attempt to plead any of these elements, instead alleging only that Ms. Mariella and Ms. Ruff "lied" to courts about their clients' claims. [Am. Compl. ¶¶ 403–19].

Where, as here, a claim is based on the allegation that a defendant "fil[ed] [] a lawsuit in bad faith, with knowledge that the complaint contained false statements," a fraud claim is unavailable and "must be dismissed." *Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 659 (S.D.N.Y. 2007). Instead, "[t]he appropriate remedy for such a violation … would be a motion for sanctions." *Id.*; *see, e.g.*, *Papworth v. Steel Hector & Davis*, 2007 WL 2903944, at \*12 (N.D.N.Y. Sept. 30, 2007) ("To the extent that plaintiff is attempting to base his fraud claim … on the filing of a lawsuit in bad faith, with knowledge that [the] complaint contained false statements

… [t]he appropriate remedy for such a violation . . . would be a motion for sanctions in the [] court where the action is venued"). The Buttons have pursued this remedy, and lost, multiple times. [*See* Nevada Litigation, ECF Nos. 220, 305, 327, 360]. As the District of New Hampshire court observed in a related litigation, this is "not the forum in which to relitigate those judicial findings of fact." [*Button et al. v. Roe et al.*, 1:24-cv-00220-SM-AJ (D.N.H.), ECF No. 47 at 17].[11]

*Second*, the Buttons fail to plead fraud with the requisite particularity. Fed. R. Civ. P. 9(b). For example, the Buttons allege that Ms. Mariella and Ms. Ruff "possessed evidence . . . that proved their clients were lying," but they do not—and cannot—allege what that evidence is. [Am. Compl. ¶ 409]. It is unsurprising that the Buttons deny the heinous conduct of which they are accused, but their bare denials—no matter how vehement—are not enough to allege fraud with particularity. *See, e.g.*, *Seldon v. Bernstein*, 503 F. App'x 32, 33 (2d Cir. 2012) (affirming dismissal of *pro se* plaintiff's claim for fraud against an attorney who represented opposing party in a former lawsuit, stating that "[plaintiff's] conclusory allegations of fraud … fail to state a claim"); *Yu v. Dreyer's Grand Ice Cream, Inc.*, 592 F. Supp. 3d 146, 164 (S.D.N.Y. 2022) (holding that the complaint must "state with particularity the circumstances constituting fraud" including "explain[ing] why the statements were fraudulent") (citation omitted).

*Third*, the Buttons make no attempt to plead detrimental reliance. Since "all of the alleged 'misrepresentations' appeared in legal papers in the course of adversary litigation; they were not statements made by [Ms. Mariella or Ms. Ruff] upon which [the Buttons] relied or changed [their]

---

[11]      *See, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 47 (2d Cir. 2012) ("Under New York Law, issue preclusion occurs where '(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding.'"); *In re Ng*, 584 B.R. 463, 471 (Bankr. E.D.N.Y. 2018) (holding res judicata precluded trustee from seeking sanctions where sanctions motion was based on the same five statements that were the subject of another sanctions motion filed in a separate case).

position in reliance thereon." *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 3995 (S.D.N.Y. 2000) (dismissing fraud claim for failure to allege detrimental reliance); *see, e.g.*, *Nineteen New York Props. Ltd. P'ship v. 535 5th Operating Inc., et al.*, 621 N.Y.S.2d 42, 43 (N.Y. App. Div. 1995) ("The only fraud alleged is with respect to statements made in the complaint and in support of plaintiff's motion; there could be no detrimental reliance on such statements."); *Brownstone*, 468 F. Supp. 2d at 659 (holding that the plaintiff cannot meet the reliance prong when "the alleged misrepresentation occurred in the course of this litigation").

### G. The Buttons' Civil Conspiracy Claim Fails on the Merits.

The Buttons' conspiracy claims must also be dismissed. To state a claim for civil conspiracy, "the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement." *Brainbuilders LLC v. EmblemHealth, Inc.*, 2022 WL 3156179, at *10 (S.D.N.Y. Aug. 8, 2022) (cleaned up).

*First*, New York does not recognize conspiracy as a standalone tort. Because the Buttons' other claims fail, their conspiracy claim fails with them. *Idema v. Wagner*, 120 F. Supp. 2d 361, 369–70 (S.D.N.Y. 2000); *Williams v. Williams*, 53 N.Y.S.3d 152, 153 (N.Y. App. Div. 2017).

