**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DUSTY BUTTON AND MITCHELL TAYLOR BUTTON,

                    Plaintiffs,

          v.

THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL, and DAVID MCCRAW,

                    Defendants.

Case No.: 1:24-cv-5888-MKV

Hon. Mary Kay Vyskocil

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT DAWN SCHNEIDER'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ............................................................................ 1

**BACKGROUND** ............................................................................................ 2

**LEGAL STANDARD** ..................................................................................... 4

**Argument** .................................................................................................... 5

    I.  Plaintiffs Engage in Impermissible Group Pleading. ........................................ 5

    II. Plaintiffs' Injurious Falsehood, Tortious Interference, and Conspiracy Claims Are
        Time-Barred. ............................................................................................ 5

        A.    Plaintiffs' Claims Are Over Two Years Passed the Statute of Limitations..... 5

        B.    Plaintiffs' Equitable Tolling and Estoppel Arguments Fail. ......................... 6

    III.Plaintiffs Fail to State a Claim as a Matter of Law. ........................................ 8

        A.    Plaintiffs' Injurious Falsehood Claim Fails. .............................................. 8

          i.    Plaintiffs Do Not Allege Any Statement Attributable to Ms. Schneider. ..... 8

          ii.   Plaintiffs Do Not Allege Any Statement Related to Their Goods or
              Services. ........................................................................................ 9

          iii.  Plaintiffs Do Not Allege Malice. .............................................................. 10

          iv.  Plaintiffs Do Not Allege Special Damages. ............................................... 10

        B.    Plaintiffs' Claims for Tortious Interference, Negligent Infliction of
             Emotional Distress, and Conspiracy are Impermissibly Duplicative. ........... 11

        C.    Plaintiffs' Tortious Interference Claim Fails. ............................................. 12

          i.    Plaintiffs Do Not Allege Ms. Schneider Knew About their Business
             Relationships. ................................................................................. 13

          ii.   Plaintiffs Do Not Allege Ms. Schneider Acted with Improper Means. ...... 13

          iii.  Plaintiffs Do Not Allege Ms. Schneider Caused Injury to Plaintiffs'
              Business Relationships. ..................................................................... 14

        D.    Plaintiffs' Negligent Infliction of Emotion Distress Claim Fails. ................. 14

          i.    Plaintiffs Do Not Allege Any Negligent Conduct. ..................................... 14

          ii.   Plaintiffs Do Not Allege Any Duty Owed by Ms. Schneider. .................... 15

   iii. Plaintiffs Do Not Allege Actionable Injury. ................................. 15

  E. Plaintiffs' Civil Conspiracy Claim Fails........................................... 16

   i. Conspiracy Is Not a Standalone Tort. ......................................... 16

   ii. Plaintiffs' Conspiracy Allegations Are Impermissibly Vague.................... 17

   iii. Plaintiffs Do Not Allege Independently Culpable Behavior....................... 17

 IV. The Claims Against Ms. Schneider Should Be Dismissed with Prejudice. ............ 18

**CONCLUSION** ....................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*16 Casa Duse, LLC v. Merkin*,
  791 F.3d 247 (2d Cir. 2015) ................................................................. 13

*4 K & D Corp. v. Concierge Auctions, LLC*,
  2 F. Supp. 3d 525 (S.D.N.Y. 2014) ....................................................... 13

*Abdulaziz v. McKinsey & Co., Inc.*,
  2022 WL 2444925 (2d Cir. July 5, 2022) ............................................. 15

*Abercrombie v. Andrew Coll.*,
  438 F. Supp. 2d 243 (S.D.N.Y. 2006) ................................................ 7-8

*Am. Bldg. Maint. Co. of New York v. Acme Prop. Servs., Inc.*,
  515 F. Supp. 2d 298 (N.D.N.Y. 2007) .................................................. 17

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  351 F. Supp. 2d 79 (S.D.N.Y. 2004) ...................................................... 2

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d. Cir. 2001) ............................................................... 5

*Bay City-Abrahams Bros., Inc. v. Estee Lauder, Inc.*,
  375 F. Supp. 1206 (S.D.N.Y. May 17, 1974) ......................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................... 4

*Berwick v. New World Network Int'l, Ltd.*,
  2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ................................. 8, 9-10

*Bobal v. Rensselear Polytechnic Inst.*,
  916 F.2d 759 (2d Cir. 1990) ................................................................... 9

*Bobulinski v. Tarlov*,
  2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ...................................... 10

*Boos v. Runyon*,
  201 F.3d 178 (2d Cir. 2000) ................................................................... 7

*Cano v. SEIU Loc. 32BJ*,
  2021 WL 4927166 (S.D.N.Y. June 15, 2021) ...................................... 16

*Carvel Corp. v. Noonan*,
  3 N.Y.3d 182 (N.Y. 2004) .................................................................... 13

*Chai v. New York University*,
  2024 WL 4042468 (S.D.N.Y. Sept. 4, 2024) ........................................ 15

*Computech Int'l v. Compaq Computer Corp.*,
  2002 WL 31398933 (S.D.N.Y. Oct. 24, 2002) ...................................... 8

*Corbett v. eHome Credit Corp.*,
  2010 WL 1063702 (E.D.N.Y. Mar. 22, 2010) ...................................... 17

*Cortes v. Twenty-First Century Fox Am., Inc.*,
    285 F. Supp. 3d 629 (S.D.N.Y. 2018) ............................................................. 16-17

*CRE 230 Riverside LLC v. Fuchs*,
    59 A.D.3d 282 (N.Y. Sup. Ct. App. Div. 2009) ..................................................... 9

*Cuoco v. Mortisugu*,
    222 F.3d 99 (2d Cir. 2000) ............................................................................ 18

*Daniels v. St. Luke's-Roosevelt Hosp. Center*,
    2003 WL 22410623 (S.D.N.Y. Oct. 21, 2003) ..................................................... 11

*Doe v. Uber Technologies, Inc.*,
    551 F. Supp. 3d 341 (S.D.N.Y. 2021) ............................................................... 12

*Downtown Music Publ'g LLC v. Peloton Interactive, Inc.*,
    436 F. Supp. 3d 754 (S.D.N.Y. 2020) ............................................................... 14

*Ent. Partners Grp., Inc. v. Davis*,
    198 A.D.2d 63 (N.Y. Sup. Ct. App. Div. 1993) ..................................................... 6

