UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTY BUTTON and MITCHELL TAYLOR BUTTON,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL and DAVID MCCRAW,<br><br>　　　　　　　　　　　　Defendants. | No. 1:24-cv-05888-MKV<br><br>*Pro Se Case* |

## NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of the Motion to Dismiss and the Declaration of Al-Amyn Sumar, dated February 7, 2025, together with the exhibits attached thereto, Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw ("The Times Defendants") hereby respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) and New York Civil Rights Law § 70-a for an order dismissing the Amended Complaint as to them and awarding them attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Because Plaintiffs have appeared pro se, The Times attaches the notice required by Local Rule 12.1, and, pursuant to Local Rule 7.2, will provide Plaintiffs with copies of cases and other authorities cited in the accompanying Memorandum of Law that are unpublished or reported exclusively on computerized databases.

|  |  |
|---|---|
| Dated: February 7, 2025<br>New York, New York | THE NEW YORK TIMES COMPANY<br><br>By: _/s/ Al-Amyn Sumar_<br>Al-Amyn Sumar<br>Timothy Tai<br>The New York Times Company<br>Legal Department<br>620 8th Avenue<br>New York, NY 10018<br>Telephone: (202) 862-0775<br>al-amyn.sumar@nytimes.com<br>timothy.tai@nytimes.com<br><br>*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw* |

**NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS**

The defendant in this case has moved to dismiss or for judgment on the pleadings under Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial, based on these written materials. You are warned that the court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying on the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial. If you have any questions, you may direct them to the Pro Se Office.