UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,

                Plaintiffs,

v.

THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL and DAVID MCCRAW,

                Defendants.

No. 1:24-cv-05888-MKV

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OF DEFENDANTS THE NEW YORK TIMES COMPANY, JULIA JACOBS, DEMETRI BLAISDELL, AND DAVID MCCRAW

Al-Amyn Sumar
Timothy Tai
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-0775
al-amyn.sumar@nytimes.com
timothy.tai@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.    THE NEW YORK ANTI-SLAPP LAW APPLIES TO THE BUTTONS' CLAIMS. ...................................................................................................................... 2

    II.    THE CLAIMS AGAINST MS. JACOBS AND THE TIMES SHOULD BE DISMISSED. .................................................................................................................. 3

        A.    The claims against The Times and Ms. Jacobs must be treated as defamation claims. .............................................................................................. 3

        B.    The claims are time barred. ........................................................................... 4

        C.    The claims are independently barred by the fair report privilege. .............. 5

        D.    The Buttons' defamation claim is meritless. ................................................ 7

        E.    The Buttons' pleaded claims are insufficiently alleged. .............................. 8

    III.    THE CLAIMS AGAINST MR. BLAISDELL AND MR. MCCRAW SHOULD BE DISMISSED. ............................................................................................................. 9

    IV.    THE NEW YORK ANTI-SLAPP LAW ENTITLES THE TIMES DEFENDANTS TO THEIR FEES. ................................................................................................................. 9

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bloom v. A360 Media LLC*,
    735 F. Supp. 3d 466 (S.D.N.Y. 2024) ................................................................................... 3

*Bobulinski v. Tarlov*,
    No. 24-cv-2349, 2024 U.S. Dist. LEXIS 214981 (S.D.N.Y. Nov. 26, 2024) ......................... 3

*Button v. McCawley*,
    No. 24-cv-60911, 2025 U.S. Dist. LEXIS 3634 (S.D. Fla. Jan. 8, 2025) ............................. 10

*Chau v. Lewis*,
    771 F.3d 118 (2d Cir. 2014) ................................................................................................... 2

*Center for Medical Progress v. Planned Parenthood Federation of America*,
    551 F. Supp. 3d 320 (S.D.N.Y. 2021) .................................................................................... 7

*Gorokhovsky v. Stefantsova*,
    No. 19-cv-8101, 2022 U.S. Dist. LEXIS 220908 (S.D.N.Y. Dec. 7, 2022) ........................... 4

*Kinsey v. N.Y. Times Co.*,
    991 F.3d 171 (2d Cir. 2021) ................................................................................................... 6

*Nuñes v. Société Générale, S.A.*,
    No. 20-cv-851, 2023 U.S. Dist. LEXIS 55811 (S.D.N.Y. Mar. 30, 2023) ............................ 3

*Sang v. Hai*,
    951 F. Supp. 2d 504 (S.D.N.Y. 2013) ................................................................................ 5, 6

*Tsamasiros v. Jones*,
    232 A.D.3d 816 (2d Dep't 2024) ............................................................................................ 2

*Verschleiser v. Frydman*,
    No. 22-cv-7909, 2023 U.S. Dist. LEXIS 158963 (S.D.N.Y. Sept. 7, 2023) .......................... 4

*Zappin v. NYP Holdings, Inc.*,
    No. 16-cv-8838, 2018 WL 1474414 (S.D.N.Y. Mar. 26, 2018) ............................................ 6

**Statutes**

N.Y. Civ. Rights Law § 70-a .......................................................................................................... 10

N.Y. Civ. Rights Law § 76-a ............................................................................................................ 3

**Other Authorities**

*Charge*, Merriam-Webster Dictionary, https://www.merriam-
    webster.com/dictionary/charges ............................................................................................7

Defendants The New York Times Company ("The Times"), Julia Jacobs, Demetri Blaisdell, and David McCraw (collectively, "The Times Defendants") file this reply brief in further support of their motion to dismiss the Amended Complaint as to them and to award them attorneys' fees and costs.

