Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

April 19th, 2025

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re:    *Button et al. v. the New York Times Company.* 1:24-cv-05888-MKV

Dear Judge Vyskocil:

*Pro se* Plaintiffs submit their response to the letter submitted by counsel for the Defendants Ruff and Mariella on April 16th, 2025 ("**Notice of a Memorandum and Order entered on April 15, 2025, by the Appeals Court for the Commonwealth of Massachusetts, denying the Buttons' appeal of an order which denied their motion to vacate certain restraining orders against them.**")

While the Plaintiffs understand a notice of authority is permitted, they take the opportunity to address the Defendants' intentionally misleading use of the Massachusetts Appeals Court Order issued on April 15th, 2025. The order the Defendants have submitted here in a desperate attempt to convince this Court that they have not committed fraud against the Plaintiffs is mischaracterized and entirely irrelevant to the Plaintiffs' claims against them including Ms. Mariella's statement to the Massachusetts Appeals Court that, "lying to the Court is not fraud on the Court". The Plaintiffs did not state that either Ms. Ruff or Mariella committed fraud on the Massachusetts Court in 2017 or 2018 when their client Sage Humphries first committed fraud, (including in 2018 at an ex-parte hearing where the Plaintiffs could not defend the false allegations made by Sage and her attorney Maura Melcher), that the Plaintiffs were selling illegal firearms in California and that a third-party "personal assistant" was sent by the Plaintiffs to stalk her, leading the Judge to grant permanent abuse prevention orders at an ex-parte hearing, (the same Judge from 2017). Plaintiffs ***did not even*** discover these false allegations until they received the transcript from the 2018 hearing when Ms. Humphries filed a civil suit against them four years later in the District Court of Nevada, where Ms. Ruff and Mariella represent her. The allegations against the Defendants are not relevant to the order from the Massachusetts Appeals Court including because much of the argument in the Plaintiffs' Appellate brief was regarding false police reports made by Sage Humphries, which were first withheld in Massachusetts in 2017 and 2018, and again in 2023 and again by Ms. Ruff and Mariella during their representation of Ms. Humphries in the Nevada litigation[1]. Ms. Ruff and

---

[1] The Plaintiffs filed a motion with the Nevada District Court to compel the false police report which Sage Humphries filed on May 28th, 2017; that report proved that Sage spoke to the Orange County Sheriff's Department after her father called the department and falsely alleged that the Plaintiffs were flying from Massachusetts to

Ms. Mariella's fraud on the Court was not up for discussion in the Massachusetts Appeals Court and regardless of whether or not the Court found the Plaintiffs had not previously proved in March of 2023 that Sage Humphries had committed a fraud in 2017 and 2018, those findings do not substantiate the Defendants' contention that, "the Order corroborates Ms. Mariella's and Ms. Ruff's arguments". In addition to the many allegations made by the Plaintiffs, Ms. Ruff and Mariella claimed that the Buttons "stole" their client Sage's cell phone in 2017 and that the Boston Municipal Court had ordered them to "destroy" any information related to Sage Humphries as part of her abuse prevention order, which is entirely false; this was an effort to convince the Nevada District Court that the Buttons should have destroyed any evidence against Sage Humphries, and in fact they were successful as the Nevada District Court sanctioned the Buttons and ordered them to destroy evidence after Ms. Ruff and Mariella stated the Buttons "stole" data from Sage Humphries' iPhone, only for them to "backtrack" on their statements, (though the sanctions remained), and then requested a hearing in Massachusetts and made the same argument that Plaintiffs' stole their clients' phone, even after they "backtracked" in Nevada months earlier, in order to equally convince the Massachusetts Court, which they did; as the order which the Court stated, was regarding the "data", nothing to do with "abuse", which is partially why the Plaintiffs appealed the order, resulting in the Appeals order here[2].

      The Plaintiffs have been diligent in filing the appropriate motions and applications in various courts but will continue to file in Massachusetts with the new evidence provided in Nevada. For example, the Plaintiffs initially filed to vacate the abuse prevention orders after receiving only "some" of the evidence against Sage Humphries in the Nevada litigation as they immediately wanted to prove to the Court in Massachusetts that fraud was committed and is continuing to be committed, which Sage Humphries herself has admitted to. The initial hearing regarding to "vacate" the orders was held on March 27th, 2023 but Sage Humphries was deposed on August 23rd, 2023 and the Appeals Court does not accept new evidence. This has been the unfortunate situation for the Plaintiffs for years as they continue to uncover evidence of fraud years later, including Ms. Humphries' own admissions of fraud including admissions which prove the Plaintiffs' truth that the restraining orders were never to restrain the Plaintiffs from "abusing" Ms. Humphries at all, (because they did not), but to conceal evidence of other crimes committed by Sage Humphries and Daryl Katz[3], crimes which Ms. Ruff and Mariella have

---

California to kidnap his daughter, stated that his daughter was in a relationship with the Plaintiffs and further, falsely alleged that the Buttons were going to harm his family but his own daughter, Sage stated that there was "no validity" to his statements and that no harm was going to be done to her family. Sage's father filed this false report knowingly, after Sage attempted to escape her parents' home. The Plaintiffs here have since filed a lawsuit against the Humphries' in the Southern District Court of California and others including Daryl Katz, who is the sole reason the entirety of the Nevada litigation exists and admittedly the reason that restraining orders were even filed against the Buttons to begin with, in 2017.

