UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,

                Plaintiffs,

v.

THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL and DAVID MCCRAW,

                Defendants.

No. 1:24-cv-05888-MKV

---

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES OF DEFENDANTS THE NEW YORK TIMES COMPANY, <u>JULIA JACOBS, DEMETRI BLAISDELL, AND DAVID MCCRAW</u>**

Dana Green
Al-Amyn Sumar
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-0775
dana.green@nytimes.com
al-amyn.sumar@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

Defendants The New York Times Company ("The Times"), publisher of *The New York Times*; Julia Jacobs; Demetri Blaisdell; and David McCraw (collectively, "The Times Defendants") respectfully file this renewed motion pursuant to Federal Rule of Civil Procedure 54(d)(2) and New York Civil Rights Law § 70-a (a provision of the New York anti-SLAPP law) for an order awarding them their attorneys' fees in this matter.[1]

## PRELIMINARY STATEMENT

This is a frivolous lawsuit that should have never been filed. As the Court concluded in its dismissal order, Plaintiffs Mitchell and Dusty Button had no timely or cognizable claim against The Times Defendants: not Ms. Jacobs, who merely reported accurately on the contents of a lawsuit filed against the Buttons, and not Mr. McCraw and Mr. Blaisdell, who did nothing more than respond to a third-party subpoena.

The Times Defendants ask that the Court order the Buttons to pay the attorneys' fees they owe under the New York anti-SLAPP law. The Court has already determined that The Times Defendants are entitled to those fees and may recover them pursuant to a Rule 54(d)(2) motion; all that is left to do is fix the amount. Applying reasonable hourly rates to the hours reasonably expended by The Times Defendants' attorneys, that amount is $43,174.

## BACKGROUND

The Buttons filed their initial complaint on July 29, 2024, bringing claims against The Times Defendants as well as members of the Boies Schiller firm. Dkt. 1. After The Times Defendants (among others) filed a pre-motion letter regarding their anticipated motion to dismiss, and with leave of the Court, the Buttons filed an amended pleading on January 24, 2025.

---

[1] This memorandum is accompanied by the Declaration of Al-Amyn Sumar, dated September 29, 2025 ("Sumar Decl.").

Dkt. 34. As to The Times Defendants, the amended complaint asserted claims for injurious falsehood, tortious interference, negligent infliction of emotional distress (NIED) and civil conspiracy. *Id.* ¶¶ 281-402.[2] The Times Defendants then moved to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and to recover their attorneys' fees under the New York anti-SLAPP law. Dkt. 41.

On September 15, 2025, the Court issued an opinion and order granting the motions to dismiss filed by The Times Defendants as well as the other defendants. Dkt. 65. As to The Times Defendants, the Court found that the claims were largely time-barred since they sound in defamation and are thus subject to a one-year statute of limitations. *Id.* at 13-21.[3] The Court also found that the amended complaint failed to adequately allege multiple elements of the injurious falsehood, tortious interference, and NIED claims, and that civil conspiracy is not a freestanding claim. *Id.* at 21-33, 36-37. The Court declined to grant the Buttons leave to again amend their pleading. *Id.* at 43 n.20.

As to The Times Defendants' request for attorneys' fees, the Court denied that motion without prejudice. *Id.* at 43. The Court agreed with The Times Defendants and a number of other courts in this district that the relevant provision of the New York anti-SLAPP law, Civil Rights Law § 70-a, applies in federal court. *Id.* at 37-41 (citing *Heilbut v. Cassava Scies., Inc.*, 778 F. Supp. 3d 551 (S.D.N.Y. 2025); *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 189 (S.D.N.Y. 2024)). The Court also held that a motion is an appropriate vehicle to recover those fees and costs. *Id.* at 41 (citing *Bobulinski*, 758 F. Supp. 3d at 188). But the Court held that Rule 54(d) governed any

---

[2] The injurious falsehood and tortious interference claims were asserted against The Times and Ms. Jacobs only. Dkt. 34 ¶¶ 281-354.

[3] The exception was the tortious interference claim, which the Court found was in part "predicated on pure economic harm and not reputational harm." Dkt. 65 at 17.

such motion and that The Times Defendants' motion did not, as required by that rule, "state the amount [of fees] sought or provide a fair estimate of it." *Id.* at 42 (quoting Fed. R. Civ. P. 54(d)(2)(B)).

