UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR
BUTTON,

                              Plaintiffs,

                v.

THE NEW YORK TIMES COMPANY, JULIA
JACOBS, LINDSEY RUFF, SABINA MARIELLA,
DAWN SCHNEIDER, DEMETRI BLAISDELL and
DAVID MCCRAW,

                              Defendants.

No. 1:24-cv-05888-MKV

## DECLARATION OF AL-AMYN SUMAR IN SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES

AL-AMYN SUMAR, pursuant to 28 U.S.C. § 1746, states as follows:

1.      I am a Senior Counsel with The New York Times Company ("The Times") and am counsel for Defendants The Times, Julia Jacobs, Demetri Blaisdell, and David McCraw (collectively, "The Times Defendants") in this action. I have personal knowledge of the matters stated herein. I submit this declaration in support of The Times Defendants' motion for attorneys' fees.

### This Litigation

2.      I have handled this litigation on behalf of The Times Defendants with assistance from colleagues at The Times — primarily Tim Tai, the now-former First Amendment Fellow. Other colleagues also assisted with the litigation, but we are not requesting fees for their work. We also received assistance from paralegals at Ballard Spahr LLP with tasks like cite-checking and formatting.

1

3.      Apart from that paralegal assistance, we opted to handle this suit in-house. The Times's legal team consists of experienced litigators who regularly handle matters on the company's behalf. We handle litigation in a number of areas, but we have particular expertise in media law, a field that includes libel, privacy, newsgathering, the Freedom of Information Act (FOIA), and court access, among other issues.

4.      This declaration addresses several topics, in turn: (i) Mr. Tai's and my billing practices in this case, (ii) our experience and qualifications, (iii) the hours we expended on this matter, (v) our appropriate hourly rates, and (vi) the total fees requested here.

### Billing Practices

5.      In this litigation, like others where we might recover our attorneys' fees (such as FOIA litigation), each attorney at The Times was individually responsible for recording time spent on the case. And like in those other cases, the hours we logged here understate the actual time we spent on the litigation. This is largely because we tend to consistently log time expended on significant tasks, like drafting and editing substantive briefs, but inconsistently on smaller, day-to-day tasks, like internal discussions and correspondence about the litigation. As reflected in our logs, Mr. Tai and I recorded our time in six-minute increments.

### Experience and Qualifications of Attorneys and Paralegals

6.      I have over a decade of legal experience, including nine years as a media lawyer. I graduated from Harvard Law School in 2013, then clerked for three sets of judges: Judge J. Paul Oetken of the U.S. District Court for the Southern District of New York, Chief Justice Beverley McLachlin of the Supreme Court of Canada, and several Justices at the Court of Appeal for Ontario. Since then, I have practiced media law — a field that includes defamation and anti-SLAPP litigation — full time. From September 2016 to August 2018, I was an associate at

Levine Sullivan Koch & Schulz, LLP, and then Ballard Spahr LLP (the two firms merged in 2017). From September 2018 to September 2019, I was The Times's First Amendment Fellow. I returned to Ballard Spahr in November 2019 and then rejoined The Times's Legal Department in July 2020.

7.      Mr. Tai was The Times's First Amendment Fellow for the 2024-25 year. He graduated from Yale Law School in 2024 and was admitted to the New York bar in November. Before he joined The Times, Mr. Tai worked at the Knight First Amendment Institute and Ballard Spahr LLP.

8.      Scott Bailey and Ryan Relyea are paralegals with the firm Ballard Spahr LLP. They have, respectively, 37 and 18 years of experience as paralegals.

**Hours Expended**

9.      The tasks that required the most time and effort here were the drafting of briefs for the motion to dismiss and the related legal research and analysis. Mr. Tai and I shared responsibility for those tasks. Our logs reflect that we worked efficiently, which is a necessity given the significant workloads each of us otherwise had.

10.      Attached as Exhibit A to this declaration are time logs for me and Mr. Tai. Attached as Exhibit B are invoices from Ballard Spahr for the paralegal assistance we received. The logs and invoices reflect that we spent the following number of hours on this litigation, including this fees motion:

    a.   Al-Amyn Sumar: 42.1

    b.   Tim Tai: 27.4

    c.   Scott Bailey and Ryan Relyea (paralegals): 8.9

3

**The Rates and Total Fees**

11.     Attached as Exhibit C to this declaration is the decision in *Trump v. Trump*, No. 453299/2021, 2024 N.Y. Misc. LEXIS 117 (Sup. Ct. N.Y. Cnty. Jan. 12, 2024), which granted a motion by The Times and its reporters to recover their fees pursuant to the New York anti-SLAPP law after obtaining dismissal of a lawsuit by President Trump. The court found that the attorneys' fees requested were "reasonable" given, among other factors, the "experience, ability, and reputation" of The Times's in-house attorneys and "the customary fee charged for similar services." *Id.* at *3-4.

