# Exhibit E

## *New York Times Co. v. CIA*

United States District Court for the Southern District of New York

May 1, 2017, Decided

16 Civ. 3098 (JSR)

**Reporter**

251 F. Supp. 3d 710 *; 2017 U.S. Dist. LEXIS 66085 **; 2017 WL 1573234

THE NEW YORK TIMES COMPANY, Plaintiff, -v-CENTRAL INTELLIGENCE AGENCY, Defendant.

**Counsel: [**1]** For The New York Times Company, Plaintiff: David Edward McCraw, LEAD ATTORNEY, The New York Times Company (10018), New York, NY USA.

For Central Intelligence Agency, Defendant: Leigh Aaron Wasserstrom, LEAD ATTORNEY, U.S. Attorney's Office, S.D.N.Y., New York, NY USA.

**Judges:** JED S. RAKOFF, UNITED STATES DISTRICT JUDGE.

**Opinion by:** JED S. RAKOFF

# Opinion

 **[*712]** OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.

Plaintiff The New York Times Company ("The Times") brought this action under the *Freedom of Information Act* seeking to force defendant Central Intelligence Agency ("CIA") to produce three reports, identified by name and approximate date of publication, relating to chemical weapons in Iraq. See Complaint, ECF No. 1, ¶ 8(i)-(iii). The CIA refused to confirm or deny the existence of these reports - a so-called "Glomar response"[1] - a position it maintained throughout the briefing and oral argument on the parties' cross-motions for summary judgment. Following oral argument,

---

[1] This term derives from *Phillippi v. CIA, 546 F.2d 1009, 178 U.S. App. D.C. 243 (D.C. Cir. 1976)*, in which the defendant refused to confirm or deny the existence of records relating to a vessel named the Hughes Glomar Explorer. See *New York Times Co. v. U.S. Dep't of Justice, 756 F.3d 100, 105 & n.4 (2d Cir. 2014)*.

however, the CIA withdrew its Glomar response and produced the reports (with redactions), and the parties withdrew their summary judgment motions as moot. See Joint Stipulation dated Sept. 16, 2016, ECF No. 25. The Times, having achieved this favorable result, now **[**2]** seeks $61,909.86 in attorney's fees and costs under FOIA's fee-shifting provision, *5 U.S.C. § 552(a)(4)(E)*. For the reasons stated below, **[*713]** the Court finds that The Times is entitled to an award of $51,909.86.

Evaluating FOIA fee applications is a three-step process. First, the court determines whether the applicant has shown "eligibility" for fees by showing that it "substantially prevailed" in the litigation. See *Pietrangelo v. U.S. Army, 568 F.3d 341, 343 (2d Cir. 2009)* (per curiam) (quoting *5 U.S.C. § 552(a)(4)(E)(i)*). A FOIA complainant substantially prevails if it has "obtained relief through . . . a voluntary or unilateral change in position by the agency" and its claim was "not insubstantial." *5 U.S.C. § 552(a)(4) (E) (ii) (II)*.

Second, if an applicant is eligible for fees, the court next determines whether the applicant is "entitled" to fees by weighing the following four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Pietrangelo, 568 F.3d at 343*.

Third, and finally, a court determines whether the fee requested by an eligible and entitled applicant is "presumptively reasonable" under the lodestar approach generally applied to fee applications **[**3]** in the Second Circuit. See *Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)*.

Here, the CIA concedes that The Times is eligible for fees, see *5 U.S.C. § 552(a)(4)(E)(ii)(II)*, but argues that The Times is not entitled to them, and, in the alternative, that some of The Times' specific requests are unreasonable.

Regarding entitlement, the Court, weighing the

251 F. Supp. 3d 710, *713; 2017 U.S. Dist. LEXIS 66085, **3

*Pietrangelo* factors, finds that The Times is entitled to fees. The first factor, public benefit, unambiguously favors The Times. The public greatly benefits from learning what the Government knew about chemical weapons in Iraq following the invasion; after all, the existence vel non of such weapons was one of the principal flashpoints in the public debate over the war. Whether the Government, following the invasion, took adequate precautions to protect U.S. service members from the dangers of what, according to The Times' reporting, turned out to be degraded and decrepit remnants of Iraq's pre-Gulf War stockpile is likewise of great public interest.[2]

The second and third factors (the plaintiff's commercial benefit and the nature of the plaintiff's interest in the records) - which are often considered together, see *Davy v. CIA, 550 F.3d 1155, 1160, 384 U.S. App. D.C. 49 (D.C. Cir. 2008)* - also favor The Times. Although **[**4]** The Times is a commercial enterprise, courts have "long recognized that news interests, regardless of private incentive, generally should not be considered commercial interests for purposes of the second factor." See id. (internal quotation marks omitted). The Times' interest in the records it sought was public-minded and journalistic, not narrowly focused on the bottom line.

