# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br><br>V.<br><br>THE NEW YORK TIMES COMPANY, JULIA JACOBS, DEMETRI BLAISDELL, SABINA MARIELLA, LINDSEY RUFF, DAVID MCCRAW AND DAWN SCHNEIDER<br><br>DEFENDANT. | Case No: 1:24-CV-05888-MKV<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES |

1
PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES

INTRODUCTION

Defendants seek more than $43,000 in attorneys' fees for a single Rule 12(b)(6) motion. They invoke New York's anti-SLAPP statute, N.Y. Civ. Rights Law § 70-a, and claim this Court's dismissal order establishes that Plaintiffs' case was "without a substantial basis." That characterization is wrong.

This Court dismissed Plaintiffs' claims on statute of limitations and pleading sufficiency grounds. It did not find the claims frivolous, harassing, or pursued in bad faith. It expressly denied Defendants' earlier fee request without prejudice. The law is clear that anti-SLAPP fees are not automatic. Cruz v. FX Networks, LLC, 192 A.D.3d 581, 581 (1st Dep't 2021). A defendant must prove the action lacked any factual or legal foundation.

Here, Plaintiffs' claims were supported by facts, including deposition testimony in related Nevada litigation where the court held the same allegations raise credibility disputes for a jury. See Humphries v. Button, No. 2:21-cv-01412-ART-EJY, ECF No. 524 (D. Nev. Aug. 20, 2025). That finding is irreconcilable with Defendants' claim that the case was baseless.

Moreover, Plaintiffs' indigence is not the cause of their lawsuits. Plaintiffs file these actions because Defendants' defamatory campaign destroyed their careers, reputations, and livelihoods — forcing them into poverty. Plaintiffs

2
PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES

litigate not to abuse process, but to seek justice, restore their names, and protect their family. To now impose fees would be to reward Defendants for the very misconduct that caused Plaintiffs' indigence in the first place.

Finally, even if fees were considered, Defendants' request is inflated and unsupported. Plaintiffs are completely unable to pay any attorneys' fees or costs as they are unemployed, receive public assistance (including SNAP and TANF), and possess no assets, savings, or income. A fee award of any amount would be impossible to satisfy and would only serve to punish Plaintiffs' indigence — contrary to the principle recognized in Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948), that poverty must never bar access to the courts.

Furthermore, Defendants' charts are not contemporaneous billing records, do not show actual costs, and are unreasonable on their face. The motion should be denied.

## LEGAL STANDARD

N.Y. Civ. Rights Law § 70-a(1)(a) allows fees only if an action was "commenced or continued without a substantial basis in law or fact." The New York Court of Appeals has emphasized that the standard "is not whether the claim ultimately prevails, but whether it has a substantial basis." Matter of Part

60 Put-Back Litig., 36 N.Y.3d 342, 364 (2020). Dismissal does not automatically mean a case lacked basis. Cruz v. FX Networks, LLC, 192 A.D.3d 581 (1st Dep't 2021). Fee-shifting must be narrowly applied to avoid chilling good-faith claims. Seymour v. Bellmore, 5 A.D.3d 673, 674 (2d Dep't 2004).

This is consistent with federal precedent. In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421–22 (1978), the Supreme Court held that courts must avoid "post hoc reasoning" that assumes every losing case was frivolous. Similarly, Hughes v. Rowe, 449 U.S. 5, 14 (1980), made clear that even dismissed pro se complaints are not frivolous unless wholly baseless.

ARGUMENT

I.  Plaintiffs' Claims Had a Substantial Basis

Defendants argue that dismissal alone proves this case was "without a substantial basis." That is legally incorrect.

The New York Court of Appeals has held: "The standard is not whether the claim will ultimately prevail, but whether it has a substantial basis in law or fact." *Matter of Part 60 Put-Back Litig.*, 36 N.Y.3d 342, 364 (2020).

Similarly, in *Cruz v. FX Networks, LLC*, 192 A.D.3d 581, 581 (1st Dep't 2021), the Appellate Division reversed an award of anti-SLAPP fees, holding

4
PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES

that "the award of attorneys' fees is not automatic … dismissal of the complaint does not, without more, establish that the action lacked a substantial basis."

