# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br><br>V.<br><br>THE NEW YORK TIMES COMPANY, JULIA JACOBS, DEMETRI BLAISDELL, SABINA MARIELLA, LINDSEY RUFF, DAVID MCCRAW AND DAWN SCHNEIDER<br><br>DEFENDANT. | Case No: 1:24-CV-05888-MKV<br><br>DECLARATION OF DUSTY BUTTON AND MITCHELL TAYLOR BUTTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES |

# IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES

We, **Dusty Button** and **Mitchell Taylor Button**, declare pursuant to 28 U.S.C. § 1746 as follows:

1. We are the **Plaintiffs**, appearing *pro se* in this action. We make this declaration in support of our Opposition to Defendants' Renewed Motion for Attorneys' Fees. The statements herein are based on our personal knowledge and are true and correct.

2. This case was filed in **good faith** to obtain redress for the reputational and financial devastation caused by Defendants' false publications and other alleged conduct. We have never initiated or maintained this litigation for any improper purpose, harassment, or delay.

3. The Court's prior order of dismissal was based solely on **statute-of-limitations** and **pleading sufficiency** grounds. *(Order at 15–23.)* The Court made **no finding** that our claims were frivolous, malicious, or without foundation.

4. Our claims were supported by factual evidence, including sworn testimony from related litigation in **Humphries v. Button**, No. 2:21-cv-01412-ART-EJY (D. Nev.). On **August 20, 2025**, that court held that the

same allegations raise **credibility issues for a jury** and denied summary judgment. *(ECF No. 524 at 21–23.)* Such findings confirm that our claims were not "without a substantial basis in law or fact" under **N.Y. Civ. Rights Law § 70-a(1)(a)**.

5. We are **completely unable to pay** any attorneys' fees or costs. We are unemployed, receive public assistance (including SNAP and TANF), and possess no assets, savings, or income. A fee award of any amount would be **impossible to satisfy** and would only serve to punish our indigence — contrary to the principle recognized in **Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)**, that poverty must never bar access to the courts.

6. We respectfully ask that the Court deny Defendants' fee motion in full. The record shows this case was pursued in good faith, based on evidence, and with no improper motive. A fee award would be inequitable, uncollectible, and inconsistent with both the purpose of the anti-SLAPP statute and the interests of justice.

We declare under penalty of perjury that the foregoing is true and correct.

3
DECLARATION OF DUSTY BUTTON AND MITCHELL TAYLOR BUTTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES

Executed this **4th day of October, 2025**, in **Myrtle Beach, South Carolina.**

_____
Dusty Button and Mitchell Taylor Button

(*Pro se*)

DECLARATION OF DUSTY BUTTON AND MITCHELL TAYLOR BUTTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with Prose@nysd.uscourts.gov on October 4th, 2025.

Dated this October 4th, 2025,

/s/ _____

Signature of Plaintiff Dusty Button (*Pro se*)

/s/ _____

Signature of Plaintiff Mitchell Taylor Button (*Pro se*)