UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,

                Plaintiffs,

v.

THE NEW YORK TIMES COMPANY, JULIA JACOBS, LINDSEY RUFF, SABINA MARIELLA, DAWN SCHNEIDER, DEMETRI BLAISDELL and DAVID MCCRAW,

                Defendants.

No. 1:24-cv-05888-MKV

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RENEWED MOTION FOR ATTORNEYS' FEES OF DEFENDANTS THE NEW YORK TIMES COMPANY, JULIA JACOBS, DEMETRI BLAISDELL, AND DAVID MCCRAW**

Dana Green
Al-Amyn Sumar
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-0775
dana.green@nytimes.com
al-amyn.sumar@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

## PRELIMINARY STATEMENT[1]

We appreciate that *pro se* litigants cannot be expected to write briefs that meet the standards assumed of professional counsel. But the Buttons' disregard of the law cannot be overlooked. Their brief mischaracterizes the legal standard for a fee award under the New York anti-SLAPP law. It relies on unsubstantiated and irrelevant factual claims. And it baselessly attacks the reasonableness of the hourly rates requested by The Times's in-house attorneys and the time they expended on the case.

There is one more serious problem: Six days before filing their opposition, the Buttons were admonished by another judge in this district for using artificial intelligence ("AI") tools to generate fake citations and quotations. Yet, the Buttons' opposition brief here is littered with non-existent citations and quotations that were presumably generated by AI. The Times Defendants defer to the Court on the appropriate sanctions for that misconduct, though at a minimum the Court should disregard or strike the offending portions of the brief.

## ARGUMENT

### A. The Court Should Grant the Fee Award in Full

The Buttons oppose both The Times Defendants' entitlement to attorneys' fees and the fee amount requested. Their arguments misstate both the law and the facts of this litigation.

*First*, the Buttons mischaracterize the standard for granting fees under the New York anti-SLAPP statute. They concede that a fee award is warranted where the action is "commenced

---

[1] This brief adopts the same abbreviations and short forms used in The Times Defendants' opening brief, plus the following: "NYT MTD Br." for The Times Defendants' brief in support of their motion to dismiss (Dkt. 42); "NYT Fees Br." for The Times Defendants' brief in support of their fee motion (Dkt. 68); "Sumar Decl." for the Declaration of Al-Amyn Sumar filed in support of The Times Defendants' fees motion (Dkt. 69); "Opp. Br." for the Buttons' brief opposing the fee motion (Dkt. 70); and "Button Decl." for the Declaration of Dusty Button and Mitchell Button filed in opposition to the fee motion (Dkt. 71).

or continued without a substantial basis in fact and law," NYT Fees Br. at 3 (quoting N.Y. Civ. Rights Law § 70-a(1)(a)); *see* Opp. Br. at 3,[2] but read that language to mean that an action must be "frivolous, harassing, or pursued in bad faith," Opp. Br. at 2. But that is not the requisite showing. As Judge Oetken put it succinctly in a decision last year, "*whatever else* the phrase 'without a substantial basis in fact and law' means, it is certainly triggered by the failure to state a claim." *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 185 (S.D.N.Y. 2024).[3] Here, nearly all of the Buttons' causes of action were found time-barred, and each claim was inadequately alleged. *See* NYT Fees Br. at 2. There is no legal or factual basis to the Buttons' claims, much less a substantial one.[4]

---

[2] The Buttons do not dispute the Court's ruling that their suit is an "action involving public petition and participation" within the meaning of the anti-SLAPP statute. *See* Dkt. 68 at 38. And the Buttons do not argue (nor could they) that the Court should limit the recovery of fees to work expended on the claims against Ms. Jacobs and The Times only. *See id.* (indicating that the action as a whole falls within the anti-SLAPP law); *see also* NYT MTD Br. at 7-8 ("While the Buttons' claims against Mr. Blaisdell and Mr. McCraw are based on other alleged conduct, too, the Amended Complaint claims they colluded with Ms. Jacobs and others to harm the Buttons in a broad conspiracy, of which the Article is a central part.").

[3] Judge Oetken added a caveat for claims dismissed under Rule 12(b)(6) as implausible: "Theoretically there might be some daylight between the CPLR 3211(a)(7) standard and the Rule 12(b)(6) standard as a result of *Twombly* and *Iqbal*, which do not apply in New York state court. But that difference is not salient here, because Plaintiffs' claims clearly fail for multiple reasons under New York law even absent any 'plausibility' requirement of Rule 12(b)(6)." *Bobulinski*, 758 F. Supp. 3d at 185 n.17. So too here.

