Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com


October 25th, 2025


**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312


Re:    *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*


**PLAINTIFFS' NOTICE TO THE COURT REGARDING POST-DISMISSAL CONDUCT**


Dear Honorable Judge Vyskocil:


Plaintiffs respectfully notify the Court of a post-judgment communication from counsel for *The New York Times Company*, sent just one day after this Court granted Plaintiffs leave to proceed *in forma pauperis* on appeal. [ECF No. 77]. The communication bears directly on the issues raised in Defendants' pending motion for attorneys' fees and confirms that the fee demand is being used as a coercive, retaliatory, and bad-faith tool.

On **October 24, 2025**, Plaintiffs received the following email from Defendant's counsel, *Al-Amyn Sumar*, representing the New York Times Defendants:

**"As you know, I represent The New York Times Company and other defendants in the lawsuit you have filed against them. I'm aware that you have appealed the dismissal of the case to the Second Circuit.**

**I'm writing to ask whether you would consider withdrawing your appeal in exchange for an agreement on our part not to pursue our attorneys' fees. To be clear, we are confident that we will fully prevail in the appeal, and that the district court will award all the fees we've requested. But we think it's in everyone's interest to bring the litigation to an end."**

This message arrived after just twenty-four hours of this Court's order granting Plaintiffs *in forma pauperis* status and confirming that the appeal was taken "in good faith"

under **28 U.S.C. § 1915(a)(3)**. The same attorney who filed the fee motion then sought to trade dismissal of that appeal for a waiver of fees—while attempting to manipulate Plaintiffs into believing that this Court would grant the requested attorneys' fees and that further pursuit of appellate review would be futile.

### I.    The Email Confirms the Coercive Use of Fees and Improper "Mediation" Already Raised in Plaintiffs' Opposition

This email was not a legitimate settlement overture; it was an **attempt at unauthorized mediation**—outside the supervision of the Court and without any procedural safeguard—to exploit Plaintiffs' *pro se* status and financial vulnerability. Plaintiffs' [ECF No. 76] opposition to the fee motion documented that Defendants' request for attorneys' fees was not compensatory but punitive, designed to deter access to the courts and retaliate for Plaintiffs' challenge to *The New York Times'* conduct. The timing and substance of this email independently confirm that the fee request itself was not brought in good faith—otherwise, counsel would not have offered to withdraw it in exchange for surrender of appeal rights.

By invoking the pending fee motion and suggesting that the Court "will award all the fees [they've] requested," counsel effectively leveraged the Court's own authority as a bargaining chip to pressure Plaintiffs to abandon appellate review. Such conduct is a perversion of process and a direct attempt to intimidate Plaintiffs from exercising a fundamental right to appeal.

Attorneys are officers of the court and owe duties of candor, fairness, and respect for the judicial process. *See* **N.Y. Rules of Professional Conduct**, Rules 3.3 & 4.4(a). The deliberate use of a pending judicial determination to compel an unrepresented opposing party's surrender of appellate rights undermines these ethical obligations and erodes public confidence in the administration of justice.

Courts have repeatedly rejected attempts to use fee demands or sanctions as instruments of coercion or retaliation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–47 (1991); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994).

### II.    The Conduct Reflects the Same Pattern Alleged in the Complaint

This coercive communication mirrors the **same conduct** alleged in Plaintiffs' Amended Complaint (¶¶ 1–4, 9, 14, 23, 26–28, 93–103): the use of media, litigation privilege, and procedural manipulation to silence and intimidate Plaintiffs. The original *New York Times* article was fabricated on non-existent or unreliable evidence, (which the Nevada District Court has now ruled precludes summary judgment for the very Plaintiffs the New York Times interviewed before the lawsuit against the Buttons was even filed; stating there are credibility issues and evidence provided by the Buttons to present before jury, evidence which was provided by the Buttons to the New York Times), published to try the case in the press rather than in the courts. When Plaintiffs sought to vindicate themselves and requested a retraction—the only genuine form of mediation that should ever have been discussed—Defendants declined.

Now, the same attorneys use the pretext of "mediation" to coerce Plaintiffs into relinquishing the appeal and to silence them again. This continuing misuse of power confirms that Defendants' objective has never been resolution through due process, but suppression of Plaintiffs' voice and avoidance of accountability.

Such behavior not only exacerbates the emotional and reputational harm already inflicted but undermines the integrity of judicial proceedings by turning legitimate appellate rights into bargaining collateral. Allowing such tactics to pass without acknowledgment would risk signaling to other powerful litigants that judicial orders and pending fee motions may be exploited as negotiation tools against indigent parties. The Court's own authority becomes a means of coercion, not adjudication.

Plaintiffs are private individuals who have endured years of reputational devastation, complete financial loss and emotional distress arising from the same false narrative that *The New York Times* helped create. Receiving this message *immediately* after the Court's acknowledgment of Plaintiffs' good faith was profoundly destabilizing. It reinforced that the machinery of law and media continues to be used as a coordinated instrument of intimidation rather than truth.

## III.    Requested Action

The same misuse of influence and intimidation that brought Plaintiffs before this Court continues to manifest even after dismissal, confirming that the threat to justice alleged in this case is ongoing and real.

Plaintiffs make no new arguments on the merits of the dismissed claims. This notice is submitted solely to ensure that the Court has a complete and accurate record before ruling on any fee petition. Plaintiffs respectfully request that the Court:

1. **Consider this communication** in connection with any ruling on Defendants' pending motion for attorneys' fees; or
2. **Alternatively, direct that the email and this notice be included on the docket** as part of the record on appeal, to ensure transparency regarding post-judgment conduct.

Respectfully dated this 25th day of October, 2025

/s/ _____
Dusty Button (*pro se*)

/s/ _____
Taylor Button (*pro se*)