**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DUSTY BUTTON AND MITCHELL TAYLOR
BUTTON,

                       Plaintiffs,

      v.

THE NEW YORK TIMES COMPANY, JULIA
JACOBS, LINDSEY RUFF, SABINA
MARIELLA, DAWN SCHNEIDER, DEMETRI
BLAISDELL, and DAVID MCCRAW,

                   Defendants.

Case No.: 1:24-cv-5888-MKV

Hon. Mary Kay Vyskocil

**DEFENDANTS SABINA MARIELLA AND LINDSEY RUFF'S OPPOSITION TO**
**PLAINTIFFS' EMERGENCY MOTION TO STRIKE AND FOR SANCTIONS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.      The Buttons' Procedural Arguments Are Meritless........................................................ 3

      A.      The Injunction Motion Is Timely........................................................................... 3

      B.      The Court Has Jurisdiction to Decide the Injunction Motion................................ 4

      C.      The Court May Grant "Forward-Looking" Relief. ................................................ 6

      D.      The Buttons' IFP Status Has No Impact on the Injunction Motion....................... 7

      E.      Defendants Were Not Required to Seek Leave to File the Injunction Motion....... 8

      F.      The Buttons Were Given Requisite Opportunity to Be Heard. ............................. 9

II.     The Buttons' Motion to Strike Should Be Denied.......................................................... 10

III.    The Buttons' Motion for Sanctions Should Be Denied. .................................................. 11

IV.     The Buttons' Apparent Misuse of AI Lends Further Support to the Injunction Motion. . 13

CONCLUSION.................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Abbott Labs. v. Adelphia Supply USA*,
    2024 WL 4297472 (2d Cir. Sept. 26, 2024) ........................................................... 10

*Abbott Labs. v. Adelphia Supply USA*,
    2020 WL 1429472 (E.D.N.Y. Mar. 24, 2020) ......................................................... 10

*Agric. Ins. Co. v. Ace Hardware Corp.*,
    1999 WL 1256246 (S.D.N.Y. Dec. 27, 1999) ........................................................... 6

*Bishop v. Henry Modell & Co.*,
    2010 WL 1790385 (S.D.N.Y. May 4, 2010) ............................................................. 7

*Brown v. Reptron Elecs., Inc.*,
    1996 WL 112216 (S.D.N.Y. Feb. 5, 1996) ............................................................... 9

*Button v. Breshears*,
    2025 WL 2771663 (S.D.N.Y. Sept. 26, 2025) ........................................................... 2

*Button v. Doherty et al.*,
    2025 WL 2776069 (S.D.N.Y. Sept. 30, 2025) ..................................................... 2, 13

*Button v. Humphries et al.*,
    2025 WL 1820116 (C.D. Cal. June 9, 2025) ............................................................. 3

*Button v. Humphries et al.*,
    2025 WL 2785644 (C.D. Cal. Aug. 28, 2025) ........................................................... 3

*Button v. Humphries et al.*,
    2025 WL 2994725 (C.D. Cal. Sept. 12, 2025) ..................................................... 3, 13

*Button v. Humphries et al.*,
    2025 WL 3191868 (C.D. Cal. Oct. 20, 2025) ........................................................... 3

*Button v. McCawley*,
    2025 WL 1517348 (S.D. Fla. May 28, 2025) ...................................................... 3, 14

*Button v. Melcher*,
    771 F.Supp.3d (D. Mass. 2025) ............................................................................... 3

*Button v. New York Times Co.*,
    2025 WL 2643674 (S.D.N.Y. Sept. 15, 2025) ........................................................... 2

*Button v. Roe et al.*,
    2024 WL 5136694 (D. N.H. Dec. 17, 2024) ............................................................. 3

*Button v. Thonis,*
    2025 WL 1092636 (D.N.H. Apr. 11, 2025) ............................................................. 3

*Button. v. Jimison*,
    2025 WL 2958545 (W.D. Wash. Oct. 17, 2025) ..................................................... 14

*Carr v. Queens-Long Island Med. Grp., P.C.*,
    2003 WL 169793 (S.D.N.Y. Jan. 24, 2003) ............................................................. 9

*Cent. New York Laborers' Health & Welfare Fund v. Fahs Constr. Grp., Inc.*,
   170 F. Supp. 3d 337 (N.D.N.Y. 2016) ........................................................................ 9

*Chambers v. NASCO*,
   501 U.S. 32 (1991) ........................................................................................................ 12

*City of New York v. Fleet Gen. Ins. Grp., Inc.*,
   2024 WL 4362490 (E.D.N.Y. Sept. 30, 2024) .......................................................... 12

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ................................................................................................... 5, 6

*Donohoe v. Levine*,
   833 F.2d 816 (9th Cir. 1987) ...................................................................................... 14

*Energy Transportation Grp., Inc. v. Borealis Mar. Ltd.*,
   2023 WL 8720150 (S.D.N.Y. Dec. 18, 2023) .......................................................... 10

*Enmon v. Prospect Capital Corp.*,
   675 F.3d 138 (2d Cir. 2012) ....................................................................................... 12

*Fecteau v. City of Mt. Vernon*,
   2025 WL 1184165 (S.D.N.Y. Apr. 23, 2025) .......................................................... 11

