Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

December 16th, 2025

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re:    *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*

## Notice of Supplemental Authority

Dear Judge Vyskocil:

Plaintiffs Dusty Button and Mitchell Taylor Button respectfully submit this letter to advise the Court of newly issued appellate authority that directly bears on Defendants' pending motion seeking to characterize Plaintiffs as "vexatious litigants" and to impose a pre-filing injunction.

On December 16, 2025, the United States Court of Appeals for the First Circuit issued its judgment in *Button v. Melcher*, No. 25-1316, affirming in part, vacating in part, and remanding the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B).

Critically, the First Circuit held that dismissal **without leave to amend was improper**, explaining that it was not "crystal clear" that amendment would be futile. Id. The case has now been remanded for further proceedings.

This authority is directly relevant here[1]. Defendants' vexatious-litigant motion relies heavily on portraying Plaintiffs' nationwide litigation history as uniformly frivolous, conclusively dismissed, and indicative of bad faith. The First Circuit's decision demonstrates that this portrayal is inaccurate. An appellate court has now determined that one of the cases Defendants implicitly rely upon to support their narrative was dismissed prematurely and must proceed further.

The relevance is heightened because Ms. Melcher — the defendant in the remanded case — served as counsel to the lead plaintiff, (Sage Humphries), in the Nevada litigation prior to the

---

[1] Plaintiffs submit this authority promptly to avoid any decision based on an incomplete or outdated record.

filing of that action and is repeatedly invoked by Defendants in other fora as an example of purportedly meritless litigation. The First Circuit's ruling squarely undermines that contention.

Defendants repeatedly conflate dismissal with vexatiousness. That conflation is legally wrong. A dismissal — even multiple dismissals — does not establish bad faith, harassment, or abuse of process. Vexatiousness requires a showing of intent to harass through repetitive, duplicative, or meritless filings, not merely an absence of success on the merits. Defendants' argument would convert every unsuccessful litigant into a vexatious one, a result the Second Circuit has expressly rejected.

Defendants' Opposition repeatedly emphasizes that certain claims brought by Plaintiffs were dismissed, as though dismissal itself establishes vexatiousness. That is a fundamental misstatement of law. Courts have long distinguished between unsuccessful litigation and vexatious litigation. A claim may be dismissed for jurisdictional, procedural, or pleading deficiencies and still be brought in good faith. Vexatiousness requires something far more extreme: a pattern of repetitive, duplicative, or harassing filings intended to burden courts or opponents, not merely the absence of success on the merits.

Accepting Defendants' logic would mean that any pro se litigant whose claims were dismissed — including claims dismissed without prejudice or later revived on appeal — could be branded vexatious. That is not the law. Indeed, the very fact that appellate courts have remanded matters relied upon by Defendants underscores the danger of conflating dismissal with bad faith. Plaintiffs' litigation history reflects persistence in seeking judicial review, not abuse of the judicial process.

Plaintiffs submit this authority not to relitigate the merits of any underlying claims, but to ensure the Court has an accurate and current understanding of Plaintiffs' litigation record. The extraordinary relief Defendants seek — branding Plaintiffs as vexatious litigants and restricting future access to the courts — cannot rest on a narrative that appellate courts are actively rejecting.

Respectfully dated this 16th day of December, 2025,

/s/ _____

Dusty Button (*pro se*)

/s/ _____

Taylor Button (*pro se*)

# United States Court of Appeals
## For the First Circuit

—————————————

No. 25-1316

DUSTY BUTTON; MITCHELL TAYLOR BUTTON,

Plaintiffs - Appellants,

v.

MAURA MELCHER,

Defendant - Appellee.

—————————————

Before

Rikelman, Kayatta, and Aframe,
<u>Circuit Judges</u>.

—————————————

**JUDGMENT**

Entered: December 16, 2025

Plaintiffs-appellants Dusty Button and Mitchell Taylor Button have filed an appeal from the district court's screening dismissal of their lengthy complaint against defendant-appellee Maura Melcher pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court dismissed the complaint in its entirety on grounds of litigation privilege. <u>See</u> <u>Bassichis</u> v. <u>Flores</u>, 189 N.E.3d 640, 647 (Mass. 2022) (stating the privilege applies to protect counsel from "civil liability generally") (citation omitted). Appellants did not file a motion to reconsider.

We have carefully reviewed the record and appellants' submissions on appeal. <u>See</u> <u>Erickson</u> v. <u>Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (endorsing liberal construction of pro se filings); <u>see</u> <u>also</u> <u>Bradshaw</u> v. <u>Corr. Med. Servs., Inc.</u>, 6 F. App'x 45, 46 (1st Cir. 2001) (unpublished per curiam opinion) (reviewing de novo the screening dismissal for failure to state a claim); <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Appellants have not demonstrated that the litigation privilege does not bar their claims and allegations that relate to the judicial proceedings before the Boston Municipal Court or the United States District Court for the District of Nevada. <u>See</u> <u>Bassichis</u>, 189 N.E.3d at 647 (stating the litigation privilege applies to bar claims of defamation, intentional infliction of emotional distress,

abuse of process, negligence, invasion of privacy, violations of Mass. Gen. Laws ch. 93A, and violations of the Civil Rights Act (Mass. Gen. Laws ch. 12, §§ 11H-11J)) (citations omitted); see also Fisher v. Lint, 868 N.E.2d 161, 164, 170 (Mass. App. Ct. 2007) (applying the privilege to claims of civil conspiracy); Dear v. Devaney, 983 N.E.2d 240, 246 (Mass. App. Ct. 2013) (stating that "[a]n absolute privilege has also been extended to witness statements made to the police") (citing Correllas v. Viverios, 572 N.E.2d 7, 11 (Mass. 1991) ("Under Massachusetts law, statements made to police or prosecutors prior to trial are absolutely privileged if they are made in the context of a proposed judicial proceeding.") (citations omitted)); Encompass Ins. Co. of MA v. Giampa, 522 F. Supp. 2d 300, 309 (D. Mass. 2007) (stating that, generally, communications to the press fall outside of the litigation privilege when the plaintiff goes beyond repeating the allegations in the complaint).

However, the complaint also contains certain allegations that appear unrelated to the judicial proceedings, including, but not limited to, allegations that appellee (1) conspired with others to terminate Dusty Button's contract with the Boston Ballet, (2) encouraged her client(s) to disseminate information to third persons for posting on social media, and (3) sent copies of the abuse prevention order(s) to entities with which appellants had contracts for work. The allegations that are not barred by the litigation privilege were insufficient to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation omitted); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). But it is not "crystal clear" on the face of the complaint that amendment would be futile. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001); but see King v. Fields, 790 F. Supp. 3d 32, 35 n.1 (D. Mass. 2025) ("Fraud on the court cannot be used to challenge conduct before a different court.") (citing Davidson v. Cao, 211 F. Supp. 2d 264, 276-77 (D. Mass. 2002)). Therefore, dismissal of the complaint without allowing the appellants an opportunity to amend the claims that are not barred by the litigation privilege was not warranted.

Accordingly, the judgment of the district court is affirmed in part and vacated in part, and the matter is remanded to the district court for further proceedings consistent with this decision.


By the Court:

Anastasia Dubrovsky, Clerk



cc:
Hon. William G. Young
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Dusty Button
Mitchell Taylor Button