Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

January 10th, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re:   *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*

**Response and Opposition to Defendants' Notice of Supplemental Authority**

Dear Judge Vyskocil:

Plaintiffs submit this response to Defendants' letter to correct material misstatements, address improper use of out-of-jurisdiction orders, and place Defendants' submission in its full and accurate procedural context. Given this Court's longstanding familiarity with the parties, counsel, and related proceedings, Plaintiffs address these issues directly.

I.   Defendants Are Misusing a Florida Order to Create a False Record of "Vexatiousness"

Defendants' letter relies on a Florida appellate order denying Plaintiffs leave to proceed in forma pauperis on appeal and attempts to repurpose that order as evidence that Plaintiffs themselves are frivolous or vexatious litigants. That effort is legally improper and factually misleading. The Florida order did **one thing only**: it applied **28 U.S.C. § 1915(a)(3)** to determine whether Plaintiffs met the narrow statutory standard for waiver of appellate fees. It did **not** declare Plaintiffs vexatious, impose sanctions, restrict filings, or make any findings of bad faith or abuse of process. Nor did it authorize collateral use of the order in unrelated actions involving different parties and different claims. Defendants' effort to inflate that procedural determination into a global finding of frivolousness is precisely the kind of bootstrapping courts repeatedly reject. If accepted, it would permit any litigant to weaponize an IFP denial to stigmatize an opposing party across jurisdictions—an outcome unsupported by law and incompatible with due process.

II.   This Letter is Part of a Coordinated, Cross-Jurisdictional Strategy by The Same Firm

This Court is well aware that Plaintiffs' claims in this action arise from a **five-year course of conduct involving Boies Schiller Flexner LLP and its attorneys**, including Sigrid McCawley, Lindsey Ruff, and Sabina Mariella, (Defendants here).

The Court should therefore view Defendants' letter in context; 1) The Florida "supplemental authority" was **not filed in the Nevada litigation**, despite that case being the factual nucleus of all related disputes. 2) **Instead, it was selectively deployed only in actions where Plaintiffs have sued** BSF attorneys themselves**, including this New York case; and 3) Simultaneously, BSF attorneys representing the Nevada plaintiffs filed a** vexatious litigant motion here in New York**—now, relying on the same Florida order—to seek reputational and procedural leverage rather than adjudication on the merits.**

This pattern is not coincidental. It reflects a deliberate attempt to manufacture a narrative of vexatiousness through repetition and cross-case citation rather than through actual judicial findings. No court—state or federal—has declared Plaintiffs vexatious. No court has imposed filing restrictions. No court has entered sanctions for abusive litigation conduct. Defendants' letter asks this Court to do indirectly what no court has done directly.

III.    Plaintiffs' Claims Against BSF Attorneys are Consistent, Not Aberrational

Defendants' letter implicitly suggests that Plaintiffs' claims here are part of an abusive pattern. That is incorrect. The claims asserted in this action mirror claims Plaintiffs have brought against **Lindsey Ruff, Sabina Mariella, and other BSF-affiliated counsel,** based on the **same core allegations of conduct**, the same representations, and the same litigation activities spanning multiple jurisdictions. Those claims have not been deemed frivolous, vexatious, or sanctionable. Courts have permitted Plaintiffs to file, amend, and litigate them in the ordinary course. Defendants' effort to recharacterize these claims as harassment rests not on their substance, but on the identity of the defendants. That is not a legally cognizable basis for branding a litigant vexatious.

IV.    Plaintiffs Are Litigating Defensively After Years of Compounded Legal Harm

Plaintiffs are not opportunistic filers. They are pro se litigants who have been forced to litigate across jurisdictions because of overlapping actions initiated or defended by BSF and its clients over nearly five years. Plaintiffs have 1) responded to lawsuits filed against them, 2) challenged public accusations through formal pleadings, 3) sought appellate review where permitted, and 4) complied with court orders. That posture is defensive. It reflects persistence under pressure, not abuse of the judicial system. Defendants' attempt to recast endurance as vexatiousness asks the Court to punish Plaintiffs for refusing to capitulate.

V. **Recent Judicial Findings Confirm Plaintiffs Are Not Vexatious Litigants**

Defendants' letter seeks to silence, not resolve. Defendants' attempt to portray Plaintiffs as vexatious litigants is directly contradicted by recent, concrete judicial findings in unrelated federal proceedings. **On January 7, 2026, the United States District Court for the District of Arizona granted Plaintiffs' motion for alternative service after finding that** personal service on the defendant was impracticable **and that Plaintiffs' proposed methods of service were** "reasonably calculated to provide notice consistent with due process." (2:25-cv-02619-SMB – Button et al v. Kingsley (see ECF No. 23 Granting the Buttons Alternative Service Motion). **The court expressly authorized Plaintiffs to serve the defendant by** email **and direct message to multiple social media accounts, after prior service efforts—including attempts by the U.S. Marshals Service—proved unsuccessful due to the defendant's evasion.** Courts do not grant Marshal service, extend service deadlines, or authorize substituted service for litigants abusing the judicial process. To the contrary, such relief reflects judicial findings that Plaintiffs acted diligently, in good faith, and in compliance with procedural rules—and that any service difficulties resulted from defendant conduct, not Plaintiffs'. These findings are irreconcilable with Defendants' narrative. At the same time Defendants attempt to brand Plaintiffs as frivolous or vexatious in this Court, other federal courts are actively granting Plaintiffs substantive procedural relief after judicial review. This Court should give weight to those contemporaneous findings rather than to unsupported characterizations advanced through selective citation.

## CONCLUSION

Defendants' letter relies on mischaracterization, selective citation, and cross-jurisdictional bootstrapping by the same firm that is a defendant in this case. It identifies no binding authority, no sanction order, and no judicial finding supporting its claims of vexatiousness. Plaintiffs respectfully request that the Court disregard the letter in its entirety and decline to draw any adverse inference regarding Plaintiffs' litigation conduct.

Respectfully dated this 10th day of January, 2026

/s/ _____
Dusty Button (*pro se*)

/s/ _____
Taylor Button (*pro se*)