Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

January 21st, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re:     *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*

**Response to Defendants' Notice of Supplemental Authority**

Dear Judge Vyskocil:

Plaintiffs respectfully submit this letter in response to Defendants' January 21, 2026 submission (ECF No. 91), which relies on an order from the Western District of Washington in Button v. Jimison, No. 3:25-cv-05622-DGE, as purported support for their request to brand Plaintiffs as vexatious litigants and to impose a pre-filing injunction in this case.

The Washington order **does not support** the extraordinary relief Defendants seek here.

*First,* the Western District of Washington made no finding—express or implied—that Plaintiffs are vexatious litigants, that they acted with an improper purpose, or that they abused judicial process. The court imposed no filing restrictions, no pre-clearance requirements, and no injunction limiting Plaintiffs' future access to the courts. The absence of any such relief is notable given the severity of the remedy Defendants now seek in this Court.

*Second*, the dismissal in Jimison rested on legal determinations under Washington's UEPA framework, including statute-of-limitations and pleading sufficiency grounds. As courts in this Circuit have repeatedly recognized, adverse merits rulings—even dismissals with prejudice or fee awards authorized by statute—do not constitute vexatious litigation and do not justify nationwide filing restraints. If adverse merits rulings alone justified nationwide filing restraints, such injunctions would be commonplace. They are not.

*Third,* Defendants' reliance on comments concerning citation errors improperly conflates litigation mistakes with misconduct. The Washington court did not invoke its inherent powers, Rule 11, or any sanctioning authority; it did not find harassment, bad faith, or a pattern of abusive filings. Criticism of briefing errors—particularly by pro se litigants—does not satisfy the demanding standard required for a vexatious-litigant injunction under Second Circuit law. Courts have consistently held that vexatiousness requires far more than imperfect briefing—particularly

by pro se litigants and whereas here, are operating under **severe financial and personal constraints**.

*Fourth*, Defendants' characterization omits critical context. Plaintiffs' filings across jurisdictions arise from a single core controversy—centered on the long-running Nevada action Defendants repeatedly cite—where discovery revealed involvement by third parties previously unknown to Plaintiffs. The resulting litigation reflects the fragmentation of that controversy across defendants and forums, not a campaign of harassment.

As courts in this Circuit have repeatedly recognized, adverse merits rulings—even dismissals with prejudice or fee awards authorized by statute—do not constitute vexatious litigation and do not justify nationwide filing restraints. Criticism of briefing errors—particularly by pro se litigants—does not satisfy the demanding standard required for a vexatious-litigant injunction under Second Circuit law. Plaintiffs do not dispute that litigating pro se under severe financial and personal constraints has involved unintentional procedural missteps. But losing cases—even repeatedly—does not constitute vexatious litigation.

Most importantly, the District of Nevada—after **more than four years** of active litigation, extensive motion practice, and sustained judicial supervision—has never declared Plaintiffs vexatious, imposed filing restrictions, or limited their access to the court. That matter is proceeding toward trial in the ordinary course. Defendants' attempt to recast routine dismissals elsewhere as evidence of abusive litigation ignores the most probative record available.
The relief Defendants seek is an extreme sanction, reserved for the rare litigant who repeatedly files meritless actions for the purpose of harassment after warnings or sanctions. That is not this record.

Plaintiffs submit this response solely to ensure that Defendants' supplemental authority is evaluated for what it actually decided, rather than for dismissals recast as findings of misconduct. The Jimison order does not advance Defendants' request for the extraordinary relief they seek here.

Respectfully dated this 21st day of January, 2026

/s/ _____
Dusty Button (*pro se*)

/s/ _____
Taylor Button (*pro se*)