

May 20, 2026

<u>VIA ECF</u>
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

     **Re:**     *Button v. The New York Times Co.*, **Case No. 24 Civ. 05888 (MKV)**

Dear Judge Vyskocil:

     We represent Defendants Sabina Mariella and Lindsey Ruff in the above-captioned action. We write to respond to Plaintiffs' notice of supplemental authority, [ECF No. 93], and to provide the Court notice of a recent Southern District of New York Report & Recommendation that provides further support for Ms. Mariella and Ms. Ruff's pending motion to declare Plaintiffs vexatious litigants and enter a pre-filing injunction against them. [ECF No. 80].

     First, Plaintiffs overstate the relevance of the court's order in *Button v. Lopresti*, which is only one of the many lawsuits that Plaintiffs have filed. In a two-year period, Plaintiffs filed eleven lawsuits against over thirty defendants. [*See* ECF No. 80]. **Eight of those lawsuits have been dismissed**.[1] In two of those lawsuits, the defendant has not yet filed a motion to dismiss.[2] In the remaining lawsuit, *Button v. Lopresti*, Plaintiffs sued social media influencer Craig Lopresti for defamation and intentional interference with prospective economic advantage based on two allegedly defamatory statements. [*See Button v. Lopresti*, No. 25-cv-00867-DMS-BJW (S.D. Cal.), ECF No. 26]. The court dismissed Plaintiffs' defamation claim as to one of the statements on the grounds that it is an inactionable opinion. [*See id.*, ECF No. 39 at 10]. The court did not conduct a 12(b)(6) analysis of Plaintiffs' intentional interference claim because Mr. Lopresti failed to move to dismiss that claim on those grounds. [*See id.* at 9 n.2, ECF No. 37]. In context, this narrow order hardly undermines Ms. Mariella and Ms. Ruff's position that Plaintiffs have a pattern of filing

---

[1]     *Button v. Doherty et al.*, No. 24-cv-5026 (JPC) (KHP) (S.D.N.Y.), ECF Nos. 91, 70, 59; *Button v. Nelson et al.*, No. 25-cv-9275 (C.D. Cal.), ECF No. 10 at 4; *Button v. Breshears*, 2025 WL 2771663, at *13–14 (S.D.N.Y. Sept. 26, 2025); *Button v. New York Times Co.*, 2025 WL 2643674, at *22 (S.D.N.Y. Sept. 15, 2025); *Button et al. v. Jimison*, 2026 WL 149016, at *9 (W.D. Wash. Jan. 20, 2026); *Button v. Humphries et al.*, 2025 WL 1820116, at *4 (C.D. Cal. June 9, 2025); *Button v. McCawley*, 2025 WL 1517348, at *6–7 (S.D. Fla. May 28, 2025); *Button v. Roe et al.*, 2024 WL 5136694, at *7 (D.N.H. Dec. 17, 2024); *see also Button v. Humphries et al.*, 2025 WL 3191868, at *5 (C.D. Cal. Oct. 20, 2025); *Button v. Humphries et al.*, 2025 WL 2994725, at *5 (C.D. Cal. Sept. 12, 2025); *Button v. Humphries et al.*, 2025 WL 2785644, at *8 (C.D. Cal. Aug. 28, 2025); *Button v. Thonis*, 2025 WL 1092636, at *5 (D.N.H. Apr. 11, 2025).

[2]     *See Button v. Kingsley*, No. 25-cv-2619-SMB (D. Ariz.); *Button v. Melcher*, No. 24-cv-12632-WGY (D. Mass.); [*see also* ECF No. 89 n.1 (discussing *Button v. Melcher*)].

**BSF**

frivolous litigation for an improper purpose. [*See* ECF No. 80 at 13–23; *see also In re David M. Kissi Litig.*, 2012 WL 10011197, at *1 (D. Md. Aug. 8, 2012) (denying request to vacate pre-filing injunction even though litigant had "a few technical successes")].

Second, on May 13, 2026, Magistrate Judge Katharine H. Parker issued a Report & Recommendation recommending that one of the lawsuits that Plaintiffs filed in this district be dismissed with prejudice. [*See Button v. Doherty*, No. 24-cv-5026 (JPC) (KHP) (S.D.N.Y.), ECF No. 91 (Ex. A)].[3] Judge Parker concluded that Plaintiffs failed to state a claim as a matter of law, and she further observed that "notwithstanding this Court's prior warning to them, Plaintiffs appear to have used artificial intelligence to generate hallucinated cases in their brief, mischaracterizing authorities before the Court." [*Id.* at 27]. Ms. Mariella and Ms. Ruff respectfully submit that this decision supports their argument that Plaintiffs have wasted significant judicial resources and a pre-filing injunction is appropriate. [*See* ECF No. 80 at 13–23].

Respectfully,

*/s/ Eric Brenner*
Eric Brenner
Peter Skinner

cc: All parties (via ECF)

---

[3]    In that case, Judge Parker previously recommended that Plaintiffs' First Amended Complaint be dismissed without prejudice as to some claims and with prejudice as to others, and the District Court adopted that recommendation in full. [*See Button v. Doherty*, No. 24-cv-5026 (JPC) (KHP) (S.D.N.Y.), ECF Nos. 70, 59]. She now recommends that Plaintiffs' Second Amended Complaint be dismissed with prejudice in its entirety.

2