Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

June 8th, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

       Re:    *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*

       Plaintiffs' Notice of Supplemental Authority and Related Procedural Development

Dear Judge Vyskocil:

Plaintiffs respectfully submit this letter to advise the Court of a recent procedural development in Button v. Melcher, No. 24-cv-12632-WGY (D. Mass.), which Defendants previously discussed in connection with their pending motion for a pre-filing injunction.

Plaintiffs previously notified this Court that the United States Court of Appeals for the First Circuit affirmed in part, vacated in part, and remanded the dismissal of the Melcher action. Following remand, Plaintiffs filed a First Amended Complaint consistent with the First Circuit's ruling.

On June 3, 2026, the Honorable William G. Young reviewed the First Amended Complaint and entered an order directing that summons issue and that service proceed upon Defendant Maura Melcher. The Court further advised Plaintiffs regarding service by the United States Marshals Service pursuant to 28 U.S.C. § 1915(d). A copy of the order is attached.

Plaintiffs submit this update because Defendants have repeatedly relied upon Plaintiffs' litigation history in support of their request for a pre-filing injunction. See ECF Nos. 80, 89, and 94. In particular, Defendants argued that Plaintiffs have "never stated a claim as a matter of law" and that Plaintiffs' litigation history demonstrates a pattern of frivolous filings.

The June 3, 2026 order is not a merits determination, and Plaintiffs do not contend otherwise. However, the procedural history of the Melcher action—including partial vacatur by the First Circuit, remand for further proceedings, amendment of the complaint, and authorization of service by the district court—demonstrates that the status of Plaintiffs' litigation is more nuanced than Defendants' characterization suggests. At minimum, the current posture of the **Melcher** action undermines **Defendants'** assertion that all related litigation has been finally dismissed or that Plaintiffs have never maintained a legally cognizable claim; **furthermore, it refutes the allegation** that **Plaintiffs are** litigating for the purpose of harassment or retaliation.

Respectfully dated this 8th day of June, 2026

/s/ _____

Mitchell Taylor Button and Dusty Button (*pro se*)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DUSTY BUTTON and MITCHELL TAYLOR BUTTON, <br><br>          Plaintiffs, <br><br>          v. <br><br> MAURA MELCHER, <br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br> NO. 24-12632-WGY |

**ORDER**

**June 3, 2026**

YOUNG, D.J.

Upon review of Plaintiff's First Amended Complaint, the Court hereby orders:

1.   The Clerk shall issue a summons for the defendant.

2.   Plaintiffs must ensure that the summons, this order, and the first amended complaint are served on the defendant within 90 days of the date the summons issues.[1]  Service must be effected in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Failure to timely effect service may result in

---

[1] In lieu of serving the summons, Plaintiffs may ask the defendant to waive service of summons.  See Fed. R. Civ. P. 4(d).  Forms used to ask a defendant to waive service of the summons are available at https://www.uscourts.gov/forms-rules/forms/notice-a-lawsuit-and-request-waive-service-a-summons.

dismissal of this action without prior notice from the Court. See Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

3.   Because Plaintiffs are proceeding in forma pauperis, they may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  See 28 U.S.C. § 1915(d).  If so asked by Plaintiffs, the USMS shall serve the a summons, the first amended complaint, and this order on the defendant as directed by Plaintiffs.  Plaintiffs are responsible for providing the USMS a copy of this order for the agency's records, copies for service on the defendant, and a completed USM-285 form.  The Clerk shall provide Plaintiffs instructions for service by the USMS and a USM-285 form.


        SO ORDERED.

                        /s/ William G. Young
                        WILLIAM G. YOUNG
                        UNITED STATES DISTRICT JUDGE