Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

June 14th, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re: **Plaintiffs' Reply to Defendant's Notice of Authority and Response at ECF No. 94**

Dear Judge Vyskocil:

Plaintiffs originally attempted to file this reply on May 21st, and subsequently made additional filing attempts on May 26th, 28th and again June 1st and 10th after contacting the Pro Se Office; Plaintiffs were advised that the submissions were malformed and therefore not docketed. Because the underlying motion remains pending, Plaintiffs respectfully submit this corrected reply. Defendants' submission intentionally, materially mischaracterizes both the procedural history and substantive posture of Plaintiffs' litigation activity. While Defendants emphasize dismissals and adverse rulings in isolation, they omit substantial procedural context demonstrating that the cited matters proceeded through ordinary judicial processes rather than being summarily treated as malicious, frivolous, or abusive litigation. Defendants' submission also omits important procedural context regarding the cited matters:

- In *Button v. Doherty et al.*, No. 24-cv-5026 (S.D.N.Y.), Plaintiffs were granted leave to file a Second Amended Complaint.
- In *Button v. Nelson et al.,* No. 25-cv-9275 (C.D. Cal.), the court permitted amendment, granted in forma pauperis status, and issued summons pending U.S. Marshal service following screening.
- In *Button v. Breshears*, 2025 WL 2771663 (S.D.N.Y. Sept. 26, 2025), Plaintiffs were granted leave to amend, and appellate proceedings remain pending in the Second Circuit; granted IFP status on appeal.
- In *Button v. New York Times Co.,* 2025 WL 2643674 (S.D.N.Y. Sept. 15, 2025), appellate proceedings remain pending in the Second Circuit; IFP status on appeal.
- In *Button et al. v. Jimison*, 2026 WL 149016 (W.D. Wash. Jan. 20, 2026), appellate proceedings remain pending in the Ninth Circuit, and Plaintiffs were granted in forma pauperis status on appeal.
- In *Button v. Humphries et al.,* 2025 WL 1820116 (C.D. Cal. June 9, 2025), along with related subsequent orders, appellate proceedings remain pending in the Ninth Circuit.• In *Button v. McCawley*, 2025 WL 1517348 (S.D. Fla. May 28, 2025), appellate

proceedings remain pending in the Eleventh Circuit.

- In *Button v. Roe et al.,* 2024 WL 5136694 (D.N.H. Dec. 17, 2024), and *Button v. Thonis*, 2025 WL 1092636 (D.N.H. Apr. 11, 2025), consolidated appellate proceedings remain pending in the First Circuit.
- In *Button v. Kingsley*, No. 25-cv-2619-SMB (D. Ariz.), the court permitted default proceedings against the defendant to remain in place which are pending.
- In *Button v. Melcher*, No. 24-cv-12632-WGY (D. Mass.), the matter was remanded following appellate proceedings, after which the district court permitted Plaintiffs to file an amended pleading, which remains pending.
- In *Button v. Lopresti*, No. 3:25-cv-00867-DMS-BJW (S.D. Cal.), Plaintiffs filed an amended complaint curing the jurisdictional deficiencies previously identified by the court. The court thereafter denied Defendants' Motion to Dismiss and directed Defendant to answer the amended complaint within fourteen days.

The procedural record in that matter therefore reflects that Plaintiffs addressed the deficiencies identified by the court and proceeded through ordinary litigation processes. Importantly, none of the courts cited by Defendants have declared Plaintiffs vexatious litigants, imposed pre-filing restrictions, or entered findings that Plaintiffs initiated litigation maliciously or for purposes of harassment. The rulings Defendants cite primarily concern pleading sufficiency, Rule 8 issues, jurisdictional questions, or statute-of-limitations determinations. Those are ordinary procedural issues routinely addressed through amendment, motion practice, and appellate review. They are not equivalent to findings that Plaintiffs acted in bad faith or knowingly pursued frivolous claims.

