Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

August 19, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

**Re: 1:24-cv-05888-MKV -Plaintiffs' Response to Defendants Ruff and Mariella's August 18, 2026 Letter**

Dear Judge Vyskocil:

Plaintiffs respectfully submit this short response to Defendants Sabina Mariella and Lindsey Ruff's August 18, 2026 letter, ECF No. 100, which relies on Judge Cronan's August 14, 2026 order in Button v. Doherty et al., No. 24-cv-5026-JPC-KHP, as additional support for their pending request to declare Plaintiffs vexatious litigants and impose a pre-filing injunction.

Defendants' letter materially overstates what the Doherty order decided. The final order did not dismiss "all claims with prejudice." Rather, Judge Cronan adopted the Report and Recommendation "as modified" and expressly dismissed the claims against Krista King-Doherty "without prejudice" for lack of personal jurisdiction. Doherty, ECF No. 96 at 9-10. That ruling was not a merits adjudication as to Krista King-Doherty and cannot reasonably be treated as another merits dismissal supporting a vexatious-litigant designation.

The Doherty order also contains an important limitation that Defendants omit. In addressing Plaintiffs' objection that the R&R relied on allegations from the Nevada action, Judge Cronan recognized that the R&R took judicial notice of court filings "not for the truth of the matter asserted in those filings," and further stated that Judge Parker "did not thereby suggest that the allegations in that litigation were true." Id. at 3. That limitation matters here because Defendants continue to rely on allegations from the Nevada action and related cases as though they have been adjudicated as true. They have not.

Nor did the Doherty order find that Plaintiffs filed that action in bad faith, for harassment, or for an improper purpose. It did not impose sanctions. It did not declare Plaintiffs vexatious litigants. It did not enter any pre-filing restriction. It also expressly stated that the Report and Recommendation's observation concerning citation issues was "not the basis" for dismissal. Id. at 10.

The order instead resolved a Rule 12 motion on pleading, timeliness, personal-jurisdiction, and actual-malice grounds. Plaintiffs disagree with that ruling and preserve their right to seek appellate review, but even an adverse pleading-stage dismissal is not the same thing

as a judicial finding of abuse of process. If every dismissal under Rule 12 could be converted into evidence warranting a nationwide filing restraint, pre-filing injunctions would be routine. They are not.

Under *Safir v. U.S. Lines*, Inc., 792 F.2d 19, 24 (2d Cir. 1986), the relevant inquiry is not simply how many adverse rulings a litigant has received. Courts consider, among other things, whether the history of litigation is vexatious, harassing, or duplicative; whether the litigant had an objective good-faith expectation of prevailing; whether the litigant caused needless expense or burden; whether lesser sanctions would be adequate; and, ultimately, whether the litigant is likely to continue abusing the judicial process. The Doherty order does not make those findings. **No court** has made those findings.

Recent procedural developments also undermine Defendants' sweeping characterization. In *Button v. Lopresti*, No. 3:25-cv-00867-DMS-DDL (S.D. Cal.), Plaintiffs' claims proceeded through ordinary litigation, the court granted IFP status and ordered service, the defendant later moved to dismiss, the court denied the motion to dismiss, and the matter has since resolved by settlement. A case that survives screening, survives dismissal, and resolves through settlement is not proof of vexatious litigation. Likewise, in *Button v. Melcher*, No. 1:24-cv-12632-WGY (D. Mass.), the matter was remanded after appeal, Plaintiffs were permitted to file an amended pleading, and, as Plaintiffs understand the current schedule, Ms. Melcher's answer is due on August 31, 2026. That matter is therefore moving forward in ordinary litigation after remand. The appeal in *Button v. Breshears*, No. 25-02696 (2d Cir.), also remains in ordinary appellate process, and Plaintiffs were permitted to proceed in forma pauperis on appeal in that case by this very Court. Those circumstances are inconsistent with Defendants' attempt to portray every filing as frivolous or abusive.

Defendants have now *repeatedly* submitted supplemental letters asking the Court to treat ordinary adverse rulings in other courts as proof of vexatiousness here. Plaintiffs have already responded to that theory. See, e.g., Plaintiffs' prior responses to Defendants' supplemental-authority filings. The August 18 letter adds no new Safir finding, no sanction, no pre-filing injunction, and no finding that Plaintiffs acted maliciously or knowingly filed frivolous claims. It therefore does not materially advance Defendants' pending motion.

Plaintiffs respectfully request that the Court give Defendants' August 18 letter no weight beyond the actual contents of the Doherty order, decline to treat that order as a vexatious-litigant finding, and deny Defendants' request for the extraordinary remedy of a pre-filing injunction. Plaintiffs further respectfully request that, if Defendants seek to submit additional post-briefing notices on this same issue, they be required to seek leave before doing so, so that this case is not prolonged by serial one-sided characterizations of unrelated orders.

Respectfully dated this 19th day of August, 2026

/s/ ________________________________

Mitchell Taylor Button and Dusty Button (*pro se*)