*Second*, the Buttons allege no "specific agreement" among Defendants, let alone any "overt action" by Ms. Mariella or Ms. Ruff. *Donini Int'l, S.p.A. v. Satec (U.S.A.) LLC*, 2004 WL 1574645, at *4 (S.D.N.Y. July 13, 2004). At best, the Buttons allege that Ms. Mariella and Ms. Ruff "conspired to defame" the Buttons by arranging interviews among their clients and a New York Times reporter. [Am. Compl. ¶¶ 66, 293, 379]. The mere allegation that Ms. Mariella and Ms. Ruff had some logistical, scheduling function is wholly insufficient to "meet the in-furtherance-of requirement at the heart of a conspiracy claim." *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 82 (2d Cir. 2023); *see, e.g.*, *Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015), *aff'd*, 821 F.3d 349 (2d Cir. 2016) (dismissing for plaintiff's failure to

"allege facts indicating that an overt act was done in furtherance of an agreement to commit unlawful acts").

*Third*, the New York Times article is not defamatory and cannot form the predicate for a conspiracy to defame claim. As a threshold matter, any underlying claim for defamation based on the New York Times article would be time-barred, since defamation is subject to a one-year statute of limitations. N.Y. C.P.L.R. 215(3). Further, the article is privileged under New York Civil Rights Law § 74. *See supra*, n.9; *see also, e.g.*, *Kinsey v. New York Times Co*., 991 F.3d 171, 179 (2d Cir. 2021) (article came within privilege where it "note[d] that it is reporting on a specific court proceeding"). Additionally, the Buttons fail to allege the article was published with actual malice—that is, with knowledge of its falsity or reckless disregard for its truth. *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 173–74 (2d Cir. 2001).

There is no doubt that by their own allegations, the Buttons are public figures who must plead actual malice. *See Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015). The Complaint details how the Buttons intentionally monetized their publicity—so much so that they managed to live off their name and likeness alone. [Am. Compl. ¶¶ 55; *see id.* ¶¶ 45–49 (describing Dusty's fame); ¶¶ 51–53 (describing Taylor's fame)]. The Buttons thus plead themselves into public figure status. *See, e.g.*, *Huizenga v. NYP Holdings, Inc.*, 2019 WL 1620743, at *2 n.1 (S.D.N.Y. Apr. 16, 2019) (dismissing defamation claim and stating that a court may find public figure status based on a party's "own characterization of himself"); *Baiul v. Disson*, 607 F. App'x 18, 20 (2d Cir. 2015) (holding plaintiff was a public figure based on her self-characterization as "a superstar in the world of figure skating" and a "global entertainer"); *Maule v. NYM Corp.*, 429 N.E.2d 416, 417 (N.Y.

1981) (holding plaintiff was public figure based on his "candid admissions").[12] In fact, in the lawsuit against Sigrid McCawley, the court squarely held that "the Buttons are public figures from the face of the Complaint" based on nearly identical allegations. [*Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.), ECF No. 50 at 14].

Given the Buttons' public figure status, the Buttons must plead actual malice to state a claim for defamation. The actual malice standard is "subjective," and focuses on whether the speaker "entertain[ed] 'subjective doubts about the truth of the publication.'" *Bloom v. A360 Media LLC*, 2024 WL 2812905, at *3 (S.D.N.Y. June 3, 2024) (citation omitted). The Buttons fail to meet the "high bar" to allege actual malice here. *McDougal v. Fox News Network, LLC*, 489 F. Supp. 3d 174, 185 (S.D.N.Y. 2020). Indeed, the Buttons allege zero facts beyond their bare denials indicating Defendants knew or should have known that anything in the article was false. *See, e.g.*, *Biro*, 807 F.3d at 546–47 (affirming dismissal of defamation claim where plaintiff failed to allege actual malice); *Prince v. Intercept*, 634 F. Supp. 3d 114, 141 (S.D.N.Y. 2022) (same).

In short, because the Buttons fail to set forth sufficient facts to allege the New York Times article is defamatory, and any underlying claim for defamation would be time-barred in any event, the Buttons fail to state a claim for conspiracy to defame. *See Filler v. Hanvit Bank*, 156 F. App'x. 413, 418 (2d Cir. 2005) ("A claim of conspiracy cannot stand alone and must be dismissed if the

---

[12]    Courts routinely conclude plaintiffs are public figures in analogous circumstances. *See, e.g.*, *Fine v. ESPN, Inc.*, 2016 WL 6605107, at *9-11 (N.D.N.Y. Mar. 25, 2016) (holding wife of a basketball coach was a limited purpose public figure as to statements that her husband molested former ball boys); *Brewer v. Memphis Pub. Co.*, 626 F.2d 1238, 1257, 1254 (5th Cir. 1980) (holding wife who "gained media exposure and fame through her career and her romantic relationship" with entertainer, and her husband, former professional athlete, were public figures because "[b]oth entered professions that by their nature require public appearances and invite press attention"); *Lane v. Phares*, 544 S.W.3d 881, 890–91 (Tex. Ct. App. 2018) ("Lane simply cannot sing her national and international renown on her website and the UNT faculty page, stand by those statements in her affidavit, and then claim she has no public presence.").