*Espire Ads LLC v. TAPP Influencers Corp.*,
    655 F. Supp. 3d 223 (S.D.N.Y. 2023) ............................................................... 10

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*,
    314 F.3d 48 (2d Cir. 2002) ............................................................................ 11

*Filler v. Hanvit Bank*,
    156 Fed.Appx. 413 (2d Cir. 2005) ................................................................... 17

*Fisk v. Letterman*,
    424 F. Supp. 2d 670 (S.D.N.Y. 2006) ............................................................... 17

*Francis v. Kings Park Manor, Inc.*,
    992 F.3d 67 (2d Cir. 2021) ............................................................................ 15

*Freeman v. HSBC Holdings PLC*,
    57 F.4th 66 (2d Cir. 2023) ............................................................................ 18

*Ganske v. Mensch*,
    480 F.Supp.3d 542 (S.D.N.Y. 2020) ................................................................. 12

*Global Packaging Servs., LLC v. Global Printing and Packaging*,
    248 F. Supp. 3d 487 (S.D.N.Y. 2017) ........................................................... 12, 14

*Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*,
    2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ........................................................ 9

*Hollander v. Pressreader, Inc.*,
    2020 WL 2836189 (S.D.N.Y. May 30, 2020) ...................................................... 10

*Idema v. Wager*,
    120 F. Supp. 2d 361 (S.D.N.Y 2000) ................................................................ 12

*In re Eaton Vance Mut. Funds Fee Litig.*,
    380 F. Supp. 2d 222 (S.D.N.Y. 2005) ............................................................... 18

iv

*Joseph v. Spinger Nature*,
   2021 WL 1372952 (S.D.N.Y. Apr. 12, 2021) ................................................................. 9

*Katz v. Travelers*,
   241 F. Supp. 3d 397 (E.D.N.Y. 2017) ....................................................................... 6

*Kendall v. Caliber Home Loans, Inc.*,
   198 F. Supp. 3d 168 .................................................................................................... 4

*Kesner v. Dow Jones & Co., Inc.*,
   515 F. Supp. 3d 149 (S.D.N.Y. 2021) ..................................................................... 12

*Kirch v. Liberty Media Corp.*,
   449 F.3d 388 (2d Cir. 2006) ......................................................................... 6, 12, 16

*Klein v. Vision Lab Telecommunications, Inc.*,
   399 F. Supp. 2d 528 (S.D.N.Y. 2005) ....................................................................... 4

*Kling v. World Health Org.*,
   532 F. Supp. 3d 141 (S.D.N.Y. 2021) ..................................................................... 18

*Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*,
   2013 WL 417406 (S.D.N.Y. Feb. 4, 2013) ............................................................ 5, 8

*Lesesne v. Brimecome*,
   918 F. Supp. 2d 211 (S.D.N.Y. 2013) ..................................................................... 12

*Lipin v. Hunt*,
   538 F. Supp. 2d 590 (S.D.N.Y. 2008) ..................................................................... 17

*Lotes Co. v. Hon Hai Precision Indus. Co.*,
   753 F.3d 395 (2d Cir. 2014) ...................................................................................... 4

*M.V. v. State*,
   78 Misc. 3d 1037, 186 N.Y.S.3d 785 (N.Y. Ct. Cl. 2022) ................................. 15-16

*Margolies v. Rudolph*,
   2022 WL 2062460 (E.D.N.Y. June 6, 2022) ........................................................... 15

*McCollum v. Baldwin*,
   688 F. Supp. 3d 117 (S.D.N.Y. 2023) ..................................................................... 15

*Moore v. City of New York*,
   219 F. Supp. 2d 335 (E.D.N.Y. 2002) ..................................................................... 12

*Murphy-Higgs v. Yum Yum Tree, Inc.*,
   112 Fed. App'x 796 (2d Cir. 2004) .......................................................................... 11

*Nat'l Credit Union Admin. Bd. V. U.S. Bank Nat'l Ass'n*,
   898 F.3d 243 (2d Cir. 2018) .................................................................................... 18

*Navarra v. Marlborough Gallery, Inc.*,
   820 F. Supp. 2d 477 (S.D.N.Y. 2011) ....................................................................... 8

*O'Brien v. Alexander*,
   898 F. Supp. 162 (S.D.N.Y. 1995) ............................................................................ 5

*Owoyemi v. Credit Corp Sols. Inc.*,
   596 F. Supp. 3d 514 (S.D.N.Y. 2022) ............................................................. 18

*Pasternack v. Laboratory Corp. of Am.*,
   2014 WL 4832299 (S.D.N.Y. Sept. 29, 2014)................................................. 10

*Plasticware, LLC v. Flint Hills Res., LP*,
   852 F. Supp. 2d 398 (S.D.N.Y. 2012) ............................................................. 14

*Rall v. Hellman*,
   284 A.D.2d 113 (1st Dept. 2001)................................................................10-11

*Reyes v. Cap. One Fin. Corp.*,
   2023 WL 2540567 (E.D.N.Y. Feb. 28, 2023) ................................................. 16

*Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*,
   121 F. Supp. 3d 321 (S.D.N.Y. 2015) ............................................................. 18

*Roeder v. J.P. Morgan Chase & Co.*,
   523 F. Supp. 3d 601 (S.D.N.Y. 2021) ............................................................... 7

*Santana v. Leith*,
   117 A.D.3d 711 (N.Y. Sup. Ct. App. Div. 2014) ............................................ 15

*Scholes v. Am. Kennel Club, Inc.*,
   1999 WL 799532 (S.D.N.Y. Oct. 7, 1999)........................................................ 6

*Sharma v. Skaarup Ship Mgmt. Corp*,
   916 F.2d 820 (2d. Cir. 1990)........................................................................... 14

*Sommer v. Dixon*,
   709 F.2d 173 (2d Cir. 1983) ........................................................................... 17

*Springs v. Bd. of Educ.*,
   2010 WL 4068712 (S.D.N.Y. Oct. 14, 2010).................................................... 7

*Sullivan v. Aircraft Servs. Grp., Inc.*,
   2021 WL 11703008 (E.D.N.Y. Mar. 8, 2021)................................................. 13

*Tacon v. Cromwell*,
   2024 WL 4275625 (S.D.N.Y. Sept. 24, 2024)................................................... 8

*Tagliaferri v. Szulik*,
   2015 WL 5918204 (S.D.N.Y. Oct. 9, 2015)...................................................... 9