## PRELIMINARY STATEMENT[1]

The narrative of the opposition brief rehashes that of the Amended Complaint: there is a grand conspiracy among Ms. Jacobs, The Times's in-house attorneys, and lawyers at the Boies Schiller firm to harm Plaintiffs Mitchell Taylor Button and Dusty Button and to deprive them of their legal rights. But that narrative is as baseless as it was in the Buttons' Amended Complaint. The conspiracy itself makes no sense, and there is not a shred of evidence to support its existence. And, even crediting the factual allegations at the heart of the Buttons' conspiracy theory, they still have no viable legal claim against any of The Times Defendants. First, as to The Times and Ms. Jacobs, the Buttons effectively abandon several of their claims. What they are left with is a defamation claim that is time barred, inadequately pleaded, and otherwise meritless. Second, as to The Times's in-house attorneys, the Buttons fail to adequately allege multiple elements of their claims. And because the New York anti-SLAPP law applies to this case, The Times Defendants are owed their attorneys' fees and costs.

---

[1] This brief uses the following short forms and abbreviations: "Article" for the article published by The Times on July 29, 2021, at issue in this case; "Am. Compl." for the Plaintiffs' Amended Complaint (Dkt. 34); "NYT Br." for The Times Defendants' opening brief (Dkt. 42); and "Opp. Br." for the Buttons' opposition brief (Dkt. 47).

1

## ARGUMENT

I.   **THE NEW YORK ANTI-SLAPP LAW APPLIES TO THE BUTTONS' CLAIMS.**[2]

The Buttons say that the New York anti-SLAPP law — which requires them to plead and prove actual malice and entitles The Times Defendants to recover their attorneys' fees upon prevailing (*see* NYT Br. at 8) — does not apply here for two reasons. Opp. Br. at 19-21. On both points, they are wrong. The Buttons contend, first, that the Article does not concern "an issue of public interest" within the meaning of the statute (*see* NYT Br. at 7) because the Nevada lawsuit was "a private matter until the [Boies attorneys] unethically played to the media and litigated strategically in the court of public opinion." Opp. Br. at 20. Setting aside whether the Boies attorneys in fact acted "unethically" or litigated "in the court of public opinion" (which are entirely irrelevant here), a federal lawsuit alleging serious sexual abuse is not a "private matter" — not under the anti-SLAPP law, and not as a matter of common sense. *See* NYT Br. at 7 (citing *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 19 (1st Dep't 2024)).[3]

Second, the Buttons argue that the anti-SLAPP law does not apply because they contend The Times and Ms. Jacobs made "knowingly false statements of fact." Opp. Br. at 20. They misapprehend how the statute operates. Courts do not assess the truth or falsity of the

---

[2] The Buttons do not dispute that New York law applies to this case, and in fact agree that it does by relying primarily on case law from New York state and federal courts. *E.g.*, Opp. Br. at 20-22, 24, 26, 29; *see, e.g.*, *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (cleaned up)).

[3] The Buttons point (Opp. Br. at 20-21) to *Tsamasiros v. Jones*, 232 A.D.3d 816 (2d Dep't 2024), but the case is not to the contrary. The court applied the same principles set out in The Times Defendants' opening brief (*see* NYT Br. at 7-8) to the very different scenario presented in that case and found that the speech concerned a "purely private matter." *See Tsamasiros*, 232 A.D.3d at 817-19 (finding that "the subject letter distributed [by the defendant] to Club members concerned a purely private matter," "was directed only to a limited private audience," and "did not implicate any issue of broad public interest").