[2] The Court should take note that the Plaintiffs were not allowed to file any new evidence into their Massachusetts Appeal following the initial hearing which includes the seven-hour deposition transcript of Sage Humphries, communications with the police departments, (over eight), between the Plaintiffs and multiple detectives regarding the false police reports filed by Sage and her family, subpoenaed records and reports which were withheld by Ms. Mariella and Ruff, legally recorded phone calls between the Plaintiffs and witnesses which corroborate the Plaintiffs allegations against Sage Humphries, her parents, the five other women in the Nevada litigation and the Defendants in this case including Ms. Ruff and Mariella.

[3] The Plaintiffs filed a lawsuit against Mr. Katz in California, Sage Humphries parents, and others; the Court has disagreed with Ms. Ruff and Ms. Mariella's arguments that the Plaintiffs should not be allowed to file a second amended complaint and that complaint is due on April 23rd, 2025, finding that the Plaintiffs' complaint has merit.

knowledge of and are in possession of but convinced the Court was stolen, rather than uploaded on the Plaintiffs' hard drive in 2017 by Sage Humphries, which the Plaintiffs did not even discover until the Nevada litigation discovery process began.

The Defendants know that they are seriously misleading this Court but it is the *modus operandi* of any attorney from Boies Schiller & Flexner to do so. The Plaintiffs have since filed a motion with the District Court of Nevada to release the depositions of Sage Humphries and the Defendants' other clients to other courts in support of their allegations and to the police departments, which was initially denied because the attorneys from Boies Schiller & Flexner did not agree but was eventually granted by the Court[4]. Now, the Plaintiffs will appeal the decision of the Massachusetts Appeals Court, file to reconsider and also call for an evidentiary hearing in Massachusetts so that they may finally get the justice they deserve in proving the fraud which Sage Humphries has admitted to under oath but was not available at the time the Plaintiffs initially filed to vacate the restraining orders in February of 2023, which was consolidated with the Defendants' motion for contempt against the Plaintiffs for "stealing" Sage Humphries data regarding screenshotted text messages between her and Daryl Katz and for "publishing" that data, which they did not. The Court in Massachusetts found that the Plaintiffs did not violate the abuse prevention orders including that they did not steal any data from Sage Humphries and that they did not publish any evidence against her that was not their property. The Court should take special notice that abuse prevention orders are to prevent abuse, not to conceal data which is why Sage Humphries specifically requested abuse prevention orders to order the Plaintiffs not to "publish" evidence which she uploaded on their hard drive in 2017, which revealed her sexual relationship with Daryl Katz and the crimes she committed in relation to that relationship; she even stated on her abuse prevention orders that she was not forced, threatened or under duress during any time in her relationship with the Plaintiffs, which the Defendants here entirely and intentionally disregarded when filing their clients' complaint, fraudulently stating the Plaintiffs "forced" her to be in a relationship even after their own client admitted that was false.

While Plaintiffs understand there may be complexity in the eyes of anyone who has not been presented with all of the evidence from 2017 until now, the Plaintiffs make it known to the Court that regardless of the tactics Boies Schiller uses against them in an effort to silence them and to mislead the Courts that their pursuit for justice is "frivolous" and "harassing", the Plaintiffs will not stop. *Even if* the Court would take this order into consideration, the orders entered by the Massachusetts Appeals Court bear no relevance on the allegations against the Defendants Ruff and Mariella because the allegations against them are pertaining to fraud committed by them not only in Massachusetts but in Nevada including that they withheld evidence to prevent the Plaintiffs from being able to file to vacate the abuse prevention orders properly by withholding evidence while knowing their client lied to the Court to obtain those very orders, using them as grounds to sue the Plaintiffs for $131,000,000.00 four years later in another Court, even after waiving monetary damages in Massachusetts in 2017 and 2018.

The Plaintiffs respectfully ask this Court to disregard the orders in relation to the allegations against the Defendants as the Plaintiffs continue to their pursuit for justice.

---

See case 8:24-cv-01730-JVS-DFM – ECF No. 65 GRANTING Plaintiffs' Motion for leave to file a second amended complaint.

[4] See Nevada District Court case 2:21-cv-01412-ART-EJY ECF No. 489

Respectfully dated this 19th day of April, 2025

/s/ _____
Dusty Button (*pro se*)

/s/ _____
Taylor Button (*pro se*)