## ARGUMENT

A motion for attorneys' fees pursuant to Federal Rule 54(d)(2) must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii), (iii).[4] Here, the Court has already ruled that The Times Defendants are entitled to seek their fees under the New York anti-SLAPP law.[5] To be clear: The Times Defendants have demonstrated — and this Court has already found — that the Buttons' suit (an "action involving public petition and participation") was "commenced or continued without a substantial basis in fact and law." N.Y. Civ. Rights Law § 70-a(1)(a); *see Bobulinski*, 758 F. Supp. 3d at 189 n.23 (noting that while the case "was not adjudicated pursuant to CPLR Section 3211(g), that avenue is enumerated as merely one way the attorney's fees provision can be triggered"); *id.* at 185 & n.17 (concluding that because the "Plaintiffs' claims clearly fail for multiple reasons under New York law," they necessarily lack a "substantial basis in fact and law" within the meaning of § 70-a(1)(a)).

The only remaining issue is whether the amount of fees sought here — $ 43,174 — is reasonable. It clearly is.

---

[4] A Rule 54(d)(2) motion must also "be filed no later than 14 days after the entry of judgment." This motion is timely, as judgment was entered on September 15, 2025. Dkt. 66.

[5] Though the anti-SLAPP statute entitles a successful defendant to its "costs and attorneys' fees," N.Y. Civ. Rights Law § 70-a(1), The Times Defendants seek only to recover attorneys' fees, not other costs.

**I.  The Attorneys' Fees Requested Here Are Reasonable**

The quantum of fees requested here is based on the "lodestar" method. *See, e.g.*, *Bobulinski v. Tarlov*, 2025 U.S. Dist. LEXIS 51839, at *2-3 (S.D.N.Y. Mar. 20, 2025) (applying lodestar method to calculate fees owed under anti-SLAPP statute); *Isaly v. Garde*, 83 Misc. 3d 379, 393-94 (Sup. Ct. N.Y. Cnty. 2024) (suggesting that lodestar would apply to such calculations). The lodestar "multiplies the number of hours the prevailing party's attorney expended on the case by the reasonable hourly rate charged for similar work by attorneys of like skill in the jurisdiction." *Penzo v. Consol. Edison Co. of N.Y.*, 2024 U.S. Dist. LEXIS 154251, at *2-3 (S.D.N.Y. Aug. 28, 2024) (Vyskocil, J.) (cleaned up); *accord, e.g.*, *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar "creates a presumptively reasonable fee" — one that can be adjusted only in the "rare circumstances" where it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 166-67 (cleaned up); *see id.* (emphasizing that "the lodestar can be adjusted only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation").

  A.  <u>The Requested Hourly Rates Are Reasonable</u>

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d. Cir. 2007); *accord, e.g.*, *Penzo*, 2024 U.S. Dist. LEXIS 154251, at *10. In determining that rate, the court considers "the prevailing market rate in this District for 'similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *3 (quoting *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Vision Constr. & Installation, Inc.*, 2024 U.S. Dist. LEXIS 104699, at *9 (S.D.N.Y. June 12, 2024)); *see*

4

*also Penzo*, 2024 U.S. Dist. LEXIS 154251, at *11 (a court may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district") (cleaned up).

The rates requested here — $630 for Mr. Sumar and $520 for Mr. Tai — are reasonable in light of the attorneys' skills and experience. In the ordinary case, the best evidence of a reasonable hourly rate is the rate attorneys charge their "fee-paying clients." *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *5. That evidence is obviously unavailable for in-house attorneys who do not bill their clients by the hour. But here the Court has arguably better evidence of the appropriate hourly rate: decisions of New York courts, including one in this district, that approved hourly rates for other attorneys in The Times's legal department. *See* Sumar Decl. ¶¶ 11-13 (discussing *Trump v. Trump*, 2024 N.Y. Misc. LEXIS 117, No. 453299/2021 (Sup. Ct. N.Y. Cnty. Jan. 12, 2024); *N.Y. Times Co. v. Centr. Intel. Agency*, 251 F. Supp. 3d 710 (S.D.N.Y. 2017)). In the *Trump* case, for instance — a suit that was also dismissed under the New York anti-SLAPP law — the court found that the rates requested were "reasonable" given, among other factors, the "experience, ability, and reputation" of The Times's in-house attorneys and "the customary fee charged for similar services." 2024 N.Y. Misc. LEXIS 117, at *3-4. The rates sought here track the rates approved by those courts for attorneys with skills and experience commensurate with those of Mr. Sumar and Mr. Tai, with adjustments only for inflation. Sumar Decl. ¶¶ 14-15; *see, e.g.*, *Almond v. PJ Far Rockaway, Inc.*, 2018 U.S. Dist. LEXIS 25171, at *3 (E.D.N.Y. Feb. 15, 2018) ("[A]ttorney's fees, like other goods and services, increase in cost with inflation."); *Francois v. Victory Auto Grp. LLC*, 2025 U.S. Dist. LEXIS 187906, at *8 (S.D.N.Y.