12.     Attached as Exhibit D to this declaration is the Affirmation of David McCraw, Esq., dated June 5, 2023 ("McCraw Aff."), which was filed in support of the fees motion in the *Trump* case, and which sets out the requested hourly rates for The Times's in-house attorneys that were subsequently approved by the Court). The hourly rates ranged from $495 (for Jessica Hui, then the First Amendment Fellow) to $805 (for David McCraw, the head newsroom lawyer at The Times). McCraw Aff. ¶¶ 11-14.

13.     Attached as Exhibit E to this declaration is the decision in *New York Times Co. v. Central Intelligence Agency*, 251 F. Supp. 3d 710 (S.D.N.Y. 2017), a FOIA case litigated by in-house attorneys at The Times. In the decision, the court approved as "reasonable" rates of $650 per hour for Mr. McCraw ("a seasoned FOIA litigator with 14 years' experience") and $400 per hour for two "junior attorneys." *Id.* at 715. These rates were the basis for the hourly rates requested and approved in the *Trump* case, with adjustments only for attorney experience and inflation. McCraw Aff. ¶¶ 11-13.

14.     Here, The Times Defendants request application of the equivalent hourly rates from the *Trump* case, again with adjustments for inflation. Mr. Tai's level of experience is

equivalent to that of Ms. Hui, whose approved hourly rate was $495. *See id.* ¶ 10 (noting that Ms. Hui was The Times's First Amendment Fellow after graduating from law school). Mr. Sumar's level of experience is comparable to that of Demetri Blaisdell, another in-house lawyer at The Times, whose approved hourly rate was $600. *See id.* ¶ 9 (noting that Mr. Blaisdell graduated from Columbia Law School in 2014 and then worked as a litigation associate).

15.     These rates are subject to upward adjustments in order to keep pace with inflation. Our calculations are based on the change in prices between January 2024 (when the fees decision in *Trump* was issued) and August 2025 (the most recent month for which data is available) according to the Consumer Price Index Inflation Calculator published by the United States Bureau of Labor Statistics, available online at https://www.bls.gov/data/inflation_calculator.htm. The hourly rates of $495 and $600, approved in January 2024, have the same buying power in August 2025 as $519.97 and $630.27, respectively. For simplicity, we request rates of $520 and $630 for Mr. Tai and Mr. Sumar, respectively.

16.     These rates are on par with the hourly rates approved in cases involving lawyers with comparable experience. *See, e.g.*, *Bobulinski v. Tarlov*, 2025 U.S. Dist. LEXIS 51839, at *4 (S.D.N.Y. Mar. 20, 2025) (in defamation and injurious falsehood case dismissed under anti-SLAPP law, approving as reasonable hourly rates of $722.50 and $637.50 for associates who "had federal clerkships after law school and have been out of law school for at least eight years"); *Tao An v. Despins*, 2024 U.S. Dist. LEXIS 47427, at *5 (S.D.N.Y. Mar. 18, 2024) (approving hourly rates of $796 and $895 for work completed in 2022 and 2023, respectively, by law firm associates).

17.     For the work performed by the paralegals, Mr. Bailey and Mr. Relyea, The Times Defendants request the hourly rate charged by Ballard Spahr LLP: $270. This rate, too, is

consistent with hourly rates approved in recent cases for paralegals of comparable experience. *Bobulinski*, 2025 U.S. Dist. LEXIS 51839, at *4 (approving $297.50 as reasonable hourly rate for paralegal with 15 years of experience).

18.    Multiplying those rates by the hours expended yields the following figures:

   a.  Al-Amyn Sumar: $26,523

   b.  Tim Tai: $14,248

   c.  Scott Bailey and Ryan Relyea: $2,403

19.    Accordingly, we respectfully request a total fees award of $43,174.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: September 29, 2025

/s/ *Al-Amyn Sumar*
Al-Amyn Sumar

6