The CIA all but concedes that the first three factors favor The Times, for it relegates the lot of them to a single footnote in its brief that vaguely alludes to the supposedly "unique circumstances" of this case, by which it apparently means that the CIA's interest in chemical weapons was already well-known, that the produced documents total fewer than forty pages, **[*714]** and that awarding fees would discourage "discretionary" releases such as this. See Memorandum of Law in Opposition to Plaintiff's Motion for Fees and Costs ("CIA Mem."), ECF No. 35, at 8 n.l. Only the first of these arguments even purports to respond to the first three *Pietrangelo* factors, and it is wholly without merit. The CIA conflates its interest in concealing the fact of its investigation into chemical weapons in Iraq - an end it sought to achieve **[**5]** with its Glomar response - with the public's very real interest in learning the results of that investigation, i.e., the contents of the reports. Thus,

the first three factors heavily favor The Times.

The CIA instead focuses almost entirely on the fourth and final factor, i.e., "whether the Government had a reasonable basis for withholding requested information," *Pietrangelo, 568 F.3d at 343*, which, the CIA claims, is potentially dispositive on its own. Thus, relying on a line of cases from the D.C. Circuit, the CIA argues that, because its Glomar response supposedly would have been upheld on summary judgment, The Times is not entitled to any fees, regardless of the other factors. See *Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 526, 395 U.S. App. D.C. 155 (D.C. Cir. 2011)*. In response, The Times argues, inter alia, that it (The Times), not the CIA, would have prevailed on summary judgment, and that the CIA's about-face following oral argument is a sure sign that the CIA itself had no faith in its own position on the merits. See Reply Memorandum of Law in Further Support of Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to *5 U.S.C. § 552(a)(4)(E)*, ECF No. 37, at 2-3.

While the Times may well be right that it would have prevailed on summary judgment, the Court need not reach that question here, because it disagrees **[**6]** with the CIA's premise that if it prevails on the fourth factor, that automatically outweighs the other three factors. While this arguably is the position of the D.C. Circuit, there is no Second Circuit decision adopting it, and, indeed, such an approach would appear to be in some tension with the Second Circuit's characterization of the entitlement inquiry as "weigh[ing]" the "four criteria" discussed supra. See *Pietrangelo, 568 F.3d at 343*. Nor does the Senate Report upon which the four-factor test is ultimately based, see *Davy, 550 F.3d at 1158-59* & n.2, contemplate such a rigid approach. See S. Rep. No. 93-854 (1974), at 19-20 ("It should be noted that the criteria set out in this subsection are intended to provide guidance and direction - not airtight standards - for courts to use in determining awards of fees. Each criterion should be considered independently, so that, for example, newsmen would ordinarily recover fees even where the government's defense had a reasonable basis in law . . . .").

Accordingly, the Court here, guided by *Pietrangelo*, will balance the reasonableness of the CIA's Glomar response with the other factors, which, as noted, the CIA all but concedes. Having done so, the Court finds that, at a minimum, the fourth factor **[**7]** does not outweigh The Times' clear advantage on the other three. To take one example, the CIA's puzzling refusal to acknowledge, either now or on summary judgment,

---

[2] See, e.g., C.J. Chivers, The Secret Casualties of Iraq's Abandoned Chemical Weapons, N.Y. Times, Oct. 14, 2014, available at https://www.nytimes.com/interactive/2014/10/14/world/middleeast/us-casualties-of-iraq-chemical-weapons.html.

Case 1:24-cv-05888-MKV    Document 69-5    Filed 09/29/25    Page 4 of 5

Page 3 of 4

251 F. Supp. 3d 710, *714; 2017 U.S. Dist. LEXIS 66085, **7

the clear import of *Florez v. CIA, 829 F.3d 178, 183-87 (2d Cir. 2016)*, which held that disclosures by one agency are relevant to the sufficiency of another agency's Glomar response, calls into question the reasonableness of the CIA's approach. Accordingly, even assuming arguendo that the CIA would prevail on the fourth factor, The Times is still entitled to attorney's fees, for the other three factors cut so strongly in The Times' favor as to outweigh the fourth factor - a factor that in this case would be at best a close call.

 **[\*715]**  Turning to whether The Times' fee application is reasonable, The Times' "lodestar" value is $61,909.86, which comprises $61,370 in attorney's fees and $539.86 in costs. See Declaration of David E. McCraw in Support of Plaintiff's Motion for Costs and Attorneys' Fees ("McCraw Decl."), ECF No. 33, ¶¶ 41-45. The CIA does not challenge the hourly rates ($650/hour for a seasoned FOIA litigator with 14 years' experience and $400/hour for two junior attorneys, see id. ¶¶ 24, 35-38), which the Court finds to be reasonable, nor does it challenge The Times' **[\*\*8]** (quite minimal) costs. The CIA does, however, raise several arguments against certain categories of fees, which the Court will address in turn.