Here, Plaintiffs' claims rested on republication of defamatory statements that destroyed their careers. They were supported by deposition testimony showing contradictions in the Nevada litigation. For example:

- Jane Doe 2 gave conflicting accounts of her age and timeline.
- Danielle Gutiérrez's therapy records contradicted her abuse narrative.
- Jane Doe 1 alleged assaults in an apartment that undisputed evidence shows did not yet exist.
- Sage Humphries omitted sexual assault allegations from sworn forms.

On August 20, 2025, Judge Traum in Nevada held that these contradictions created credibility issues for a jury: "Because the Court does not make credibility determinations nor weigh conflicting evidence, the Court finds that summary judgment is inappropriate on Plaintiffs' claims." (*Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, ECF No. 524, at 21–23).

If another federal court held that these same allegations present genuine disputes for trial, then Plaintiffs' related claims here cannot be deemed "without a substantial basis."

5
PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES

## II. The Court Did Not Find Frivolousness or Bad Faith

Defendants attempt to rewrite this Court's dismissal order into a finding of bad faith. That is simply false.

The Court dismissed on statute of limitations and pleading sufficiency[1] — nothing more. It explicitly denied Defendants' initial fee motion. (Order at 23–24). Had the Court believed this litigation was frivolous or malicious, it would have said so. It did not.

This aligns with federal precedent:

- In Christiansburg Garment Co. v. EEOC, the Supreme Court cautioned: *"It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." 434 U.S. 412, 421–22 (1978).*
- *Hughes v. Rowe*, 449 U.S. 5, 14 (1980), reiterated that dismissed pro se complaints "cannot be considered frivolous" unless wholly without merit. "Even when the law or facts appear questionable or unfavorable at the

---

[1] "The Court grants Defendants' motion to dismiss because Plaintiffs' defamation claims are time-barred and Plaintiffs' other causes of action fail to state a claim." (Order at 15–23).

outset, a party may have an entirely reasonable ground for bringing suit." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

- *Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028 (2d Cir. 1979)*: "Ability to pay should be considered in awarding fees against an unsuccessful Title VII plaintiff."

By attempting to recast dismissal[2] as bad faith, Defendants overreach. Courts reject such attempts because they would weaponize dismissal into automatic sanctions — precisely what § 70-a and Rule 11 are not designed to do.

III. Plaintiffs File for Justice, not Because of Indigence

Defendants suggest that Plaintiffs exploit their indigence to harass others through litigation. That narrative is not only offensive but contradicted by reality. Plaintiffs are not indigent litigants who happen to sue. Plaintiffs became indigent **because of Defendants' conduct[3].** Before Defendants' defamatory campaign, Plaintiffs were financially stable, pursuing professional careers. Defendants' publications and republication of falsehoods destroyed those

---

[2] "The Court grants Defendants' motion to dismiss because Plaintiffs' defamation claims are time-barred and Plaintiffs' other causes of action fail to state a claim." (Order at 15–23). That shows the Court itself limited its finding to statute of limitations and pleading defects, not frivolousness.

[3] "We cannot … conclude that litigants must forego the opportunity to vindicate their rights in the federal courts simply because they are poor." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948).

7
PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR
ATTORNEYS' FEES

careers, reputations, and income, leaving Plaintiffs unemployable and reliant on SNAP and TANF to provide for their infant child. This litigation is not harassment; it is the only means Plaintiffs have to restore their names, protect their family, and pursue justice after Defendants' defamatory campaign stripped them of livelihood and stability. Plaintiffs file these suits to restore their names, to prove the truth, and to protect their family's future.

Courts have recognized that fee-shifting against impoverished plaintiffs risks turning poverty itself into a weapon against access to justice. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948) reaffirmed that poverty must never bar the courthouse doors. The IFP system was designed to prevent precisely the inequity Defendants now seek — a system where wealthy corporations can destroy a family's livelihood and then bankrupt them further with fee petitions[4].

Awarding fees here would ratify Defendants' strategy: silence victims by destroying their reputations, then crush them financially in court.