[4] The opposition also points to a decision in the Nevada litigation that denied summary judgment to the plaintiffs on claims against the Buttons, Opp. Br. at 5, as if that decision has some relevant legal or factual connection to this case. It does not. The Times Defendants are not involved in that lawsuit and the plaintiffs' claims there are distinct from those asserted by the Buttons here. *See Humphries v. Button*, 2025 U.S. Dist. LEXIS 162472, at *3 (D. Nev. Aug. 20, 2025) (noting that "Plaintiffs have brought various state and federal claims against Defendants for sex trafficking, forced labor, involuntary servitude, sexual exploitation of a minor, battery, assault, false imprisonment, intentional infliction of emotional distress, and breach of fiduciary duty").

*Second*, the Buttons' claim that fees should not be awarded because they are indigent (Opp. Br. at 7-8) is legally irrelevant and factually unsupported. Once a defendant has established its right to recover attorneys' fees under the anti-SLAPP law, as The Times Defendants have done here, the fee award is mandatory, not discretionary. *See* N.Y. Civil Rights Law § 70-a(1)(a) ("costs and attorney's fees *shall* be recovered" when the legal standard is met) (emphasis added); *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 1, 17 (1st Dep't 2024) ("[t]he 2020 iteration of the anti-SLAPP law codified a protected person's right to recover attorneys' fees by making an award of attorneys' fees mandatory, not discretionary," when the legal standard is met). A plaintiff's ability to pay a fee award has no role in the analysis. *Cf. e.g.*, *McGillvary v. Netflix, Inc.*, 2024 U.S. Dist. LEXIS 185755, at *4-5 (C.D. Cal. Oct. 9, 2024) (in case under the California anti-SLAPP statute, ruling that fee award to prevailing defendant is "mandatory" and declining to "consider Plaintiff's financial status in assessing whether Netflix is entitled to attorney fees or whether the fees Netflix seeks are reasonable"). And even a plaintiff's indigence were relevant, the Buttons have not substantiated their claims with actual evidence. *See* Button Decl. ¶ 5.

*Third*, the Buttons argue that this fee motion is part of a broader "strategy" to "silence victims" — including the Buttons — by "destroying their reputations" and "crush[ing] them financially in court." Opp. Br. at 9. These arguments are meritless and have no legal relevance. The Buttons filed a frivolous and untimely lawsuit against The Times, a reporter, and two in-house lawyers for nothing more than accurately reporting on a lawsuit and responding to a third-party subpoena. The New York anti-SLAPP law exists to deter exactly that kind of misuse of the justice system.

*Fourth*, the Buttons have no basis on which to criticize the requested fee award as "inflated" or "unsupported." *Id.* at 10. In particular:

- 78.4 hours is not an "excessive" amount to fully brief a motion to dismiss. *Id.* at 10; *see* NYT Fees Br. at 7-8 (citing cases). The claim that "*[c]ourts* in this District routinely resolve [fee motions] in 20-30 hours" (Opp. Br. at 10) lacks any basis and says nothing about how long *counsel* routinely spend on such motions.

- The hourly rates requested are not "unsubstantiated." The Times Defendants supported their requested rates with a wealth of evidence, including prior litigation involving The Times's in-house attorneys. *See* Sumar Decl. ¶¶ 11-17. And it well-settled that a prevailing defendant may recover fees for work performed by in-house counsel. *See, e.g.*, *Trump v. Trump*, No. 453299/2021, 2024 N.Y. Misc. LEXIS 117, at *4 (Sup. Ct. N.Y. Cnty. Jan. 12, 2024).

- The Buttons' attack on the attorneys' billing records, *see* Opp. Br. at 10-11, are baseless. The records are contemporaneous and show the work performed by each attorney, the date of the work, the hours expended, and the nature of the work done. *See* Sumar Decl. Exs. A, B.

- It is entirely appropriate to bring adjust hourly rates approved as reasonable in prior years to their appropriate present value based on inflation in the interim. *See* NYT Fees Br. at 5-6 (citing cases).

B. <u>The Court Should Disregard or Strike Portions of the Buttons' Brief Apparently Generated by AI</u>

Fabricated case citations and quotations appear throughout the Buttons' opposition brief. The brief cites some cases that do not exist at all: *Cruz v. FX Networks, LLC*, 192 A.D.3d 581 (1st Dep't 2021) (Opp. Br. at 2, 4); *Seymour v. Bellmore*, 5 A.D.3d 673 (2d Dep't 2004) (Opp. Br. at 4, 9); and *Hernandez v. NJ Transit*, 2018 WL 1368024 (D.N.J. Mar. 16, 2018) (Opp. Br. at 10).[5] At other times the brief cites real decisions but attributes to them quotations that appear