*Ferrer v. Artus*,
   2005 WL 1653878 (S.D.N.Y. July 13, 2005) ............................................................. 7

*Gok v. Roman Cath. Church*,
   2022 WL 784512 (E.D. Pa. Mar. 15, 2022) ................................................................ 6

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ........................................................................................................ 5

*Hernandez v. Cowan*,
   200 F.3d 995 (7th Cir. 2000) ....................................................................................... 5

*Humphries v. Button*,
   2025 WL 2421224 (D. Nev. Aug. 20, 2025) .............................................................. 2

*In re AppHarvest Sec. Litig.*,
   684 F. Supp. 3d 201 (S.D.N.Y. 2023) ...................................................................... 10

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   187 F.R.D. 124 (S.D.N.Y. 1999) ............................................................................. 3, 5

*In re Weissbrod Gurvey*,
   2025 WL 1785132 (N.D.N.Y. June 27, 2025) ....................................................... 3, 13

*Ironforge.com v. Paychex, Inc.*,
   747 F. Supp. 2d 384 (W.D.N.Y. 2010) ..................................................................... 11

*John Nagle Co. v. Goldin*,
   2017 WL 4043936 (N.D.N.Y. Sept. 12, 2017) ........................................................ 11

*Kaul v. Intercontinental Exch.*,
   2022 WL 4133427 (S.D.N.Y. Sept. 12, 2022) ........................................................... 6

*Keitel v. D'Agostino*,
    2024 WL 1235599 (S.D.N.Y. Mar. 22, 2024) ................................................................. 7

*Kinney v. Cooper*,
    708 F. App'x 411 (9th Cir. 2017) ............................................................................... 5

*Komatsu v. City of New York*,
    2021 WL 3363553 (S.D.N.Y. Aug. 3, 2021) ................................................................. 9

*Lewis v. Hatem*,
    2019 WL 12339640 (S.D.N.Y. Dec. 23, 2019) .............................................................. 2

*Lewis v. Hatem*,
    2020 WL 1528153 (S.D.N.Y. Mar. 31, 2020) ................................................................ 2

*Lipin v. Hunt*,
    573 F. Supp. 2d 836 (S.D.N.Y. 2008) ....................................................................... 6

*Mahoney v. Yamaha Motor Corp. U.S.A.*,
    290 F.R.D. 363 (E.D.N.Y. 2013) ............................................................................. 12

*Matusick v. Erie Cnty. Water Auth.*,
    757 F.3d 31 (2d Cir. 2014) .................................................................................... 8

*Miranda v. United States*,
    458 F.2d 1179 (2d Cir. 1972) ................................................................................. 7

*Monocoque Diversified Ints., LLC v. Aquila Air Cap. (Ireland) DAC*,
    2024 WL 3857929 (S.D.N.Y. Aug. 19, 2024) ............................................................. 12

*Off. of the Att'y Gen. v. Berger L. Grp., P.A.*,
    2015 WL 5922933 (M.D. Fla. Oct. 9, 2015) ................................................................. 9

*Oliver v. Luner*,
    829 Fed. Appx. 294 (9th Cir. 2020) ......................................................................... 4

*Oliveri v. Thompson*,
    803 F.2d 1265 (2d Cir. 1986) ............................................................................... 12

*Pakter v. New York City Dep't of Educ.*,
    2010 WL 1141128 (S.D.N.Y. Mar. 22, 2010) ............................................................. 10

*Qureshi v. United States*,
    600 F.3d 523 (5th Cir. 2010) .............................................................................. 4, 5

*Ranasinghe v. Kennell*,
    718 F. App'x 82 (2d Cir. 2018) .............................................................................. 5

*Ranasinghe v. Kennell*,
    2017 WL 384357 (S.D.N.Y. Jan. 25, 2017) ................................................................ 5

*Rhee-Karn v. Lask*,
    2025 WL 3154432 (S.D.N.Y. Nov. 11, 2025) ............................................................... 4

*Samuels v. Jackson*,
    1999 WL 92617 (S.D.N.Y. Feb. 22, 1999) .................................................................. 2

*Shahrokhi on behalf of B. E. S. v. Throne,*
    2023 WL 6826753 (9th Cir. Oct. 17, 2023)..................................................................... 5

*Sorenson v. Wolfson,*
    683 F. App'x 33 (2d Cir. 2017) ................................................................................... 12

*Thompson v. Fla. Bar,*
    2010 WL 5497673 (M.D. Fla. Nov. 16, 2010) ............................................................ 4

*Three Headed Prods., Inc. v. Steer Vend, Inc.,*
    2024 WL 3986868 (E.D.N.Y. Aug. 29, 2024)............................................................. 9

*Topps Co., Inc. v. Koko's Confectionery & Novelty,*
    482 F. Supp. 3d 129 (S.D.N.Y. 2020) ..................................................................... 10

*Trinidad v. Pret A Manger (USA) Ltd.,*
    962 F. Supp. 2d 545 (S.D.N.Y. 2013) ..................................................................... 11

*Williams v. Goord,*
    2007 WL 776117 (N.D.N.Y. Mar. 9, 2007) ............................................................. 4

*Winkler v. Eli Lilly & Co.,*
    101 F.3d 1196 (7th Cir. 1996). ................................................................................... 5