To the extent Defendants rely on the Report and Recommendation in *Button v. Doherty*, Plaintiffs respectfully submit that Defendants materially overstate the significance of a non-final recommendation that remains subject to objection and review by the District Court. Plaintiffs strongly dispute the Report and Recommendation's characterization of Plaintiffs' filings and intend to file formal objections. Importantly, the R&R did not impose a pre-filing injunction, declare Plaintiffs vexatious litigants, or find that Plaintiffs initiated litigation maliciously or for purposes of harassment. Defendants' attempt to elevate a disputed, non-final recommendation into purported support for sweeping filing restrictions is particularly improper given that Plaintiffs were previously granted leave to amend in that same matter. Citation-related concerns raised in an ongoing case do not transform Plaintiffs into vexatious litigants, nor do they justify restricting Plaintiffs' future access to federal courts across unrelated proceedings involving different parties, jurisdictions, and factual circumstances. Plaintiffs acknowledge that certain filings contained citation deficiencies and have taken substantial steps to investigate and correct those issues going forward. However, citation deficiencies in complex multi-jurisdictional pro se litigation do not establish bad faith, harassment, or the type of abusive conduct necessary to justify the extraordinary remedy of a pre-filing injunction. The relief Defendants seek is *extraordinary*, restricting Plaintiffs' future access to federal courts despite the absence of any vexatious-litigant designation, pre-filing restriction, or judicial finding that Plaintiffs knowingly filed actions maliciously, frivolously, or for purposes of harassment. Plaintiffs are particularly concerned because Defendants' request extends *far beyond* the claims presently before this Court and instead attempts to aggregate nearly every lawsuit Plaintiffs have filed across multiple jurisdictions — including actions involving **entirely different** defendants, factual allegations,

legal issues, and subject matter unrelated to Defendants here. Several of the lawsuits cited by Defendants have **no connection** whatsoever to these Defendants, their Nevada clients or the claims before this Court, yet Defendants nevertheless continue monitoring and compiling Plaintiffs' litigation activity across the country in support of a sweeping request to restrict Plaintiffs' future access to the courts.

That request is especially significant because the underlying premise of this action is that Plaintiffs were subjected to widespread reputational and media-related harm that extended beyond a single publication or jurisdiction. *Indeed*, Plaintiffs specifically alleged in this action that Defendants Julia Jacobs and the New York Times Co. published statements indicating that Plaintiffs had "denied the charges," language Plaintiffs allege contributed to widespread public misunderstanding that Plaintiffs had been criminally charged or imprisoned when they had not. Plaintiffs' litigation activity therefore did not arise in a vacuum, but from what Plaintiffs allege was a broad and continuing pattern of reputational harm involving multiple actors, publications, and jurisdictions. Moreover, Defendants' assertion that Plaintiffs have improperly consumed judicial resources ignores the extensive and highly aggressive litigation activity undertaken by Defendants and their counsel across numerous proceedings involving overlapping parties and issues over several years, including the long-running Nevada litigation in which Plaintiffs have been required to defend themselves for approximately **five years** against false claims asserted by a plaintiff, (represented by Defendants here), that the Buttons **have never met.** The existence of substantial litigation activity alone does not establish vexatiousness, particularly in complex multi-jurisdictional disputes involving ongoing appeals, amendments, and contested factual allegations. Notably, the long-running Nevada litigation involving overlapping parties and underlying events has proceeded for approximately five years, including several years during which Plaintiffs have litigated pro se and generated extensive motion practice and discovery proceedings, yet no court, including the Nevada District Court has declared Plaintiffs vexatious litigants or found the litigation frivolous or malicious.

*Finally*, Defendants' emphasis on the number of lawsuits filed does not establish vexatiousness. Plaintiffs' actions involve different defendants, jurisdictions, factual circumstances, and legal issues. Plaintiffs recognize that it may be uncommon for pro se litigants to pursue litigation across multiple jurisdictions simultaneously. However, Plaintiffs' litigation activity arose from what Plaintiffs allege was a coordinated and far-reaching media and reputational campaign directed against them involving many of the same underlying events, individuals, publications, and related conduct — including conduct that forms the basis of the *claims asserted in this action*. The relevant inquiry is therefore not the number of lawsuits filed, but whether Plaintiffs knowingly filed frivolous actions or litigated for purposes of harassment. They have not. Defendants identify **no finding by any court** establishing such conduct here. Defendants' request for extraordinary relief is unsupported by the record and should be **denied**. Respectfully dated this 8th day of June, 2026,

Respectfully dated this 14th day of June, 2026

/s/ _____

Mitchell Taylor Button and Dusty Button (*pro se*)