underlying independent tort has not been adequately pleaded."); *LaPorte v. Greenwich House*, 2010 WL 1779342, at *8 (S.D.N.Y. Apr. 26, 2010) ("[T]he dismissal of the plaintiff's defamation claims mandates dismissal of the cause of action sounding in conspiracy to defame").

### H.  The Buttons Engage in Impermissible Group Pleading.

A final reason that the Complaint must be dismissed is that the Buttons engage in "impermissible group pleading" by "generally attribut[ing] misconduct to the 'Defendants' collectively," while failing to "differentiate between the [multiple] defendants." *TheECheck.com, LLC v. NEMC Fin. Servs. Grp. Inc*., 2017 WL 2627912, at *2 (S.D.N.Y. June 16, 2017). A complaint—even a *pro se* complaint—fails to satisfy federal pleading standards when it "fail[s] to identify which defendants were alleged to be responsible for which alleged violations," or "lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct." *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing *pro se* complaint); *see also Calderon v. Annucci*, 2020 WL 13801789, at *4 (N.D.N.Y. Sept. 8, 2020) (claim was "not sufficiently stated" where *pro se* complaint "alleges that a group of individuals took action against plaintiff without specifying each individual's conduct during the event").

Here, the Complaint consistently refers to the defendants collectively and as an undifferentiated group, without distinguishing between individuals. [*See* Am. Compl. ¶¶ 103, 229, 233, 247, 261, 306, 329, 338, 343, 374, 394]. The Buttons' claims should be dismissed for this reason alone. *See Atuahene*, 10 F. App'x at 34 (holding "district court did not abuse its discretion in dismissing the complaint" due to impermissible group pleading).

### III.  The Claims Against Ms. Mariella and Ms. Ruff Should Be Dismissed with Prejudice.

The Amended Complaint should be dismissed with prejudice. Dismissal with prejudice is appropriate where, as here, the deficiencies in the pleading "are incurable." *Kling v. World Health Org*., 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021); *see, e.g.*, *Owoyemi v. Credit Corp Sols. Inc*., 596

F. Supp. 3d 514, 521 (S.D.N.Y. 2022) (noting that, even in the case of *pro se* plaintiffs, "[d]ismissal with prejudice is appropriate" where "amendment would be futile") (cleaned up).

Further, the Buttons have already had the opportunity to amend their complaint after having had the benefit of reviewing Ms. Mariella's and Ms. Ruff's pre-motion letter, [ECF No. 25], and the Amended Complaint fares no better. *See Abascal v. Hilton*, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008), *aff'd sub nom. Abascal v. Jarkos*, 357 F. App'x 388 (2d Cir. 2009) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."); *Ouderkirk v. United States*, 2018 WL 1768278, at *1 (N.D.N.Y. Apr. 12, 2018) ("Given the Court's doubt that an opportunity to file a second amended complaint will prove meaningful, the Court dismisses this action with prejudice."). The Court expressly warned the Buttons that this would be their "last opportunity to amend the complaint in response to arguments raised in the parties' pre-motion letters." [ECF No. 32 at 1].

Dismissal with prejudice is particularly appropriate under the unique circumstances of this case. The Buttons filed the instant lawsuit in connection with *six* other lawsuits that they filed against the Nevada plaintiffs' loved ones, in a transparent attempt to retaliate against the Nevada plaintiffs and deter their supporters from testifying in the Nevada Litigation. The Buttons have engaged in on-the-record misconduct in at least two different federal courts, have abused the courts' scarce resources with frivolous lawsuits that were brought for an improper purpose, and they should not be permitted to waste more of this Court's time with their baseless claims.

## CONCLUSION

Defendants Sabina Mariella and Lindsey Ruff respectfully request that the Court dismiss the Buttons' claims against them with prejudice.

Dated: February 7, 2025

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Eric Brenner*
Eric J. Brenner
Peter M. Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
ebrenner@bsfllp.com
pskinner@bsfllp.com

*Attorneys for Defendants Lindsey Ruff and Sabina Mariella*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing was served on February 7, 2025, via the Court's CM/ECF electronic-filing system addressed to all parties on the e-service list.

*/s/ Eric Brenner*
Eric Brenner