*TheECheck.com, LLC v. NECM Fin. Servs. Grp. Inc.*,
   2017 WL 2627912 (S.D.N.Y. June 16, 2017) ................................................... 5

*Twersky v. Yeshiva University*,
   993 F. Supp. 2d 429 (S.D.N.Y. 2014) ............................................................... 7

*Verschleiser v. Frydman*,
   2023 WL 5835031 (S.D.N.Y. Sept. 7, 2023)..................................................... 5

*Wen Liu v. Mount Sinai Sch. of Med.*,
   2012 WL 4561003 (S.D.N.Y. Sept. 24, 2012)................................................... 7

*Wilson v. Tarricone*,
  2013 WL 12084504 (S.D.N.Y. Sept. 26, 2013)......................................................................... 11

**Rules**

Federal Rules of Civil Procedure 12(b)(6).................................................................................. 4

N.Y. C.P.L.R. § 215(3) ............................................................................................................... 5

## PRELIMINARY STATEMENT

This lawsuit is merely one in a series of retaliatory litigations with no legal basis.  Plaintiffs Mitchell Taylor Button and Dusty Button are defendants in a civil sex trafficking lawsuit pending in the District of Nevada.  In the Nevada case, six women allege that Plaintiffs used their influence in the dance world and proximity to young dancers to exploit them.  In response, Plaintiffs filed seven lawsuits against their alleged victims' friends, family, and other supporters in an obvious attempt to frighten victims and deter witnesses from cooperating in the Nevada suit.  Indeed, this lawsuit has all the earmarks of an action which falls within the ambit of cases this Circuit has held to violate Rule 11 of the Federal Rules of Civil Procedure because it is intended to harass and intimidate litigants and witnesses and not to pursue legitimate claims.

Defendant Dawn Schneider is an independent public relations consultant who allegedly performed work for Boies Schiller Flexner LLP ("BSF"), which is the law firm providing *pro bono* representation to the six plaintiffs in the Nevada case.  Ms. Schneider is not an associate of BSF and has operated her own public relations company since 2014.  Plaintiffs' principal allegation against Ms. Schneider is that she allegedly helped schedule a meeting among BSF attorneys and representatives of the New York Times, which led to the publication of a July 29, 2021 article about the Nevada lawsuit, which the Buttons claim is false and harmed their reputations.

Plaintiffs' claims fail as a matter of law for multiple, independent reasons.  As an initial matter, Plaintiffs' claims for injurious falsehood, tortious interference, and civil conspiracy are time-barred.  Further, Plaintiffs fail to plead the essential elements for any of their claims.  For example, Plaintiffs' claim for injurious falsehood fails because Plaintiffs do not allege a *single statement* about Plaintiffs that is attributable to Ms. Schneider, let alone a statement concerning Plaintiffs' goods and services, as is required to state a claim for injurious falsehood.  Further, Ms. Schneider's alleged ministerial, scheduling role in arranging interviews is wholly insufficient to

state a claim for conspiracy or any other tort.

Finally, Ms. Schneider brought all of these legal deficiencies to Plaintiffs' attention in her counsel's December 5, 2024 pre-motion letter to the Court, including the erroneous factual assertion that Ms. Schneider is an associate of BSF. ECF No. 22 at 1. Plaintiffs' amended complaint did nothing to cure the legal deficiencies. The amended complaint is a ruse: it presents no new allegations against Ms. Schneider at all; it recklessly swaps the word "defendants" for the names of individuals, like Ms. Schneider, to create the false impression of more specific allegations against her and it never sets forth the basis for its assertions. Finally, it continues to allege falsely that Ms. Schneider is an associate of BSF (ECF No. 34 ¶ 35) – she is not.

Ms. Schneider respectfully requests that Plaintiffs' complaint be dismissed with prejudice and that they be denied any further opportunity to amend their allegations against Ms. Schneider.

## **BACKGROUND**

This lawsuit stems from litigation that is pending against the Plaintiffs in the District of Nevada. In a case captioned *Humphries et al. v. Button et al.*, Case No. 2:21-cv-01412-ART-EJY ("Nevada Action"), six women are suing Mitchell Taylor Button and Dusty Button—the Plaintiffs in this case—for sexual assault, battery, sex trafficking, and related causes of action.[1] In the Nevada Action, the court has denied the Buttons' motions to dismiss and repeated motions for sanctions, and the parties' motions for summary judgment are currently pending. *See* Nevada Action ECF Nos. 130, 379 (denying the Buttons' motions to dismiss); ECF Nos. 220, 305, 327, 360 (denying the Buttons' motions for sanctions); ECF Nos. 437, 452 (the Nevada parties' cross-motions for summary judgment).

---

[1] "The Court can take judicial notice of matters of public record . . . including filings in related lawsuits." *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004).

In retaliation for the Nevada Action, Plaintiffs filed seven lawsuits against their alleged victims' therapists, attorneys, friends, family members, and other supporters, including the instant lawsuit.  *See Button et al v. Breshears*, 1:24-cv-03757-MKV (S.D.N.Y.); *Button et. al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.); *Button et al v. Doherty et. al.*, 1:24-cv-05026-JPC-KHP (S.D.N.Y.); *Button. et. al v. Micah Humphries et. al*, 8:24-cv-01730-JVS-DFM (C.D. Cal.); *Button et. al. v. Roe et. al*, 1:24-cv-00220-SM-AJ (D.N.H.); *Button et. al. v. Melcher*, 1:24-cv-12632-WGY (D. Mass.).  Two of those lawsuits have already been dismissed.  *See Button et. al. v. Roe et. al.*, 1:24-cv-00220-SM-AJ (D.N.H.), ECF No. 47 (dismissing the Buttons' complaint with prejudice holding "the Buttons' claims lack any legal merit"); *Button et al. v. McCawley*, 0:24-cv-60911-DSL (S.D. Fla.), ECF No. 50 (dismissing the Buttons' complaint with leave for a "final opportunity to amend . . . [i]n an abundance of caution, and primarily because the [Buttons] appear pro se").[2]

Here, in pertinent part, Plaintiffs allege that Defendant Dawn Schneider "arranged an interview" between a BSF attorney and a New York Times reporter, which led to the publication of a July 29, 2021, article about the Nevada lawsuit. ECF No. 34 ("Amended Complaint" or "AC") ¶ 18 n.1 (citing Julia Jacobs, *Former Dance Instructor Accused of Sexual Assault in Lawsuit*, THE NEW YORK TIMES (July 29, 2021), https://www.nytimes.com/2021/07/29/arts/dance/mitchell-button-dusty-button-abuse.html ("the Article").  Plaintiffs also allege "upon information and belief" that Ms. Schneider "contacted" other "third party media sources" and arranged for BSF attorneys and/or the Nevada plaintiffs to be interviewed.  *Id.* ¶¶ 308–09.