defendant's speech or the defendant's state of mind to determine whether, as a threshold matter, the protections of the anti-SLAPP law are triggered. What matters under the law is whether a suit constitutes an "action involving public petition and participation." N.Y. Civ. Rights Law § 76-a; *see, e.g.*, *Bloom v. A360 Media LLC*, 735 F. Supp. 3d 466, 477 (S.D.N.Y. 2024); *Bobulinski v. Tarlov*, No. 24-cv-2349, 2024 U.S. Dist. LEXIS 214981, at *18 (S.D.N.Y. Nov. 26, 2024). If what the Buttons mean to say is that they have plausibly alleged actual malice, The Times Defendants have already explained how the Amended Complaint manifestly fails to do so (*see* NYT Br. at 16-17), and the opposition brief adds nothing new. And though the Buttons go on to argue that they need not plead and prove actual malice because they are not public figures (Opp. Br. at 24-26), they again misunderstand the law. Actual malice is a showing independently required by New York's anti-SLAPP law for any claim within the scope of the statute and for which, as here, "the truth or falsity of such communication is material," NYT Br. at 8 (quoting N.Y. Civ. Rights Law § 76-a(2)) — regardless of the plaintiff's public figure status, *see, e.g.*, *Bobulinski*, 2024 U.S. Dist. LEXIS 214981, at *18.

## II. THE CLAIMS AGAINST MS. JACOBS AND THE TIMES SHOULD BE DISMISSED.

The Buttons fail to respond convincingly, or in some cases at all, to the numerous grounds for dismissing the claims against The Times and Ms. Jacobs.

### A. The claims against The Times and Ms. Jacobs must be treated as defamation claims.

The Buttons do not dispute that their claims for tortious interference, negligent infliction of emotional distress, and civil conspiracy must be treated as defamation claims because they are premised on reputational harm. *See* NYT Br. at 9-10. The Buttons' silence on these points means that they have conceded them. *See, e.g.*, *Nuñes v. Société Générale, S.A.*, No. 20-cv-851, 2023

3

U.S. Dist. LEXIS 55811, at *18 n.8 (S.D.N.Y. Mar. 30, 2023) (Vyskocil, J.) ("Plaintiffs have conceded that point by failing to dispute it in their opposition brief.").

The single pleaded claim the Buttons seek to preserve is for injurious falsehood, which they say is "most appropriate here because *the Plaintiffs were their goods*, services and business." Opp. Br. at 21 (emphasis in original). The Buttons ignore the contents of their own pleading, which make clear that all their claims against The Times and Ms. Jacobs, including for injurious falsehood, seek redress for alleged reputational harm. *See* NYT Br. at 9-10 (citing Am. Compl.); *see also* Opp. Br. at 21 (equating their purported "goods, services and business" to "their reputations"). Even the statement that Mr. Button was a "former dance teacher" is alleged to be defamatory because it purportedly created a "false narrative against the Buttons," Opp. Br. at 10-11, not because it disparaged Mr. Button's work as a "vehicle designer[] and builder[]," Am. Compl. ¶ 51. New York courts routinely reject attempts by plaintiffs to plead defamation claims under the guise of injurious falsehood. *See, e.g.*, *Gorokhovsky v. Stefantsova*, No. 19-cv-8101, 2022 U.S. Dist. LEXIS 220908, at *11 & n.5 (S.D.N.Y. Dec. 7, 2022) (Vyskocil, J.) ("[I]n determining which statute of limitations is applicable to a cause of action, it is the essence of the action and not its mere name that controls.").

## B. The claims are time barred.

On the timeliness of their claims, the Buttons again do not address tortious interference, emotional distress, and civil conspiracy — conceding that these are time barred. *See* NYT Br. at 10-12. Though the Buttons say that an injurious falsehood claim is subject to a three-year limitations period (Opp. Br. at 21 & n.19), it is not: the period is one year. *See, e.g.*, *Verschleiser v. Frydman*, No. 22-cv-7909, 2023 U.S. Dist. LEXIS 158963, at *24 (S.D.N.Y. Sept. 7, 2023) ("The plaintiff's injurious falsehood claim is subject to a one-year statute of limitations." (citing CPLR § 215(3), and *Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 80 (S.D.N.Y. 1995))). So,

4

whether the Buttons' claim is treated as one for injurious falsehood or as one for defamation (*see* NYT Br. at 10-11), it is not timely. The Buttons also make no attempt to defend their flawed suggestion that the doctrines of equitable tolling and equitable estoppel apply to their claims (NYT Br. at 11-12), forfeiting those arguments as well.