5

Sept. 23, 2025) (increasing hourly rate previously approved for an attorney based on the "assumption that attorney rates increase with inflation") (cleaned up).[6]

The decisions of these courts are not outliers: in other cases, courts have approved similar hourly rates for lawyers with comparable experience. *See, e.g.*, *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *4 (S.D.N.Y. Mar. 20, 2025) (in defamation and injurious falsehood case dismissed under anti-SLAPP law, approving as reasonable hourly rates of $722.50 and $637.50 for associates who "had federal clerkships after law school and have been out of law school for at least eight years"); *Tao An v. Despins*, 2024 U.S. Dist. LEXIS 47427, at *5 (S.D.N.Y. Mar. 18, 2024) (approving hourly rates of $796 and $895 for work completed in 2022 and 2023, respectively, by law firm associates).

Finally, the hourly rate charged by Ballard Spahr for paralegal assistance ($270) is also on par with rates recently approved for paralegals with equivalent experience. *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *4 (approving $297.50 as reasonable hourly rate for paralegal with 15 years of experience).

B.  The Hours Expended Are Reasonable

In assessing whether the hours expended are reasonable, a court "evaluates contemporaneous records in light of its own experience and knowledge of the demands of the action." *Penzo*, 2024 U.S. Dist. LEXIS 154251, at *16 (cleaned up); *accord Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). A salient factor in the analysis is "the novelty and complexity of the case." *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *6 (quoting *Millea*, 658 F.3d at 167)

---

[6] Though the court in the *Trump* case also based its fee decision on "the complexity of the issues presented in [the] action," 2024 N.Y. Misc. LEXIS 117, at *4, and as discussed below, that factor is relevant to "the reasonable number of hours the case requires," not the reasonableness of the hourly rate. *Millea*, 658 F.3d at 167.

(cleaned up). Courts often use as data points the number of hours reasonably expended in cases of comparable subject matter or complexity. *See, e.g.*, *id.* at *8 (finding hours expended reasonable in part because "other federal courts outside this Circuit have found similar hour-counts reasonable in anti-SLAPP cases"); *Reade v. N.Y. Times Co.*, 2023 U.S. Dist. LEXIS 48590, at *3 (E.D. Cal. Mar. 21, 2023) ("Defendant also correctly points out that both the number of hours billed and the proposed lodestar figure are lower than in comparable cases involving media companies or personalities.").

The total number of hours expended here — 78.4 — is eminently reasonable.[7] As explained in the accompanying declaration, the in-house litigators in The Times's legal department must work efficiently since they do not bill clients by the hour and typically have significant workloads. Sumar Decl. ¶ 9. This case was no exception. The litigation was handled by a lean team of two attorneys, and their logs reflect that their work was quick and not duplicative. *Id.* ¶¶ 9-10. In addition, the logs actually understate the amount of time the attorneys spent on the case, given their billing practices. *Id.* ¶ 5. And though this case was not especially "novel" in a legal sense, the litigation was made more time-consuming by the length of the Buttons' pleadings, the number of claims they alleged, and the number of defendants. Indeed, when compared with the total hours deemed reasonable in other anti-SLAPP cases, the total time expended here is exceedingly modest. *See, e.g.*, *Herring Networks, Inc. v. Maddow*, 2021 U.S. Dist. LEXIS 23163, at *30 (S.D. Cal. Feb. 5, 2021) (awarding fees for successful anti-SLAPP

---

[7] The logs include time spent on this fees motion, which is recoverable under the anti-SLAPP statute. *See, e.g.*, *Golan v. Daily News, L.P.*, 2023 N.Y. Misc. LEXIS 5458, at *4 (Sup. Ct. N.Y. Cnty. Sept. 11, 2023) ("The Court further finds that the statute entitles Defendants to fees for filing and briefing the instant motion, so-called 'fees on fees.'").

motion based on 363.1 hours of work); *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *8 (awarding fees for 354.1 hours of work on successful anti-SLAPP motion).

## CONCLUSION

For the foregoing reasons, The Times Defendants respectfully request that the Court award them their attorneys' fees, and grant such further relief as the Court deems appropriate.

Dated: September 29, 2025  
       New York, New York

THE NEW YORK TIMES COMPANY

By: */s/ Al-Amyn Sumar*  
Dana Green  
Al-Amyn Sumar  
The New York Times Company  
Legal Department  
620 8th Avenue  
New York, NY 10018  
Telephone: (202) 862-0775  
dana.green@nytimes.com  
al-amyn.sumar@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

8

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word count requirements of Local Civil Rule 7.1(c). According to the word count in Microsoft Word, which was used to prepare this brief, the number of words in this document, excluding the caption, any index, table of contents, table of authorities, signature blocks, and this certificate, is 2,268.

Dated: September 29, 2025
       New York, New York

                                                         */s/ Al-Amyn Sumar*
                                                         Al-Amyn Sumar