First, relying on the general rule that courts have discretion to reduce fee awards in light of "limited success," see *Hensley v. Eckerhart, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)*, the CIA argues that the fee application should be discounted by an unspecified amount because the Times "apparently" first obtained the three chemical weapons reports that it sought in this litigation through a "leak." See CIA Mem. at 9. The argument seems to be that, because The Times supposedly first obtained these documents outside the litigation, its success in obtaining them a second time, this time with the CIA's imprimatur, is a lesser victory. This argument is meritless. To begin with, the CIA has failed to establish that The Times did in fact first obtain the reports through a leak. The CIA presumably suspects a leak because The Times requested the reports by name and approximate date, but having names and dates is equally consistent with The Times having discovered only that the reports existed. More importantly, the *Hensley* principle deals with occasions where a litigant won relatively little within a lawsuit, not **[\*\*9]** where a party, through its own efforts, earns an advantage outside the courtroom that strengthens its position inside of it. There is no reason in principle why the Times' successful investigative journalism warrants a lower award in the FOIA fee litigation, and the Court will not reduce fees on this account.

Second, the CIA argues that the approximately 55 hours The Times spent on summary judgment was excessive in light of The Times' experience with FOIA litigation, and that fees for certain administrative tasks and factual research ought to be calculated using a lower paralegal billing rate. The Court agrees that a modest reduction is warranted. While The Times' argument on summary judgment was, in light of the *Florez* decision, fact- and time-intensive, The Times need not have had attorneys perform all such tasks in the first instance, and could also have been more efficient with its time. For these reasons, the Court will reduce The Times' requested fee award by $5,000.

Third, the CIA argues that The Times' application for $10,850 (representing approximately 17 hours of time) for litigating "fees on fees" is unreasonably high, given the brevity of the fee application and the fact **[\*\*10]** that much of this time represented efforts to resolve the fee dispute without the Court's input. See CIA Mem. at 10. While successful FOIA litigants may generally recover for time spent on fee litigation, applications for fees on fees must be carefully scrutinized. See, e.g., *Judicial Watch, Inc. v. U.S. Dep't of Justice, 878 F. Supp. 2d 225, 240 (D.D.C. 2012)*. The Court agrees that The Times' application for fees on fees is excessive, and will reduce The Times' requested fee award by an additional $5,000. Fourth, the CIA argues that The Times cannot recover $7,445 in fees for three specific tasks set forth below:

 **[\*716]**  (1) The CIA opposes fees associated with The Times' unsuccessful opposition to the CIA's request to file a supplemental classified declaration following oral argument on the cross-motions for summary judgment. See Order dated Sept. 2, 2016, ECF No. 22. But a fee applicant "who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage," *Hall v. CIA, 115 F. Supp. 3d 24, 29 (D.D.C. 2015)*, and here, The Times' loss during this round of motion practice was a necessary step en route to prevailing. Indeed, because the CIA never made its supplemental filing and instead withdrew its Glomar response entirely, the reasonable **[\*\*11]** inference is that the CIA concluded that even an ex parte classified declaration would not be "particularly persuasive," as required to support a Glomar response, see *Florez, 829 F.3d at 182*, and thus decided to produce the reports. The Times may therefore recover these fees.

251 F. Supp. 3d 710, *716; 2017 U.S. Dist. LEXIS 66085, **11

(2) The CIA also opposes fees associated with The Times' reviewing the three reports after the CIA finally produced them. But "[I]t would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation," see *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 999 F. Supp. 2d 61, 75 (D.D.C. 2013)*, and it appears The Times spent all of two hours reviewing the CIA's production, which is eminently reasonable. See Exhs. A, C to McCraw Decl.

(3) The CIA opposes fees for "administrative" work done at the pre-complaint stage, because "FOIA does not authorize fees for work performed at the administrative stage." *Nw. Coal. for Alternatives to Pesticides v. Browner, 965 F. Supp. 59, 65 (D.D.C. 1997)* (denying fees for 56.5 hours of time accrued over two years before filing the complaint). But even if *Browner* were binding on this Court - and it is not - The Times logged only four hours on such work, all of which took place shortly before filing the complaint, all of which relates to drafting the complaint, and **[\*\*12]** all of which is reasonable. See Exhs. A, B to McCraw Decl.

For the foregoing reasons, The Times' motion for attorney's fees and costs is hereby granted, and The Times is awarded $51,909.86. The Clerk of Court is directed to close docket entry 31.

SO ORDERED.

Dated: New York, NY

2/1/2017

/s/ Jed S. Rakoff

JED S. RAKOFF, U. S. D. J.

---

**End of Document**

Al-Amyn Sumar