IV.   A Fee Award Would be Inequitable and Chill Access to Justice

---

[4] "Ability to pay should be considered in awarding fees against an unsuccessful Title VII plaintiff." *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1028 (2d Cir. 1979).

Fee awards are not automatic. They are discretionary and must be equitable. See *Seymour v. Bellmore*, 5 A.D.3d 673, 674 (2d Dep't 2004) (fee-shifting provisions must be narrowly applied to avoid chilling good-faith claims). "The imposition of attorney's fees … should not result in a chilling effect on litigants who bring claims in good faith." *Davidson v. Keenan*, 740 F.2d 129, 133 (2d Cir. 1984).

Here, equity weighs heavily against fees:

- Plaintiffs are unemployed, IFP, and dependent on public assistance to feed and clothe their infant child.
- A $43,174 award would devastate their family and achieve no deterrent purpose; in fact, it would be impossible for Plaintiffs to pay *any* amount at all.
- Such an award would deter other indigent litigants from bringing even meritorious claims against powerful defendants.

This Court should reject Defendants' effort to turn anti-SLAPP into a weapon for the powerful. The statute was enacted to deter harassing lawsuits, not to allow corporations to silence citizens who dare to hold them accountable. To impose a $43,174 fee award against a family already surviving on public assistance would not deter frivolous litigation—it would deter access to justice

itself. It would send the message that impoverished victims of defamation cannot seek redress because, if they lose, they will be bankrupted for daring to try. That is not equity, it is punishment."

V.   Defendants' Fee Request is Inflated and Unsupported

Even if the Court were inclined to consider fees, Defendants' request fails on its own terms. They bear the burden of proving reasonableness. They have not met it. "All applications for attorney's fees should normally be disallowed unless accompanied by contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).

1. **Excessive Hours** – Defendants claim 78.4 hours for one motion to dismiss. The motion raised standard issues: statute of limitations, pleading sufficiency, and civil conspiracy. Courts in this District routinely resolve such motions in 20–30 hours. The request is inflated on its face.

2. **Unsupported Rates** – Claimed rates of $520–$630/hr for in-house counsel and $270/hr for paralegals are unsubstantiated. In-house lawyers do not bill hourly. Courts routinely reject "lodestar" estimates without proof of actual billing. See *Hernandez v. NJ Transit*, 2018 WL 1368024, at *7 (D.N.J. Mar. 16, 2018). Courts in this Circuit have "rejected

reconstructed billing records and unsupported estimates as inadequate for fee awards." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148–49 (2d Cir. 2014).

3. **Deficient Charts** – Defendants' charts are not invoices. They lack sworn declarations of accuracy, do not show contemporaneous billing, and fail to comply with Fed. R. Civ. P. 54(d)(2)(B) and Local Rule 54.1. Without proper records, the Court cannot verify necessity or reasonableness.

4. **Improper Adjustments** – Defendants inflate their request with "inflation adjustments," an artificial construct unsupported by law. Fee awards must reflect actual costs reasonably incurred, not hypothetical billing models. Defendants' request is further inflated by 'inflation adjustments' that are not tethered to actual billing records. Fee awards must reflect hours reasonably expended; not hypothetical models untethered to real invoices.

Defendants' submission is less a record of fees incurred than a wish list. Courts reject such deficient showings.

On this record, Defendants have not met their burden to prove the reasonableness of their request.

# CONCLUSION

Plaintiffs' claims were not frivolous. They were factually grounded, legally arguable, and brought in good faith. Another federal court has already confirmed that the same allegations raise genuine jury issues.

To award fees here would invert the purpose of New York's anti-SLAPP statute, turning it from a shield against abusive lawsuits into a sword to punish indigent victims of defamation.

The motion should be denied in full.

Dated this 4th day of October, 2025,

_____

Dusty Button and Mitchell Taylor Button

(*Pro se*)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with Prose@nysd.uscourts.gov on October 4th, 2025.

Dated this October 4th, 2025,

/s/ _____

Signature of Plaintiff Dusty Button (*Pro se*)

/s/ _____

Signature of Plaintiff Mitchell Taylor Button (*Pro se*)