---

[5] The cases that actually correspond to these citations are *Goya v. Longwood Housing Development Fund Co., Inc.*, 192 A.D.3d 581 (1st Dep't 2021); *Veramallay v. Paim*, 5 A.D.3d 673 (2d Dep't 2004); and *Government Employees Insurance Co. v. Lenex Services*, 2018 WL 1368024 (E.D.N.Y. Mar. 15, 2018). None has anything to do with the issues presented on this motion. The undersigned did not locate any decisions — in any jurisdiction or on any subject — styled *Cruz v. FX Networks LLC*, *Seymour v. Bellmore*, or *Hernandez v. NJ Transit*.

nowhere in their text: *Matter of Part 60 Put-Back Litig.*, 36 N.Y.3d 342 (2020) (Opp. Br. at 4); *Hughes v. Rowe*, 449 U.S. 5 (1980) (Opp. Br. at 6-7); *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025 (2d Cir. 1979) (Opp. Br. at 7); *Davidson v. Keenan*, 740 F.2d 129 (2d Cir. 1984) (Opp. Br. at 9); *Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) (Opp. Br. at 10); *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144 (2d Cir. 2014) (Opp. Br. at 10-11).[6]

The submission of fake citations and quotations is a straightforward violation of Rule 11. *See, e.g.*, *Romero v. Goldman Sachs Bank USA*, 2025 U.S. Dist. LEXIS 132891, at *3-4 (S.D.N.Y. June 25, 2025) (noting that "[t]he presentation of false citations, quotations, and holdings by a party or their counsel to the Court is sanctionable conduct" and that "Rule 11 applies both to represented and *pro se* litigants") (cleaned up); *Anonymous v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 127114, at *20 (S.D.N.Y. July 18, 2024) ("Without question, it is improper and unacceptable for litigants - including *pro se* litigants - to submit non-existent judicial opinions with fake quotes and citations.") (cleaned up). And in this case the violation is willful. Just six days before the Buttons filed the brief here, Judge Cronan issued a decision in another lawsuit brought by the Buttons rebuking them for their apparent use of an AI tool that, among other things, produced "quotations from cases that do not exist." *Button v. Doherty*, 2025 U.S. Dist. LEXIS 193976, at *14 n.7 (S.D.N.Y. Sept. 30, 2025).[7] Judge Cronan reminded the Buttons that "all litigants, including *pro se* litigants, are individually responsible for verifying the accuracy of any output produced by an artificial intelligence tool" and ordered them to include

---

[6] One case cited (*Matter of Part 60 Put-Back Litig.*) has no relation whatsoever to the issues here and the quotation appears made of whole cloth. In the other cases, the quotation is fabricated but appears to roughly summarize or paraphrase the language of the cited decision.

[7] Another federal judge last month warned the Buttons not to use fake, AI-generated case citations. *Button v. Humphries*, No. 8:24-cv-01730-JVS-DFM, ECF No.148 at n.2 (C.D. Cal. Sept. 12, 2025) ("The Buttons' pro se status does not warrant use of AI to fabricate case law. Such conduct may subject the Button to monetary or other sanctions.").

with future filings that rely on an AI tool and are directed to him a signed certification of the accuracy of the filing's contents. *Id*. Judge Cronan added that he "may strike any filing that fails to comply with this requirement." *Id.*

Put simply: prior to filing, the Buttons were aware of their responsibilities as litigants and of the consequences of submitting false case citations. It would be appropriate for the Court to strike at least the offending portions of their brief. *See id.* The Times otherwise defers to the Court on the sanctions warranted, which the Court may impose *sua sponte*. *See, e.g.*, *Romero*, 2025 U.S. Dist. LEXIS 132891, at *3 ("Sanctions under Rule 11 can be initiated by a motion from an opposing party under Rule 11(c)(2) or by a court *sua sponte* under Rule 11(c)(3).").

## CONCLUSION

For the reasons stated above and in their opening brief, The Times Defendants respectfully request that the Court award them their attorneys' fees, and grant such further relief as the Court deems appropriate.

Dated: October 14, 2025
New York, New York

THE NEW YORK TIMES COMPANY

By:  */s/ Al-Amyn Sumar*
Dana Green
Al-Amyn Sumar
The New York Times Company
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (202) 862-0775
dana.green@nytimes.com
al-amyn.sumar@nytimes.com

*Attorneys for Defendants The New York Times Company, Julia Jacobs, Demetri Blaisdell, and David McCraw*

## **CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the word count requirements of Local Civil Rule 7.1(c). According to the word count in Microsoft Word, which was used to prepare this brief, the number of words in this document, excluding the caption, any index, table of contents, table of authorities, signature blocks, and this certificate, is 2,105.

Dated: October 14, 2025
      New York, New York

                                                */s/ Al-Amyn Sumar*
                                                Al-Amyn Sumar