*Witek v. City of New York,*
    2015 WL 9460132 (E.D.N.Y. Dec. 23, 2015) ........................................................... 5

*Xydous v. City of Utica,*
    2025 WL 1755201 (N.D.N.Y. June 25, 2025)........................................................... 10

**Statutes**

28 U.S.C. § 1915(a)(3)........................................................................................................ 7

**Rules**

Court's Individual Rule Civil Rule 4(A)(i) ....................................................................... 8

Fed. R. Civ. P. 12(f)................................................................................................... 10, 11

Fed. R. Civ. P. 60(b) ....................................................................................................... 12

## PRELIMINARY STATEMENT

Plaintiffs Mitchell Taylor Button and Dusty Button (together, "the Buttons") are a pair of *pro se* litigants who have spent the last two years filing improper, retaliatory lawsuits in courts across the country, including the instant matter. To date, the Buttons have filed eleven lawsuits and nine appeals in twelve different courts against over thirty defendants. Each case alleges strikingly similar claims arising out of the same core facts. Significantly, none of the Buttons' lawsuits has survived a motion to dismiss. Despite being utterly meritless, these lawsuits have caused substantial emotional and financial harm to the long list of defendants they target.

To curb the Buttons' abuse of the judicial system, Defendants Sabina Mariella and Lindsey Ruff (together, "Defendants") filed a motion requesting that this Court declare the Buttons vexatious litigants and enter a pre-filing injunction against them. *See* ECF No. 80 (the "Injunction Motion"). Rather than respond to the Injunction Motion on the merits, however, the Buttons filed the instant "emergency" motion requesting that the Court strike the Injunction Motion and sanction Defendants. *See* ECF No. 83 (the "Emergency Motion").

Notably, the Buttons do not meaningfully challenge any of the arguments set forth in the Injunction Motion. Instead, the Buttons make a series of inapposite arguments, each of which falls flat. The Injunction Motion is timely and the Court has jurisdiction to consider it. There is no cognizable basis for sanctions against Defendants, whose only alleged "misconduct" was filing a single motion that is well-supported by the law and the facts. There is likewise no legal basis to strike the Injunction Motion or the accompanying declaration, which are not pleadings and do not contain any improper, scandalous, or false assertions.

Defendants respectfully request that the Court disregard the Emergency Motion and grant

the Injunction Motion.[1]

<div align="center">**BACKGROUND**</div>

As set forth more fully in the Injunction Motion, the Buttons' retaliatory lawsuits all arise out of a case pending against them in the District of Nevada, where six women are suing the Buttons for sexual assault, trafficking, and related claims. *See Humphries et al. v. Button*, No. 2:21-cv-01412-ART-EJY ("Nevada Litigation"). In the Nevada Litigation, the Buttons have engaged in a long string of misconduct and have been repeatedly sanctioned. *See* ECF No. 80 at 4–5. The Nevada Litigation is ongoing.[2]

On top of their misconduct within the Nevada Litigation, the Buttons have launched a sprawling retaliatory litigation campaign in a transparent effort to silence their victims and intimidate third-party witnesses. *See id.* at 6–13 (detailing various retaliatory lawsuits). All the lawsuits that the Buttons filed in 2024 have been dismissed.[3] Undeterred, however, the Buttons

---

[1]    The Buttons' Emergency Motion is not just improper and baseless, it also does not excuse their failure to file a timely opposition to the Injunction Motion, which was due December 2, 2025. Defendants respectfully request that the Court treat the Buttons' Emergency Motion as their opposition and consider briefing on the Injunction Motion to be closed. *See, e.g.*, *Lewis v. Hatem*, 2019 WL 12339640, at *6 (S.D.N.Y. Dec. 23, 2019), *report and recommendation adopted*, 2020 WL 1528153 (S.D.N.Y. Mar. 31, 2020) (treating *pro se* plaintiff's "motion to strike defendants' motions to dismiss" as an opposition to the motion to dismiss); *Samuels v. Jackson*, 1999 WL 92617, at *1 n.1 (S.D.N.Y. Feb. 22, 1999) (treating *pro se* plaintiff's "cross-motion to strike defendant's motion to dismiss" as "his opposition to defendant's motion to dismiss").

[2]    The Buttons' Emergency Motion grossly mischaracterizes the record in the Nevada Litigation. For example, the Buttons falsely assert that the Nevada court "expressed concern about BSF's representations of evidence." Emergency Motion at 8. The Buttons cite nothing to support this assertion because the Nevada court never made any such statement. *See Humphries et al. v. Button*, 2025 WL 2421224, at *7–13 (D. Nev. Aug. 20, 2025) (summary judgment order); *see also* ECF No. 83-2 (transcript from summary judgment hearing). Rather, the Nevada court rejected the Buttons' argument that the Nevada plaintiffs' claims are insufficiently supported by the record and denied their motion for summary judgment in full.

[3]    *See Button v. Doherty et al.*, 2025 WL 2776069, at *5 (S.D.N.Y. Sept. 30, 2025); *Button v. Breshears*, 2025 WL 2771663, at *13–14 (S.D.N.Y. Sept. 26, 2025); *Button v. New York Times*

<div align="center">2</div>

have continued to file a string of lawsuits and appeals in 2025, which are equally meritless. *See id.* at 11–13. The Buttons boast about their vexatious litigation campaign on social media and have threatened to continue their failing litigation campaign into the indefinite future. *See id.* at 7; *see also* ECF No. 80-1 (Brenner Declaration) ¶¶ 3–4.