Plaintiffs do not allege that Ms. Schneider authored the Article or any other news story

---

[2] In the other five lawsuits, including this one, motions to dismiss are either pending or forthcoming.

about the Plaintiffs.  Nor do Plaintiffs allege that Ms. Schneider is quoted or referenced in the Article or any other news story about the Plaintiffs.  Indeed, Plaintiffs do not (and cannot) allege a single statement about the Plaintiffs that is attributable to Ms. Schneider, even after exercising their opportunity to amend the complaint.  Plaintiffs amended their complaint only after undersigned counsel wrote the Court to seek leave to file this motion, pointing out all of the deficiencies in their allegations, but Plaintiffs have not cured any of these deficiencies and no further opportunity to amend should be given.

## **LEGAL STANDARD**

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the court, "accepting all factual claims in the complaint as true," finds the complaint insufficient to state a claim for which "relief [] is plausible on its face."  *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005).  When claims in a complaint have not crossed the line from "conceivable to plausible," the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.  *Pro se* plaintiffs are required to meet this same pleading standard.  *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 ("A *pro se* plaintiff's '[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss.'") (citation omitted).

**ARGUMENT**[3]

I.    **Plaintiffs Engage in Impermissible Group Pleading.**

As an initial matter, the Amended Complaint must be dismissed because Plaintiffs engage in impermissible group pleading.  By "lumping all the defendants together in each claim," the Buttons provide no factual basis to distinguish their conduct."  *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d. Cir. 2001) (dismissing *pro se* complaint for group pleading).  Throughout the complaint, Plaintiffs repeatedly refer to collective "misconduct," *see, e.g.*, AC ¶¶ 103, 229, 233, 247, 261, 306, 329, 338, 343, 374, 394, without "differentiat[ing] between the [] defendants." *TheECheck.com, LLC v. NECM Fin. Servs. Grp. Inc.*, 2017 WL 2627912, at *2 (S.D.N.Y. June 16, 2017).  The complaint therefore fails to give Ms. Schneider "fair notice of what the plaintiff's claim is and the ground upon which it rests" so it must be dismissed.  *Atuahene*, 10 F. App'x at 34.

II.    **Plaintiffs' Injurious Falsehood, Tortious Interference, and Conspiracy Claims Are Time-Barred.**

A.    **Plaintiffs' Claims Are Over Two Years Passed the Statute of Limitations.**

Injurious falsehood is subject to a one-year statute of limitations. N.Y. C.P.L.R. § 215(3); *see Verschleiser v. Frydman*, 2023 WL 5835031, at *9 (S.D.N.Y. Sept. 7, 2023) ("The plaintiff's injurious falsehood claim is subject to a one-year statute of limitations.") (citation omitted); *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, 2013 WL 417406, at *16 (S.D.N.Y. Feb. 4, 2013); *O'Brien v. Alexander*, 898 F. Supp. 162, 172 (S.D.N.Y. 1995) ("[O]ne year limitations period applicable" because the "essence of claimed injury was one to reputation") (citation omitted).

---

[3] Ms. Schneider incorporates by reference all arguments made by her co-Defendants to the extent that they are applicable here.

Likewise, Plaintiffs' claims for tortious interference and conspiracy are subject to a one-year statute of limitations. Where, as here, the gravamen of a tortious interference or conspiracy claim is injury to reputation, those claims are subject to a one-year statute of limitations. *See* AC ¶ 345 (alleging tortious interference by "harm to reputation"); ¶ 388 (alleging "conspir[acy]" to "publish[] false and defamatory statements"); *see also, e.g.*, *Katz v. Travelers*, 241 F. Supp. 3d 397, 407 (E.D.N.Y. 2017) (holding that tortious interference claims had a one-year statute of limitations when the "injury complained of by [plaintiffs] … flows from the professed effect that [defendants'] actions had on [plaintiff's] reputation") (citation omitted); *Ent. Partners Grp., Inc. v. Davis*, 198 A.D.2d 63, 64 (N.Y. Sup. Ct. App. Div. 1993) ("[I]t is well settled that a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions by denominating the action as one for intentional interference with economic relations … if, in fact, the claim seeks redress for injury to reputation"); *Scholes v. Am. Kennel Club, Inc*., 1999 WL 799532, at *6 (S.D.N.Y. Oct. 7, 1999) ("Under New York law, civil conspiracy is not an independent tort, and a conspiracy allegation cannot extend the statute of limitations of the underlying torts."); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (same).

The Amended Complaint alleges that Ms. Schneider's relevant conduct occurred on or before July 29, 2021, which is the day the Article was published. AC ¶¶ 8, 293, 331, 332, 361, 391. Plaintiffs did not initiate this suit until three years later, on July 29, 2024. ECF No. 1. Therefore, Plaintiffs' injurious falsehood, tortious interference, and conspiracy claims are two years too late and should be dismissed.

### B.    Plaintiffs' Equitable Tolling and Estoppel Arguments Fail.

Apparently acknowledging the untimeliness of their claims, Plaintiffs assert, with no support, that the doctrines of equitable tolling or estoppel should apply. AC ¶¶ 272, 274, 315, 347, 349, 395, 399. But Plaintiffs fail to allege any facts sufficient to give rise to either doctrine.

For instance, Plaintiffs' assertion that Ms. Schneider's alleged conduct caused them to experience "depression," AC ¶ 361, is "manifestly insufficient" to invoke equitable tolling, since the Buttons offer no "particularized description of how [their] condition adversely affected [their] capacity to function generally or in relationship to the pursuit of [their] rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *see, e.g.*, *Springs v. Bd. of Educ.*, 2010 WL 4068712, at *3 (S.D.N.Y. Oct. 14, 2010) ("[A]llegations of depression and anxiety" are "too vague to support a finding of extraordinary circumstances that would warrant equitable tolling"). The Buttons' allegations about their purported ability to "generate income," AC ¶ 313, are likewise insufficient. *See, e.g.*, *Wen Liu v. Mount Sinai Sch. of Med.*, 2012 WL 4561003, at *5 (S.D.N.Y. Sept. 24, 2012) ("Plaintiff's difficult financial situation and inability to afford a lawyer do not entitle her to have the limitations period equitably tolled[.]").