    **C. The claims are independently barred by the fair report privilege.**

The Buttons' efforts to get around the fair report privilege (*see* Opp. Br. at 23-24) go nowhere. As The Times Defendants explained in their opening brief, the privilege applies to substantially accurate reports of judicial proceedings — full stop. *See* NYT Br. at 12. The Buttons complain that the Article "was not accurate" (Opp. Br. at 23), but apart from their contrived reading of the word "charges," they never identify how the Article misstated the contents of the Nevada complaint, which is the relevant issue. *See* NYT Br. at 13 ("[T]he fair report privilege does not consider whether those allegations are true — only whether the Article accurately recounts them."). The Buttons also claim that a report of a judicial proceeding must be "balanced and neutral" for the privilege to attach. *See* Opp. Br. at 22 n.20. Setting aside that the Article included a response from the Buttons' attorney, no such requirement exists. *See, e.g.*, *Sang v. Hai*, 951 F. Supp. 2d 504, 521 (S.D.N.Y. 2013) (noting that the fair report privilege has "no requirement that the publication report the [other] side of the controversy").

The Buttons also attempt to defeat the privilege by arguing that it cannot apply because Ms. Jacobs allegedly interviewed the Nevada plaintiffs before the lawsuit was filed. *See* Opp. Br. at 7. But they do not dispute, nor can they, that the Article was published after the suit was filed and attributed the challenged statements to the proceeding. *See* Am. Compl. ¶¶ 62, 65. Those are the salient issues. Whether and how Ms. Jacobs gathered information before the Article was published is, for purposes of the privilege, irrelevant. *See, e.g.*, *Sang*, 951 F. Supp. 2d at 521 (under New York law, "once it is established that the publication is reporting on a judicial

5

proceeding, how a reporter gathers his information concerning a judicial proceeding is immaterial").[4] As to the Buttons' distinct claim that they were somehow harmed because the Article was published before they were served with the Nevada complaint (*see* Opp. Br. at 1) they again fail to explain the logic of the argument or what bearing it has on their legal claims. *See* NYT Br. at 16 n.15.

To be clear, whether the fair report privilege applies is a question of law that New York courts routinely resolve at the pleading stage, and this court should do so, too. *See, e.g.*, *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 180 (2d Cir. 2021); *Zappin v. NYP Holdings, Inc.*, No. 16-cv-8838, 2018 WL 1474414, at *9 (S.D.N.Y. Mar. 26, 2018), *aff'd*, 769 F. App'x 5 (2d Cir. 2019); *Sang*, 951 F. Supp. 2d at 520-22. The Buttons make much of the fact that in the Nevada litigation — a case governed by different law, involving different parties, and with facts that bear no resemblance to those here — the court at one point ruled that because of certain "factual issues" it could not resolve on a motion to dismiss whether Nevada's fair report privilege applied to certain statements. Opp. Br. at 23 n.21. But the Buttons do not actually identify any "factual issues" here that would affect the application of the privilege — because there are none. It is clear from the face of both the Article and the Nevada complaint that the privilege attaches here.[5]

---

[4] The opposition brief also contains a number of false or misleading claims about the reporting of the Article — including that Ms. Jacobs did not "diligently research" the subject of the Article or "verify" the Nevada plaintiffs' claims, and that she knew the contents of the Nevada complaint to be untrue (Opp. Br. at 9-10) — but these, too, are beside the point. The absolute privilege is "not defeated by the presence of malice or bad faith," NYT Br. at 12 (quoting *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 328 (S.D.N.Y. 2021)), and Buttons again cite no contrary authority.