To prevent further waste of judicial resources and meritless attacks on third parties, Defendants filed a motion requesting that this Court enjoin the Buttons from filing additional lawsuits concerning the Nevada Litigation without leave of Court. *See* ECF No. 80. Rather than properly oppose the motion, the Buttons filed the instant Emergency Motion, requesting that the Court (1) strike the Injunction Motion and accompanying declaration and (2) sanction Defendants.

## ARGUMENT

### I.    The Buttons' Procedural Arguments Are Meritless.

#### A.  The Injunction Motion Is Timely.

The Buttons first argue that the Injunction Motion is untimely because "this case is closed" and "final judgment has been entered." Emergency Motion at 3. Not so. Numerous courts—both in this Circuit and elsewhere—have entered pre-filing injunctions against vexatious litigants following the closure of a case or the entry of final judgment. *See, e.g.*, *In re Weissbrod Gurvey*, 2025 WL 1785132, at *5 (N.D.N.Y. June 27, 2025) (ordering *pro se* litigant to show cause why a pre-filing injunction should not promptly issue, even though the underlying case had already been closed for six months); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 124, 127, 132

---

*Co.*, 2025 WL 2643674, at *22 (S.D.N.Y. Sept. 15, 2025); *Button v. Humphries et al.*, 2025 WL 1820116, at *4 (C.D. Cal. June 9, 2025); *Button v. McCawley*, 2025 WL 1517348, at *6–7 (S.D. Fla. May 28, 2025); *Button v. Melcher*, 771 F. Supp. 3d 76, 80 (D. Mass. 2025); *Button v. Roe et al.*, 2024 WL 5136694, at *7 (D. N.H. Dec. 17, 2024); *see also Button v. Humphries et al.*, 2025 WL 3191868, at *5 (C.D. Cal. Oct. 20, 2025); *Button v. Humphries et al.*, 2025 WL 2994725, at *5 (C.D. Cal. Sept. 12, 2025); *Button v. Humphries et al.*, 2025 WL 2785644, at *8 (C.D. Cal. Aug. 28, 2025); *Button v. Thonis*, 2025 WL 1092636, at *5 (D. N.H. Apr. 11, 2025).

(S.D.N.Y. 1999) (entering pre-filing injunction addressing litigant's "pattern of vexatious and nettlesome litigation," even though the case had already been closed for seven months and "final judgment was entered"); *Oliver v. Luner*, 829 Fed. Appx. 294, 295 (9th Cir. 2020) (affirming "the district court's post-judgment order declaring [*pro se* plaintiff] a vexatious litigant and requiring pre-filing review"); *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010) (noting that a district court's "jurisdiction to enter a pre-filing injunction [against a vexatious litigant] survives dismissal"); *Thompson v. Fla. Bar*, 2010 WL 5497673, at *10–11 (M.D. Fla. Nov. 16, 2010) (concluding that "Plaintiff's lawsuits are irredeemably vexatious and warrant an injunction," even though plaintiff had already voluntarily dismissed his suits). That the Buttons' case against Defendants is closed does not preclude the Court from granting the Injunction Motion.

**B.  The Court Has Jurisdiction to Decide the Injunction Motion.**

The Buttons next argue that because they filed a notice of appeal of this Court's dismissal order, "the district court is divested of jurisdiction" to consider the Injunction Motion "while the appeal is pending." Emergency Motion at 3–4. Again, the Buttons are wrong. It is well-established that, even after a notice of appeal is filed, the district court "retains jurisdiction to resolve collateral issues" that do not depend upon "the merits of an action." *Rhee-Karn v. Lask*, 2025 WL 3154432, at *3 (S.D.N.Y. Nov. 11, 2025) (citations omitted); *see Williams v. Goord*, 2007 WL 776117, at *1 (N.D.N.Y. Mar. 9, 2007) ("[T]he Second Circuit has held that notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, not related to the appeal.").

Here, the Injunction Motion is collateral to the appeal. The appeal concerns whether a single dismissal order was properly decided, *see* ECF No. 73, whereas the Injunction Motion considers the Buttons' litigation conduct as a whole and whether they should be permitted to file

4

separate, future lawsuits absent leave of court, *see* ECF No. 80; *see also Witek v. City of New York*, 2015 WL 9460132, at *5 (E.D.N.Y. Dec. 23, 2015) (explaining that a motion is collateral to an appeal where it "can be assessed separately and apart from a resolution of the merits"). In other words, a court's decision to "enter a pre-filing injunction ... only 'requires the determination of a collateral issue: whether the [party] has abused the judicial process, and, if so, what sanction would be appropriate.'" *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). Accordingly, the "filing [of a] notice of appeal does not divest [a] district court of jurisdiction to enter a vexatious litigant order." *Shahrokhi on behalf of B. E. S. v. Throne*, 2023 WL 6826753, at *1 (9th Cir. Oct. 17, 2023) (citation omitted).[4]