As to equitable estoppel, Plaintiffs do not even attempt to allege any affirmative conduct by Ms. Schneider that could give rise to this doctrine. *See, e.g.*, *Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601, 620 (S.D.N.Y. 2021), *aff'd*, 2022 WL 211702 (2d Cir. Jan. 25, 2022) (dismissing claims as untimely where "there are no plausible allegations that Defendants used the New York Times article to frustrate the bringing of a timely claim, or that the article was directed to Plaintiffs as opposed to the more general public in response to public concerns"). Plaintiffs' bare, repeated assertion that applying the statute of limitations would be "unjust," AC ¶¶ 275, 315, 348, 399, comes nowhere close to the level of "particularity" required to invoke the extraordinary remedy of equitable estoppel. *Twersky v. Yeshiva University*, 993 F. Supp. 2d 429, 443 n.5 (S.D.N.Y. 2014).

Courts routinely dismiss claims as untimely where, as here, the inapplicability of equitable tolling and/or estoppel is clear from the face of the complaint. *Abercrombie v. Andrew Coll.*, 438

F. Supp. 2d 243, 265 (S.D.N.Y. 2006) ("[W]ithout adequate pleading, [equitable estoppel] is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds."); *Tacon v. Cromwell*, 2024 WL 4275625, at *17 (S.D.N.Y. Sept. 24, 2024) (holding that the plaintiff's claim could not "survive[] [d]efendant's [m]otion [to dismiss] because he "failed to plead *any* facts he relie[d] upon in connection with his equitable estoppel argument").

Plaintiffs' claims for injurious falsehood, tortious interference, and conspiracy should therefore be dismissed as untimely.

## III.    Plaintiffs Fail to State a Claim as a Matter of Law.

### A.    Plaintiffs' Injurious Falsehood Claim Fails.

Plaintiffs fail to state a claim for injurious falsehood.  In order to make out a claim for injurious falsehood, Plaintiffs must allege "(1) the falsity of the alleged statements; (2) publication to a third person; (3) malice; and (4) special damages."  *Computech Int'l v. Compaq Computer Corp.*, 2002 WL 31398933, at *5 (S.D.N.Y. Oct. 24, 2002).  Additionally, injurious falsehood differs from defamation in that injurious falsehood is limited to statements that "denigrat[e] the quality of the [plaintiff''s] business'[s] goods or services."  *Berwick v. New World Network Int'l, Ltd.*, 2007 WL 949767, at *15 (S.D.N.Y. Mar. 28, 2007); *Korova*, 2013 WL 417406, at *16 (same).

### i.    Plaintiffs Do Not Allege Any Statement Attributable to Ms. Schneider.

First and foremost, Plaintiffs cannot maintain a claim for injurious falsehood against Ms. Schneider because Plaintiffs do not (and cannot) identify a single statement concerning Plaintiffs that is attributable to Ms. Schneider.  For example, it is undisputed that Ms. Schneider did not write the Article and is not quoted or discussed in the Article.  *See, e.g.*, *Navarra v. Marlborough Gallery, Inc.*, 820 F. Supp. 2d 477, 489 (S.D.N.Y. 2011), *vacated on other grounds*, 2012 WL 13210272 (S.D.N.Y. Apr. 4, 2012) (holding that the injurious falsehood claim must fail because "[plaintiff] has failed to plead any statements by [defendant]" and "cannot offer more than

speculation that any [] statements or actions are attributable to [defendant]"); *Bay City-Abrahams Bros., Inc. v. Estee Lauder, Inc.*, 375 F. Supp. 1206, 1213 (S.D.N.Y. May 17, 1974) (holding that in the case of interoffice communications there was no "publication of the alleged intentionally false matter; [therefore] no communication to a third party has been asserted.").

While Plaintiffs allege—with no support and "upon information and belief"—that Ms. Schneider "contacted" other third parties about the Nevada plaintiffs' allegations, AC ¶ 308–09, 331–32, these allegations are not made with the requisite specificity. Plaintiffs do not allege "with particularity the alleged falsehood uttered," *CRE 230 Riverside LLC v. Fuchs*, 59 A.D.3d 282, 283 (N.Y. Sup. Ct. App. Div. 2009), let alone the "the time, place and manner of the [allegedly] false statement," *Tagliaferri v. Szulik*, 2015 WL 5918204, at *4 (S.D.N.Y. Oct. 9, 2015). Plaintiffs' injurious falsehood claim should be dismissed on these grounds alone. *See, e.g.*, *Bobal v. Rensselear Polytechnic Inst.*, 916 F.2d 759, 763 (2d Cir. 1990) (holding that the *pro se* plaintiff's injurious falsehood claim had to be dismissed because she did not "adequately plead **the actual words spoken**") (emphasis added). [4]

### ii. Plaintiffs Do Not Allege Any Statement Related to Their Goods or Services.

Regardless, Plaintiffs' injurious falsehood claim also fails because Plaintiffs do not allege any statement that "denigrat[es] the quality of the [their] business'[s] goods or services." *Berwick*,

---

[4] In their Amended Complaint, Plaintiffs removed their previously asserted claim for defamation. However, Plaintiffs still repeatedly refer to "defamation" throughout the complaint. *See, e.g.*, AC ¶¶ 8, 17, 20, 24, 50, 54, 59, 60, 84, 87, 106, 111, 118, 142, 219, 220, 225, 229, 231, 237, 238, 240, 241, 243. To the extent that Plaintiffs still intend to assert a claim for defamation, it fails for the same fundamental reason of failure to allege a statement attributable to Ms. Schneider (among other issues.) *See, e.g.*, *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, 2009 WL 4547792, at *19 (E.D.N.Y. Dec. 1, 2009) (dismissing defamation counterclaim where statements were not "made by or attributed to the plaintiff"); *see also, e.g.*, *Joseph v. Springer Nature*, 2021 WL 1372952, at *7 (S.D.N.Y. Apr. 12, 2021) (dismissing libel claim where plaintiff "pleads no facts to explain any details about" the statements).