[5] At another point in their brief the Buttons say it would be "unjust" to deny them discovery because they have obtained relevant materials in the Nevada case but are prohibited by the protective order from using them in this case. Opp. Br. at 19. But they do not explain why they could not have included that material in their pleading and filed it under seal or alleged facts generally that they learned through confidential discovery in the Nevada case.

**D. The Buttons' defamation claim is meritless.**

Even if the Buttons' defamation claim were timely, it is not viable. They insist the reference to "charges" in the Article would have been taken by a reasonable reader to mean that the Buttons had been criminally charged, even though there is literally nothing in the Article to support that interpretation. To be a "reasonable reader" is to view words in context, not isolation, and to appreciate that words can have different meanings depending on that context. *See, e.g.*, *Ctr. for Med. Progress*, 551 F. Supp. 3d at 331 (noting that a reasonable reader interprets statements in context). Reading the Article as a whole, it would be obvious to a reasonable reader that "charges" refers to the serious allegations made about the Buttons, not a formal criminal accusation.[6] *See* NYT Br. at 14-15.[7] Mr. Button also maintains that he was defamed by the Article's reference to him as a "former dance teacher," though his brief never stops to explain why such a statement would be defamatory and essentially concedes that the statement is true.[8] *See* Opp. Br. at 10-11 (indicating that "dance teacher" was among Mr. Button's "previous occupations"). And in neither case does the opposition brief identify facts that would plausibly create even a hint of actual malice on the part of Ms. Jacobs or The Times. *See* NYT Br. at 16-17.

---

[6] *See Charge*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/charges (noting that one definition of "charge" is "a statement of complaint or hostile criticism").

[7] To support their strained reading of the word "charges" the Buttons point to a social media comment allegedly posted last month — apparently somewhere on Instagram, though it is unclear who posted the comment and the context in which it was made — stating that they were "locked up for human trafficking." Opp. Br. at Ex. 2. Even if the comment had been included in the Amended Complaint and not improperly with an opposition brief, there is nothing whatsoever that connects it to the Article or sheds light on the meaning of the word "charges."

[8] The Buttons refer in passing to the Article's headline (*see* Opp. Br. at 10) but do not otherwise challenge The Times Defendants' arguments on it (*see* NYT Br. at 13-14).

### E. The Buttons' pleaded claims are insufficiently alleged.

On injurious falsehood, the crux of the Buttons' argument is the Article "denigrat[ed] the quality of [their] goods or services" because the allegations of sexual misconduct in the Nevada complaint and reported in the Article caused them to suffer professional consequences. Opp. Br. at 23. But those two things are not the same. As the Buttons' own authorities say, injurious falsehood requires a statement "derogatory to the plaintiff's business of a kind calculated to prevent others from dealing with the business," *id.* at 22 (quoting *Kasada, Inc. v. Access Capital, Inc.*, No. 01-cv-8893, 2004 U.S. Dist. LEXIS 25257, at *50 (S.D.N.Y. Dec. 10, 2004)) — not merely any statement that allegedly impacts the plaintiff's business, which can be said of much alleged defamation. Here, the Article reported on a lawsuit alleging serious sexual abuse by Mr. Button and his wife — their personal behavior, not the handling of their business. Other elements of the tort are also insufficiently alleged. *See* NYT Br. at 17.

The Buttons' opposition also does nothing to remedy their failure to plead elements of the other torts. On tortious interference, the Buttons maintain that Ms. Jacobs must have known of contracts between the Buttons and third parties because she allegedly reached out to some of these third parties for comment. But this outreach would show only that Ms. Jacobs believed there was some relationship between the Buttons and these third parties, not that she knew of specific contracts. Even if she did, the opposition neither explains how the Amended Complaint plausibly alleges the other elements of the tort, including inducing breach of the contracts and actual breach, nor challenges that news reporting is an absolute defense under New York law. NYT Br. at 18. On NIED, the Buttons only reassert that they suffered emotional distress from the Article but say nothing about the grounds for dismissal in The Times Defendants' opening brief. *Id.* And on civil conspiracy, which is not an independent tort, *see id.*, the Buttons continue to

8

offer nothing more than unfounded conspiracy theories about collaboration with the Boies attorneys. *See* Opp. Br. at 27-28.