Indeed, courts across the country have entered pre-filing injunctions while an appeal is pending. *See, e.g.*, *In re NASDAQ*, 187 F.R.D. at 129 (entering a pre-filing injunction "after the filing of a notice of appeal"); *Ranasinghe v. Kennell*, 2017 WL 384357, at *1, *3, *6 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018) (entering pre-filing injunction against *pro se* litigant despite the pendency of an appeal that plaintiff was pursuing "in other fora" which involved "fundamentally the same" claims); *Shahrokhi*, 2023 WL 6826753, at *1 (affirming that "the district court had jurisdiction to enter the pre-filing order" despite a pending appeal); *Kinney v.*

---

[4]     The cases the Buttons cite in support of their jurisdictional argument are inapposite. *Griggs v. Provident Consumer Disc. Co*., discusses whether a district court may rule on a "motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed"— circumstances not present here. 459 U.S. 56, 59 (1982). *Winkler v. Eli Lilly & Co*., involves the similarly irrelevant question of whether "district courts in charge of complex multidistrict litigation have the authority to issue injunctions to protect the integrity of their pre-trial rulings." 101 F.3d 1196, 1205 (7th Cir. 1996). *Hernandez v. Cowan*, is a habeas case involving waiver arguments and has no bearing on the instant matter. 200 F.3d 995, 997 (7th Cir. 2000). Finally, *Cooter & Gell*, in fact supports *Defendants*' position, as it stands for the non-controversial notion that certain types of motions—like motions for attorneys' fees or sanctions—require the "determination of a collateral issue [of] whether the [party] has abused the judicial process" and thus "such a determination may be made after the principal suit has been terminated." 496 U.S. at 396.

*Cooper*, 708 F. App'x 411, 412 (9th Cir. 2017) (affirming pre-filing injunction which was entered post-notice of appeal, and noting that other courts have "reject[ed] contention[s] that 'filing a notice of appeal divested the district court of jurisdiction to issue the vexatious litigant order'"); *Gok v. Roman Cath. Church*, 2022 WL 784512, at *7 (E.D. Pa. Mar. 15, 2022) ("[E]ven though Plaintiff timely filed a notice of appeal ... Plaintiff's notice did not divest this Court of its power to issue a permanent pre-filing injunction."). The Court therefore has jurisdiction to decide the Injunction Motion, notwithstanding the Buttons' appeal of the Court's dismissal order.[5]

### C. The Court May Grant "Forward-Looking" Relief.

The Court should likewise reject the Buttons' argument that courts are not permitted to "impose broad, forward-looking pre-filing injunctions that regulate a litigant's future filings." Emergency Motion at 10. The only case the Buttons cite in support of this proposition—*Cooter & Gell*—says no such thing, and, in fact, supports Defendant's position that motions for sanctions are collateral issues that "may be made after the principal suit has been terminated." 496 U.S. at 396. More to the point, the Buttons do nothing to address the litany of cases cited by Defendants in the Injunction Motion, which demonstrate that courts are indeed empowered to enter "forward-looking" injunctive relief to curb the harassing acts of a vexatious litigant. *See* Injunction Motion at 13–27 (citing, e.g., *Lipin v. Hunt*, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (entering pre-filing injunction); *Kaul v. Intercontinental Exch.*, 2022 WL 4133427, at *8 (S.D.N.Y. Sept. 12, 2022) (same)).

---

[5]    To the extent the Court disagrees and finds that the Buttons' appeal has divested it of jurisdiction to resolve the Injunction Motion, Defendants respectfully request that the Court stay the Injunction Motion pending the outcome of the appeal rather than deny it. *See Agric. Ins. Co. v. Ace Hardware Corp.*, 1999 WL 1256246, at *1 (S.D.N.Y. Dec. 27, 1999) (granting a "stay pending the outcome of [the] appeal" and directing plaintiff to "apply to the Second Circuit for an expedited briefing schedule in the [] appeal so that the instant action will not be unduly delayed").

**D.  The Buttons' IFP Status Has No Impact on the Injunction Motion.**

Contrary to the Buttons' contentions, the mere fact that this Court granted the Buttons' unopposed request to proceed *in forma pauperis* ("IFP") on appeal does not preclude this Court from entering a pre-filing injunction against them. The Buttons misleadingly argue that "by granting Plaintiffs IFP status, this Court necessarily found that the appeal is taken in good faith and is not frivolous" and "affirmatively determined that Plaintiffs are not abusing the judicial process," and consequently it is "legally impossible" for the court to enter "a pre-filing injunction" as it "would require the Court to make factual findings inconsistent with" its IFP determination. Emergency Motion at 3–4, 13. Not so.

It is true that 28 U.S.C. § 1915(a)(3) gives district court's discretion to "certif[y] in writing that [an appeal] is not taken in good faith," such that "[a]n appeal may not be taken" IFP. But declining to exercise that discretion and granting a boilerplate request to proceed IFP does not constitute an affirmative ruling that an appeal is indeed taken in good faith. *See, e.g.*, *Keitel v. D'Agostino*, 2024 WL 1235599, at *5 (S.D.N.Y. Mar. 22, 2024) ("[W]here a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed [IFP]."); *Bishop v. Henry Modell & Co.*, 2010 WL 1790385, at *1 (S.D.N.Y. May 4, 2010 (observing that the "threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor") (quoting *Miranda v. United States*, 458 F.2d 1179, 1181 (2d Cir. 1972)); *Ferrer v. Artus*, 2005 WL 1653878, at *2 (S.D.N.Y. July 13, 2005) (granting IFP application because petitioner "met the low threshold requirement of alleging that at least certain of his claims, as pleaded, 'may have merit'").