2007 WL 949767, at *15; *Hollander v. Pressreader, Inc.*, 2020 WL 2836189, at *6 (S.D.N.Y. May 30, 2020) (same). Instead, any potentially relevant statement refers to Plaintiffs' "personal behavior," and is thus insufficient to give rise to an injurious falsehood claim. *Pasternack v. Laboratory Corp. of Am.*, 2014 WL 4832299, at *20 (S.D.N.Y. Sept. 29, 2014), *aff'd*, 839 F.3d 151 (2d Cir. 2016); *see, e.g.*, *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 260 (S.D.N.Y. 2023) (statements concerning "reputation" rather than "the quality of [Plaintiffs'] goods or services" are insufficient for injurious falsehood claim). Plaintiffs' allegation that their "goods and services" were "completely destroyed" by Defendants' alleged conduct, AC ¶ 223, does nothing to save their claim because a "downstream impact on [a plaintiff's] ability to work" is insufficient to state a claim for injurious falsehood. *Pasternack*, 2014 WL 4832299, at *20.

### iii.  Plaintiffs Do Not Allege Malice.

Plaintiffs' claim fails for the additional reason that Plaintiffs do not allege that Ms. Schneider acted with malice. While Plaintiffs assert, in a conclusory fashion, that Ms. Scheider "knew" that the Nevada plaintiffs' allegations are "false," AC ¶¶ 308–09, they provide no factual support for this allegation. *See, e.g.*, *Bobulinski v. Tarlov*, 2024 WL 4893277, at *8 (S.D.N.Y. Nov. 26, 2024) (holding that the element of malice cannot be met when the complaint "alleges no nonconclusory facts that support the proposition that [the defendant] knew that it was reporting falsities.") (citation omitted). The Nevada plaintiffs' claims have yet to be adjudicated at summary judgment or trial. Ms. Schneider has no reason to disbelieve the Nevada plaintiffs, and nothing in Plaintiffs' complaint suggests otherwise. Plaintiffs' bare denials of the Nevada plaintiffs' claims are woefully insufficient to allege that Ms. Schneider should "know" those claims are false.

### iv.  Plaintiffs Do Not Allege Special Damages.

Finally, Plaintiffs' injurious falsehood claim also fails because Plaintiffs fail to allege special damages. *See, e.g.*, *Rall v. Hellman*, 284 A.D.2d 113, 114 (1st Dept. 2001) (affirming the

dismissal of Plaintiff's injurious falsehood for the failure to "identify his special damages with sufficient particularity."). In injurious falsehood claims, "[t]he requirement of pleading and proving special damages is applied strictly," and "a motion to dismiss a claim of injurious falsehood may be granted for failure to allege special damages with requisite specificity." *Daniels v. St. Luke's-Roosevelt Hosp. Center*, 2003 WL 22410623, at *7 (S.D.N.Y. Oct. 21, 2003); *see also Wilson v. Tarricone*, 2013 WL 12084504, at *6 (S.D.N.Y. Sept. 26, 2013) ("Because the requirement of pleading and proving special damages goes to the cause of action itself and not simply remedy, the requirement is applied strictly."). Plaintiffs' conclusory statements that they claim "special damages," AC ¶¶ 288, 297, are far too vague to support a claim of injurious falsehood. *See, e.g.*, *Murphy-Higgs v. Yum Yum Tree, Inc.*, 112 Fed. App'x 796, 797 (2d Cir. 2004) (holding that special damages must be "itemized" and "vague testimony as to los[ses]" is "plainly insufficient"); *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002) (holding that in the case of injurious falsehood "the individuals who ceased to be customers, or who refused to purchase, must be named and the exact damages itemized.") (citation omitted).

Accordingly, Plaintiffs' claim for injurious falsehood should be dismissed.

### B. Plaintiffs' Claims for Tortious Interference, Negligent Infliction of Emotional Distress, and Conspiracy are Impermissibly Duplicative.

Plaintiffs' claims for tortious interference, negligent infliction of emotional distress, and conspiracy must be dismissed as impermissibly duplicative. These claims arise from allegedly defamatory statements and alleged damage to Plaintiffs' reputations. *See* AC ¶¶ 293, 299 (alleging Defendants should be held liable for injurious falsehood because they made "defamatory" statements), ¶ 360 (same as to negligent infliction of emotional distress); ¶ 319 (same as to tortious interference); ¶ 379 (alleging Defendants conspired to "an unlawful and unethical act such as

11

defamation"). Courts routinely dismiss alternative tort claims that seek to recover "for the same alleged harm as a defamation claim." *Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 190 (S.D.N.Y. 2021).

Plaintiffs may not circumvent defamation defenses by styling claims that sound in defamation as something else, which is precisely what Plaintiffs attempt here. *See, e.g.*, *Lesesne v. Brimecome*, 918 F. Supp. 2d 211, 227 (S.D.N.Y. 2013) (dismissing tortious interference claims because they "sound in defamation"); *Doe v. Uber Technologies, Inc.*, 551 F. Supp. 3d 341, 364 (S.D.N.Y. 2021) ("A NIED claim cannot be asserted if it is 'essentially duplicative of tort or contract causes of action.'") (citation omitted); *Ganske v. Mensch*, 480 F.Supp.3d 542, 557 (S.D.N.Y. 2020) (tortious interference claim duplicative of defamation claim); *Moore v. City of New York*, 219 F. Supp. 2d 335, 339 (E.D.N.Y. 2002) ("The New York Court of Appeals has strongly cautioned against allowing emotional distress claims to be brought where other tort remedies are available."); *Idema v. Wager*, 120 F. Supp. 2d 361, 370 (S.D.N.Y 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002) (holding that conspiracy claims that are nothing more than "repeat[ed] [] defamation allegations" cannot be upheld). Plaintiffs' claims for tortious interference, negligent infliction of emotional distress, and conspiracy should be dismissed on these grounds alone.

### C.    Plaintiffs' Tortious Interference Claim Fails.

In any event, Plaintiffs' tortious interference claim also fails as a matter of law. To state a claim for tortious interference, "Plaintiff[s] must demonstrate that '(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship.'" *Global Packaging Servs., LLC v. Global Printing and Packaging*, 248 F. Supp. 3d 487, 494 (S.D.N.Y. 2017); *Kirch*, 449 F.3d at 400 (same).