### III. THE CLAIMS AGAINST MR. BLAISDELL AND MR. MCCRAW SHOULD BE DISMISSED.

Like their Amended Complaint, the Buttons' opposition brief is heavy on conspiracy and light on factual or legal support. The opposition repeats many of the Amended Complaint's baseless allegations about Mr. Blaisdell's and Mr. McCraw's alleged conspiracy-making and other misconduct. *See* Opp. Br. at 28-30. But as noted, Mr. Blaisdell and Mr. McCraw were doing what in-house lawyers do: responding to a proposed and improper third-party subpoena. *See* NYT Br. at 19-21. And the Buttons have never come remotely close to stating a legal claim against either of them. *See id.* 20-21. As to their NIED claim, the Buttons say only that outrageous conduct is not an element of the claim (even though The Times Defendants did not say it was) and that in some states, an attorney may owe a duty to a third party "if the attorney was hired for the purpose of benefiting a third party" (even though that principle has absolutely nothing to do with the facts alleged here). Opp. Br. at 29. The Buttons do not otherwise address the serious flaws in that claim. *See* NYT Br. at 20-21. And the Buttons' civil conspiracy claim fails for all the reasons noted in The Times Defendants' opening brief. *Id.* at 21.

### IV. THE NEW YORK ANTI-SLAPP LAW ENTITLES THE TIMES DEFENDANTS TO THEIR FEES.

The Buttons do not dispute that the anti-SLAPP law's fees provision applies in federal court or that The Times Defendants may recover their fees via a motion to dismiss (NYT Br. at 21-22) — thus conceding these points. The closest the Buttons come to contesting The Times Defendants' entitlement to attorneys' fees is a footnote referencing a decision from the Southern District of Florida, in litigation between the Buttons and a Boies attorney, that denied without

9

prejudice the attorney's motion to recover fees and costs under Florida's anti-SLAPP law.[9] Opp. Br. at 8-9 n.5. But that decision has no relevance to the question at hand here: whether, under New York law, The Times Defendants may recover the fees they incurred in this case. The Times Defendants have made the showing required under the New York statute: that "the [lawsuit] was commenced or continued without a substantial basis in fact and law." N.Y. Civ. Rights Law § 70-a(1)(a). Nothing more is required.

## CONCLUSION

For the foregoing reasons, and those stated in their opening brief, The Times Defendants respectfully request that the Court dismiss all the claims against them, award them their fees and costs under the New York anti-SLAPP law, and grant such further relief as the Court deems appropriate.

Dated: March 14, 2025
       New York, New York

THE NEW YORK TIMES COMPANY

By: */s/ Al-Amyn Sumar*
Al-Amyn Sumar
Timothy Tai
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-0775
al-amyn.sumar@nytimes.com
timothy.tai@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

---

[9] Notably, the court denied the fee motion not because it believed the Buttons' claims necessarily had merit, but only because it had not yet decided the merits of all the claims. *Button v. McCawley*, No. 24-cv-60911, 2025 U.S. Dist. LEXIS 3634, at *32 (S.D. Fla. Jan. 8, 2025).

10

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word count requirements of Local Civil Rule 7.1(c). According to the word count in Microsoft Word, which was used to prepare this brief, the number of words in this document, excluding the caption, any index, table of contents, table of authorities, signature blocks, and this certificate, is 3,381.

Dated: March 14, 2025
       New York, New York

                                        */s/ Al-Amyn Sumar*
                                        Al-Amyn Sumar