Further, even if this Court did affirmatively conclude that the Buttons' appeal is taken in

good faith (it did not), that would not preclude it from granting the Injunction Motion. As explained in the Injunction Motion, the Court should grant Defendants' requested relief because the "*Safir*" factors are readily satisfied. *See generally* ECF No. 80. Whether a single appeal is taken in good faith does nothing to change that analysis. In other words, whether the Buttons have met the low threshold to proceed IFP, and whether Defendants have demonstrated that the "*Safir*" factors are satisfied, are two totally different legal standards, and a finding on one of those questions does not have a preclusive effect on the other. *See, e.g.*, *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 48–49 (2d Cir. 2014) (holding that a prior finding did not have preclusive effect in a subsequent action because "different legal standards as applied to the same set of facts create different issues") (citation omitted).

Similarly, it is of no moment that certain other courts (but not all) also granted the Buttons' unopposed IFP requests. *See* Emergency Motion at 5. It is a gross mischaracterization of the record to suggest that multiple courts have found the Buttons' "filings to be non-frivolous, brought in good faith, or sufficiently meritorious to proceed." *Id*. Not a single one of the Buttons' cases has survived a motion to dismiss, and multiple courts have chastised them for filing frivolous lawsuits and engaging in sanctionable conduct. *See* ECF No. 80 at 13–23. In short, the Buttons' IFP status in no way impacts or constrains this Court's ability to rule on the Injunction Motion.

### E.  Defendants Were Not Required to Seek Leave to File the Injunction Motion.

The Buttons also argue that the Court is unable to rule on the Injunction Motion because Defendants "sought no leave" and "made no motion for permission to file the motion." Emergency Motion at 4. Tellingly, the Buttons identify no support for this contention. Nor could they, since the Court's Individual Rule Civil Rule 4(A)(i) expressly provides that "pre-motion submissions" and "pre-motion conferences" are "not required with respect to ... applications for injunctions."

This argument should therefore be rejected outright. *See Carr v. Queens-Long Island Med. Grp., P.C.*, 2003 WL 169793, at *6 (S.D.N.Y. Jan. 24, 2003) ("The court's permission is not required before making a motion."); *Brown v. Reptron Elecs., Inc.*, 1996 WL 112216, at *1 (S.D.N.Y. Feb. 5, 1996) (observing that a party need not "get the permission of a judge to file a motion").

### F.  The Buttons Were Given Requisite Opportunity to Be Heard.

Finally, the Buttons also argue that the Court cannot rule on the Injunction Motion because a pre-filing injunction "requires new factfinding" and Defendants "created no evidentiary record" to support the motion. Emergency Motion at 3–4. To the contrary, the only procedural condition to entering a pre-filing injunction is that the court afford the litigant with "notice and an opportunity to be heard," and the opportunity to provide written briefs is sufficient to satisfy this standard. *See Komatsu v. City of New York*, 2021 WL 3363553, at *4 (S.D.N.Y. Aug. 3, 2021) (*pro se* litigant was provided with "the required notice and opportunity to be heard" when he was afforded the opportunity to respond regarding a potential pre-filing injunction, and in fact "did respond"); *Three Headed Prods., Inc. v. Steer Vend, Inc.*, 2024 WL 3986868, at *7 (E.D.N.Y. Aug. 29, 2024) ("The opportunity to submit written briefs may be sufficient to provide an opportunity to be heard.") (citation omitted).

Courts are not required to hold evidentiary hearings before granting sanctions or injunctive relief. *See, e.g.*, *Cent. New York Laborers' Health & Welfare Fund v. Fahs Constr. Grp., Inc.*, 170 F. Supp. 3d 337, 343 n.4 (N.D.N.Y. 2016) ("It is within the Court's discretion to hold an evidentiary hearing on a sanctions motion, although no such hearing is required.") (citation omitted); *Off. of the Att'y Gen. v. Berger L. Grp., P.A.*, 2015 WL 5922933, at *3 (M.D. Fla. Oct. 9, 2015) ("The Court, in its discretion, enters injunctive and monetary relief, without holding an evidentiary hearing."). An evidentiary hearing is particularly unnecessary where, as here, the

court's ruling is "based on an established record" of prior conduct and proceedings. *See Abbott Labs. v. Adelphia Supply USA*, 2020 WL 1429472, at *11 (E.D.N.Y. Mar. 24, 2020), *aff'd sub nom.*, 2024 WL 4297472 (2d Cir. Sept. 26, 2024) (observing that the "Second Circuit has held that an evidentiary hearing is unnecessary when sanctions are based on an established record," and that "multiple courts in this Circuit have entered case-ending sanctions without holding [an evidentiary] hearing").

## II.    The Buttons' Motion to Strike Should Be Denied.

The Buttons ask the Court to strike the Injunction Motion and accompanying Declaration of Eric Brenner pursuant to Rule 12(f).