12

i. **Plaintiffs Do Not Allege Ms. Schneider Knew About their Business Relationships.**

Plaintiffs fail to adequately allege that Ms. Schneider knew of any of Plaintiffs' business relationships. While Plaintiffs allege, in a conclusory fashion, that Ms. Schneider somehow "knew that Plaintiff Dusty Button was Red Bull's first and only ballet athlete" and "knew that Plaintiff Taylor Button was sponsored by Toyo Tires," AC ¶¶ 331–32, Plaintiffs do not (and cannot) allege any facts in support of these allegations. These conclusory assertions, without more, are insufficient to allege that Ms. Schneider knew of Plaintiffs' business relationships, let alone that she intentionally interfered with them. *See, e.g.*, *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 546– 47 (S.D.N.Y. 2014) ("[B]ecause the Amended Complaint fails to provide any factual allegations that the defendants had actual knowledge of any specific business relationships … plaintiffs have failed to state a claim"); *Sullivan v. Aircraft Servs. Grp., Inc.*, 2021 WL 11703008, at *8 (E.D.N.Y. Mar. 8, 2021) (dismissing the Amended Complaint because plaintiffs only "provide[d] purely conclusory allegations about Defendants' knowledge of [prospective business] relationships").

ii. **Plaintiffs Do Not Allege Ms. Schneider Acted with Improper Means.**

Moreover, Plaintiffs' tortious interference claim also fails because Plaintiffs fail to allege that Ms. Schneider acted with improper purpose or means. The wrongful means elements "sets a high bar" requiring that the defendant's alleged conduct "amount[] to a crime or independent tort." *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015). Plaintiffs' bare allegation that Ms. Schneider reached out to two of Plaintiffs' alleged business partners "for comment[]" during the course of her employment comes nowhere close to meeting this standard. *See* AC ¶¶ 331–32; *see Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (N.Y. 2004) ("Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for

13

interference with prospective contracts or other nonbinding economic relations"); *Plasticware, LLC v. Flint Hills Res., LP*, 852 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) (dismissing a tortious interference claim where the "complaint alleges no criminal, tortious or other [wrongful] conduct by Defendant").

### iii.   Plaintiffs Do Not Allege Ms. Schneider Caused Injury to Plaintiffs' Business Relationships.

Plaintiffs also fail to allege that Ms. Schneider's alleged conduct was the "but for" cause of the end of any of their business relationships. *Sharma v. Skaarup Ship Mgmt. Corp*, 916 F.2d 820, 828 (2d. Cir. 1990). On the contrary, Plaintiffs allege that their sponsors and employers no longer wanted to work with them after learning about the New York Times "article" and the Nevada "lawsuit," which, according to the Buttons, "spread like fuel-soaked wildfire" through the dance and automotive industries. AC ¶ 231. The tortious interference claim must therefore be dismissed due to failure to allege causation. *See, e.g.*, *Global Packaging Servs.*, 248 F. Supp. 3d at 494 (stating that "to state a claim for tortious interference with business relations, a plaintiff must adequately plead" that "defendant's interference caused injury to the relationship."); *Downtown Music Publ'g LLC v. Peloton Interactive, Inc.*, 436 F. Supp. 3d 754, 765 (S.D.N.Y. 2020) (dismissing tortious interference claim because plaintiffs "failed to allege" that "defendant's wrongful conduct" was the "but for" cause of injury).

### D.   Plaintiffs' Negligent Infliction of Emotion Distress Claim Fails.

Plaintiffs also fail to state a claim for negligent infliction of emotional distress for multiple, independent reasons.

### i.   Plaintiffs Do Not Allege Any Negligent Conduct.

As a threshold matter, Plaintiffs do not allege that Ms. Schneider acted negligently. Quite the opposite, Plaintiffs specifically allege that "each Defendants' defamatory statements and

misconduct constitute **intentional** acts which were made with actual malice." AC ¶ 352 (emphasis added); *see* ¶¶ 82, 85, 90, 219, 222, 226, 232, 252, 402 (alleging intentional conduct). Accordingly, Plaintiffs' complaint falls outside the realm of actionable negligence. *See, e.g.*, *Chai v. New York University*, 2024 WL 4042468, at *11 (S.D.N.Y. Sept. 4, 2024) ("[B]ecause the actions alleged here were intentional and deliberate and allegedly in their nature offensive, they are outside the ambit of actionable negligence.") (citation omitted) (Vyskocil, J.); *Santana v. Leith*, 117 A.D.3d 711, 712 (N.Y. Sup. Ct. App. Div. 2014) (dismissing negligent infliction of emotional distress claim where "no allegations of negligence appear in the pleadings") (citation omitted).

### ii.      Plaintiffs Do Not Allege Any Duty Owed by Ms. Schneider.

Plaintiffs' claim for negligent infliction of emotional distress also fails because Plaintiffs fail to allege that Ms. Schneider owed them any "legally cognizable duty of care." *Abdulaziz v. McKinsey & Co., Inc.*, 2022 WL 2444925, at *2 (2d Cir. July 5, 2022). Ms. Schneider has no relationship with Plaintiffs whatsoever, let alone a relationship giving rise to any special duties, so the negligence-based claim against her must be dismissed. *See, e.g.*, *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (affirming dismissal of a negligent infliction of emotional distress claim for failure to plead a duty owed to the plaintiff); *Margolies v. Rudolph*, 2022 WL 2062460, at *11 (E.D.N.Y. June 6, 2022); ("Absent identification of a legally cognizable duty or breach of such a duty, the claim must be dismissed."); *McCollum v. Baldwin*, 688 F. Supp. 3d 117, 131 (S.D.N.Y. 2023) ("Because [Defendant] owed no duty to the Plaintiffs, the Court does not need to assess the other *prima facie* elements of Plaintiffs' negligence claims.").

### iii.      Plaintiffs Do Not Allege Actionable Injury.

Plaintiffs' negligent infliction of emotional distress claim also fails because under New York law, "a claim for emotional harm generally requires a showing of contemporaneous or consequential physical harm," which is not alleged here. *M.V. v. State*, 78 Misc. 3d 1037, 1049,

186 N.Y.S.3d 785, 795 (N.Y. Ct. Cl. 2022). Courts allow negligent infliction of emotional distress claims to proceed without any alleged physical injury only in exceptional circumstances that are inapplicable here, such as cases where the defendant "incorrectly informed [the] claimant of a death," "negligently mishandled a corpse," or "negligently exposed [the] claimant to the HIV virus." *Id.* (collecting cases). Because Plaintiffs fail to allege physical injury or exceptional emotional harm, their claim for negligent infliction of emotional distress must be dismissed. *See, e.g.*, *Cano v. SEIU Loc. 32BJ*, 2021 WL 4927166, at *14 (S.D.N.Y. June 15, 2021), *report and recommendation adopted,* 2021 WL 4480274 (S.D.N.Y. Sept. 30, 2021) ("Plaintiff does not allege that his physical safety was threatened or that he suffered any physical injury. Without any additional facts alleged from the Plaintiff, his negligent infliction of emotional distress claim should be dismissed."); *Reyes v. Cap. One Fin. Corp.*, 2023 WL 2540567, at *6–7 (E.D.N.Y. Feb. 28, 2023), *report and recommendation adopted,* 2023 WL 2538922 (E.D.N.Y. Mar. 16, 2023) (dismissing negligent infliction of emotional distress claim where the complaint "contains no allegations whatsoever that Defendants' actions placed Plaintiff at a risk of physical harm or caused him to fear for his physical safety.").