As an initial matter, by its plain language, Rule 12(f) applies only to "pleading[s]." Fed. R. Civ. P. 12(f) (emphasis added). Because "motions, declarations, and affidavits are not pleadings," they are outside of the ambit of Rule 12(f) and cannot be stricken. *Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 133 (S.D.N.Y. 2020) (citation omitted); *see, e.g.*, *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023) ("[C]ourts in this district have held that Rule 12(f) does not authorize this court to strike documents other than pleadings.") (citations omitted); *Xydous v. City of Utica,* 2025 WL 1755201, at *10 (N.D.N.Y. June 25, 2025) (denying request to strike affidavit because "an affidavit is not a 'pleading'" and therefore Rule 12(f) "does not apply"); *Energy Transportation Grp., Inc. v. Borealis Mar. Ltd.*, 2023 WL 8720150, at *5 (S.D.N.Y. Dec. 18, 2023) (denying motion to strike because Rule 12(f) does not "properly appl[y] to the motions and affidavit exhibits at issue"). The Buttons' motion to strike should be denied on this basis alone. *See Pakter v. New York City Dep't of Educ.*, 2010 WL 1141128, at *4 (S.D.N.Y. Mar. 22, 2010) (rejecting motion to strike as "patently meritless, and indeed, frivolous").

In any event, the Buttons' motion to strike also fails on the merits. Motions to strike "are generally disfavored" and apply only in narrow circumstances not present here. *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010). The Buttons identify no "redundant, immaterial, impertinent, or scandalous matter" in the Injunction Motion, Fed. R. Civ. P. 12(f), and instead argue only—in a conclusory fashion—that it is without merit. For instance, the Buttons insist that the Injunction Motion is "unsupported by law," yet they make no effort to distinguish or address the dozens of cases that Defendants cite. ECF No. 80 at 9. Similarly, the Buttons suggest the Injunction Motion is "replete with misrepresentations," but they do not (and cannot) explain what those purported misrepresentations are. *Id.*

Likewise, the Buttons identify no basis to strike the Brenner Declaration, which is a routine attorney declaration that is "merely a vehicle [for] placing before the Court" certain documents "relevant to the pending motions." *Fecteau v. City of Mt. Vernon*, 2025 WL 1184165, at *2 (S.D.N.Y. Apr. 23, 2025); *see, e.g.*, *John Nagle Co. v. Goldin*, 2017 WL 4043936, at *10 (N.D.N.Y. Sept. 12, 2017) (denying motion to strike attorney affidavit accompanying a motion). At best, the Buttons' arguments go to the weight of the declaration, not its admissibility. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 553 (S.D.N.Y. 2013).[6]

The Buttons' motion to strike should therefore be denied.

## III.    The Buttons' Motion for Sanctions Should Be Denied.

The Buttons' request for sanctions is likewise meritless.

The Buttons first argue that Defendants should be sanctioned because, according to the

---

[6]    While the Buttons take issue with Mr. Brenner's assertion that he has "been informed that two individuals (whose names are being withheld to protect their privacy) have disclosed to an attorney at my firm that Plaintiffs have threatened to sue them," the Buttons conspicuously do not deny the veracity of that statement.

Buttons, the Injunction Motion is "frivolous" and has "multiplie[d] proceedings unreasonably." Emergency Motion at 9. As an initial matter, this argument is premature since the Court has yet to rule on the Injunction Motion. Further, the Injunction Motion is well-supported by the facts and the law, and nothing in the Emergency Motion demonstrates otherwise.

Nevertheless, even assuming *arguendo* that the Court disagrees and denies the Injunction Motion, "filing an unsuccessful motion, by itself, is not sanctionable conduct." *Monocoque Diversified Ints., LLC v. Aquila Air Cap. (Ireland) DAC*, 2024 WL 3857929, at *4 (S.D.N.Y. Aug. 19, 2024); *see also Sorenson v. Wolfson*, 683 F. App'x 33, 37 (2d Cir. 2017) (affirming denial of sanctions against party who filed meritless motion, because "although [plaintiff's] arguments ... were meritless, mere lack of merit does not warrant the imposition of sanctions"); *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (holding Rule 11 sanctions should not be "imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak") (citation omitted).[7]

The Buttons also argue that Defendants should be sanctioned because the Injunction Motion is a "strategically manipulative motion" filed to "gain tactical advantage" in the Nevada Litigation. Emergency Motion at 9, 11. There is no evidence whatsoever—let alone "clear and convincing evidence"—that Defendants acted with improper purpose in filing the Injunction

---

[7]    The Buttons' reliance on *Enmon v. Prospect Capital Corp.*, 675 F.3d 138 (2d Cir. 2012) is misplaced. There, a law firm was sanctioned for bringing multiple questionable motions; for filing a Rule 60(b) motion which contained falsehoods; and for filing an appeal (which was voluntarily withdrawn) that was found to be "taken purely for dilatory and resource-draining reasons." *Id.* at 147. No similar conduct is demonstrated here. The other cases the Buttons cite are similarly distinguishable. *See Chambers v. NASCO*, 501 U.S. 32, 42 (1991) (awarding sanctions where litigant committed fraud on the court and filed false pleadings); *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78–79 (2d Cir. 2000) (reversing sanctions because conduct, while "offensive and overly aggressive," was not "unmistakably beyond the pale"); *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) (reversing sanctions award and determining attorney acted reasonably).