Plaintiffs' claim for negligent infliction of emotional distress should therefore be dismissed.

### E.    Plaintiffs' Civil Conspiracy Claim Fails.

Finally, Plaintiffs' civil conspiracy claim also fails.

#### i.    Conspiracy Is Not a Standalone Tort.

First, Plaintiffs' conspiracy claim fails because New York does not recognize conspiracy as a standalone tort. *See, e.g.*, *Kirch*, 449 F.3d at 401. Since Plaintiffs' other claims all fail, the conspiracy claim must be dismissed as well. *Cortes v. Twenty-First Century Fox Am., Inc.*, 285 F. Supp. 3d 629, 640 (S.D.N.Y. 2018) (dismissing plaintiff's civil conspiracy claim because the

underlying claim "had already been dismissed"); *see Corbett v. eHome Credit Corp.*, 2010 WL 1063702, at *3 n.5 (E.D.N.Y. Mar. 22, 2010) (holding that since plaintiffs failed to plead the underlying tort, "the claim for civil conspiracy must fail"); *Filler v. Hanvit Bank*, 156 Fed.Appx. 413, 418 (2d Cir. 2005) ("A claim of conspiracy 'cannot stand alone' and must be dismissed if the underlying independent tort has not been adequately pleaded") (citation omitted).

### ii. Plaintiffs' Conspiracy Allegations Are Impermissibly Vague.

Plaintiffs' conspiracy allegations are also impermissibly vague. Plaintiffs' bare-bones assertion that "Ms. Jacobs made an agreement with Ms. Schneider" is plainly insufficient. AC ¶ 385. Plaintiffs do not provide any detail on the alleged "agreement," let alone explain when Ms. Schneider entered it or how she participated in it. *See, e.g.*, *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (holding that a *pro se* complaint "containing only conclusory, vague, or general allegations of conspiracy . . . cannot withstand a motion to dismiss"); *Fisk v. Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y. 2006) (holding that "diffuse and expansive allegations [of conspiracy] are insufficient, unless amplified by specific instances of misconduct").

### iii. Plaintiffs Do Not Allege Independently Culpable Behavior.

Finally, Plaintiffs' conspiracy claim fails because Plaintiffs allege no "overt act" or "independently culpable behavior" on behalf of Ms. Schneider. *Am. Bldg. Maint. Co. of New York v. Acme Prop. Servs., Inc.*, 515 F. Supp. 2d 298, 318 (N.D.N.Y. 2007) (holding that "in order for [a] conspiracy claim to survive" defendants must "assert more specific allegations, including times, facts, and circumstances" including alleging "specific, overt, and improper" acts); *see, e.g.*, *Lipin v. Hunt*, 538 F. Supp. 2d 590, 602 (S.D.N.Y. 2008) (dismissing conspiracy claim because the court found no nonconclusory "independent culpable behavior" on behalf of the defendant). Merely arranging interviews among BSF attorneys and the media is precisely the type of ministerial act that is insufficient to "meet the in-furtherance-of requirement at the heart of a

17

conspiracy claim." *Freeman v. HSBC Holdings PLC*, 57 F.4th 66, 82 (2d Cir. 2023); *see, e.g.*, *Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015), *aff'd*, 821 F.3d 349 (2d Cir. 2016) (to satisfy the "overt act requirement" a plaintiff "must allege facts indicating that an overt act was done in furtherance of an agreement to commit unlawful acts").

## IV.    The Claims Against Ms. Schneider Should Be Dismissed with Prejudice.

Ms. Schneider respectfully requests that the claims against her be dismissed <u>with prejudice</u>. Plaintiffs have already had the opportunity to amend their complaint, after having the benefit of reviewing the arguments set forth in Ms. Schneider's pre-motion letter, *see* ECF No. 22, and the Amended Complaint still fails to state a claim as a matter of law. *See, e.g.*, *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (dismissing complaint when plaintiffs have already amended their complaint "after having the benefit of a pre-motion letter"); *Nat'l Credit Union Admin. Bd. V. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defect of the first."); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend when plaintiffs had the chance to amend with "notice of defects").

The deficiencies in Plaintiffs' claims cannot be cured, and Ms. Schneider respectfully submits that dismissal with prejudice is appropriate here. *See, e.g.*, *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* complaint without leave to replead because the problem with the causes of action were "substantive" and "better pleading [would] not cure it"); *Owoyemi v. Credit Corp Sols. Inc.*, 596 F. Supp. 3d 514, 521 (S.D.N.Y. 2022) (stating that the dismissal of a *pro se* complaints is appropriate where "the problem with plaintiff's causes of action is substantive such that amendment would be futile") (cleaned up).

## **CONCLUSION**

Defendant Dawn Schneider respectfully requests that the Court dismiss Plaintiffs' claims against her with prejudice.

Dated: February 7, 2025

Respectfully submitted,

STONE & MAGNANINI LLP

*/s/ David S. Stone*
David S. Stone
400 Connell Drive, Suite 6200
Berkeley Heights, New Jersey 07922
Telephone: (973) 218-1111
Fax: (973) 218-1106
DStone@SMcomplex.com

*Attorney for Defendant Dawn Schneider*

## <u>CERTIFICATION OF COMPLIANCE PURUSANT TO LOCAL RULE 7.1(c)</u>

The undersigned hereby certifies the total number of words in this Defendant's Motion to Dismiss does not exceed the 8,750-word limit set forth by Local Rule 7.1(c). This document has 5,782 words excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service. I have relied on the word count of the word processing system used to prepare this document

Dated: February 7, 2025                    *s/David S. Stone*
                                            David S. Stone

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Motion to Dismiss was served on February 7, 2025, via the Court's CM/ECF electronic-filing system addressed to all parties on the e-service list.

*/s/ David S. Stone*
David S. Stone