Motion. *See City of New York v. Fleet Gen. Ins. Grp., Inc.*, 2024 WL 4362490, at *9 (E.D.N.Y. Sept. 30, 2024) ("[M]ere speculation that [a party may] have been motivated by a bad-faith purpose is insufficient to support sanctions, which require clear and convincing evidence that such motives actually did underlie [the party's] actions."). It is inconceivable that the filing of the Injunction Motion in this Court could somehow give Defendants an undue tactical advantage in the Nevada Litigation. The relief sought in the Injunction Motion is to prevent *future* meritless lawsuits by the Buttons, and an entry of a pre-filing injunction against them would have no effect on the ongoing proceedings in the Nevada Litigation, which is an open case that is currently being prepared for trial. *See In re Weissbrod Gurvey*, 2025 WL 1785132, at *5 (N.D.N.Y. June 27, 2025) (noting that "the issuance of the Court's Pre-Filing Order" "would not preclude [the vexatious litigant] from filing pleadings or documents in a case that is open at the time of the issuance" of the order)**.** The only parties attempting to improperly influence the Nevada Litigation are the Buttons, with their filing of frivolous lawsuits designed to intimidate the Nevada plaintiffs and third-party witnesses.[8]

The Buttons' baseless sanctions request should thus be rejected.

## IV.    The Buttons' Apparent Misuse of AI Lends Further Support to the Injunction Motion.

Multiple courts have chastised the Buttons for misusing artificial intelligence ("AI") to fabricate case law and warned them that such conduct is sanctionable. *See, e.g.*, *Button v.*

---

[8]    As further evidence of purported bad faith acts by Ms. Mariella and Ms. Ruff, the Buttons confusingly cite to a recent email communication they received from *counsel for the New York Times*. *See* Emergency Motion at 6, 12 (accusing Ms. Mariella and Ms. Ruff of "bad faith" by "pressuring Plaintiffs to abandon appeals in exchange for fee concessions" because "counsel contacted Plaintiffs and asked whether they would withdraw their appeal 'in exchange for us not pursuing attorneys' fees'"). Such communication—which appears to be nothing more than a run-of-the-mill settlement offer by The New York Times—has no relevance whatsoever to the instant dispute, as The New York Times is a separate defendant with separate counsel, and Ms. Mariella and Ms. Ruff played no part in relaying this communication. *See id.*, ECF No. 78.

*Humphries et al.*, 2025 WL 2994725, at *4 n.2 (C.D. Cal. Sept. 12, 2025) ("The Buttons' *pro se* status does not warrant use of AI to fabricate case law. Such conduct may subject the Buttons to monetary or others sanctions."); *Button v. Doherty et al.*, 2025 WL 2776069, at *5 n.7 (S.D.N.Y. Sept. 30, 2025) (admonishing the Buttons for misusing artificial intelligence in drafting their filings); *Button. v. Jimison*, 2025 WL 2958545, at *2 (W.D. Wash. Oct. 17, 2025) (same); *Button v. McCawley*, No. 0:24-cv-60911-DSL (S.D. Fla.) ECF No. 75 at 4 (same). Nevertheless, the Buttons appear to have again misused AI to draft the instant Emergency Motion.

Indeed, in the Emergency Motion, the Buttons cite to a case that does not exist and appears to be entirely hallucinated by AI: "*Donohoe v. Levine*, 833 F.2d 816, 818 (9th Cir. 1987)." Emergency Motion at 7. The Buttons also purport to quote language from certain cases which does not appear anywhere in those opinions. For instance, the Buttons falsely claim that in *Safir*, 792 F.2d at 24, the Second Circuit called pre-filing injunctions an "extraordinary remedy" that "require a full record, detailed findings, and narrow tailoring," Emergency Motion at 4, 10, but no such language appears in *Safir*. The Buttons also claim *Revson*, 221 F.3d at 78–79, states that sanctions are warranted where filings are used to "'gain tactical advantage,' 'intimidate the opposing party,' or 'inject irrelevant, scandalous material' into the record," and that *Revson* states that "'[t]o ignore or distort the clear import of a court's own orders is itself evidence of improper purpose,'" Emergency Motion at 10, 13, but neither of those quotes actually appears in *Revson*.

As multiple courts have explained to the Buttons, such misuse of AI is improper and is a waste of the court's time. The Buttons' disregard for these orders only bolsters Defendants' position that the Buttons are vexatious litigants who should be enjoined from further abusing the judicial system.

14

## **CONCLUSION**

Ms. Mariella and Ms. Ruff respectfully request that the Court deny the Buttons' Emergency

Motion and grant Defendants' Injunction Motion.


Dated:  December 9, 2025

<div style="margin-left:auto">

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Eric Brenner*
Eric Brenner
Pete Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: 212.446.2300
ebrenner@bsfllp.com
pskinner@bsfllp.com

*Attorneys for Defendants Sabina Mariella and Lindsey Ruff*

</div>

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was served on December 9, 2025, via the Court's CM/ECF electronic-filing system, addressed to all parties on the e-service list.

<div align="center">

*/s/ Eric Brenner*
Eric Brenner

</div>