Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

October 8th, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re: *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*

**Response to Defendants' Notice of Supplemental Authority**

Dear Judge Vyskocil:

Plaintiffs respectfully submit this response to Defendants' October 5, 2026 letter (ECF No. 105). Defendants' letter does not provide the Court with "further support" for their request for a vexatious-litigant designation or pre-filing injunction. Instead, it does precisely what Defendants have repeatedly done throughout these proceedings: take an adverse ruling, remove it from its actual procedural context, and recast it as a judicial finding that Plaintiffs litigate frivolously or for an improper purpose. The First Circuit's September 28, 2026 judgment does not say that.

The First Circuit affirmed dismissal because Plaintiffs failed to demonstrate error in the district court's Rule 12(b)(6) analysis and because certain allegations did not satisfy the applicable pleading standards. The Court cited *Twombly* and *Peñalbert-Rosa* regarding the requirement that a complaint contain sufficient factual matter rather than conclusory or speculative allegations. That is the holding. There is no finding of bad faith. No finding of harassment. No finding of fabrication. No finding of an improper purpose. No finding that Plaintiffs are vexatious litigants. Defendants' letter nevertheless attempts to supply those findings after the fact by describing the First Circuit's judgment as proof that Plaintiffs filed another "frivolous" lawsuit for an "improper purpose." ECF No. 105. Defendants cannot turn their characterization of a judicial decision into the decision itself.

Their description of the First Circuit's treatment of amendment is particularly revealing. Defendants characterize the case as one in which Plaintiffs filed a complaint that "could not be saved even after amendment." But the First Circuit did not make that finding. To the contrary, the Court expressly recognized that dismissal with prejudice is disfavored where a complaint has not previously been amended and explained that, once judgment had been entered, Rule 15 was no longer available. Defendants are therefore asking this Court to draw a conclusion from the judgment that the First Circuit itself did not draw.

**Plaintiffs' Litigation History Cannot Be Reduced to Defendants' List**

Defendants' effort to reduce years of complicated litigation to a list of dismissals is not an accurate description of Plaintiffs' litigation history. It is advocacy designed to produce a particular impression. The cases identified by Defendants arose from real and interconnected disputes. They did not involve randomly selected defendants or unrelated grievances, nor were they filed simply because Plaintiffs wanted to litigate. Plaintiffs have consistently sought judicial review of disputes they believe have caused serious and continuing harm.

Those disputes include the Boston Municipal Court proceedings involving Sage Humphries and Maura Melcher, the subsequent Nevada litigation, and later circumstances involving Jane Doe 1 and attorneys connected to these matters. Plaintiffs identified substantial similarities between Jane Doe 1's allegations and Sage Humphries' 2017 affidavit, despite never having met Jane Doe 1. Plaintiffs also identified the involvement of a family-friend attorney who recommended or introduced Jane Doe 1 to BSF, along with overlapping attorney relationships in related litigation. Those relationships include the representation of Maura Melcher, who previously represented Sage Humphries in other matters before withdrawing and being replaced by the same BSF attorneys. The reason is that this is the only way BSF can control the narrative—even if doing so means intentionally mischaracterizing the record.

In identifying those circumstances, Plaintiffs do not ask this Court to decide the underlying disputes or agree with Plaintiffs' theory of conspiracy. Those circumstances demonstrate something much simpler: Plaintiffs had factual reasons to investigate, pursue, and seek judicial resolution of the matters underlying their lawsuits. Calling those lawsuits "random" or "improper" does not make them so. Plaintiffs also faced restrictions concerning protected material from the Nevada proceedings, which limited what they could disclose about certain deposition testimony. Plaintiffs attempted to provide the facts necessary to support their complaint without revealing confidential information. The resulting pleading appeared, at least in part, "conclusory." Defendants should not be permitted to treat limitations on what Plaintiffs could publicly plead as evidence that Plaintiffs lacked a factual basis for their claims.

**Experience With Litigation Is Not Evidence of Vexatiousness**

Plaintiffs' experience with federal litigation has changed over time. Their understanding of federal pleading requirements has changed with it. That should hardly be surprising. Plaintiffs have learned through experience how to present complicated factual disputes within the technical requirements of federal pleading, including how to connect factual allegations to the elements of particular causes of action. That progression is evidence of experience. It is not evidence of an improper purpose. Indeed, Defendants' proposition would produce an absurd result: a pro se litigant who becomes more capable of navigating federal pleading requirements after years of litigation could have that improvement used against them as supposed evidence of vexatiousness.

Plaintiffs reject that characterization. They did not spend years litigating because they enjoy litigation. They have spent years attempting to obtain judicial resolution of disputes they believe are legitimate and consequential. They have done so while caring for their two-year-old child and facing significant financial constraints directly resulting from the conduct of BSF and

its PR team, as alleged in Plaintiffs' original allegations in this case. The burden of this litigation has fallen on Plaintiffs as much as anyone.

**Defendants Cannot Manufacture Vexatiousness Through Their Own Repeated Representation**

Plaintiffs did not choose Boies Schiller Flexner to represent opposing parties. The firm and its clients made those decisions. The fact that BSF has represented, or continues to represent, numerous parties opposing Plaintiffs does not transform separate disputes into a coordinated campaign by Plaintiffs against BSF or its clients. Nor should BSF's repeated involvement be used to inflate Plaintiffs' litigation history and then cited as evidence of vexatiousness. Plaintiffs are entitled to seek judicial relief when they believe they have been wronged. Plaintiffs and this Court have now seen this tactic repeatedly: an adverse ruling from one proceeding is presented in another as though the prior court found Plaintiffs' motives improper. The record does not support that practice.

**The First Circuit Decision Does Not Support the Requested Injunction**

The extraordinary relief Defendants seek would prospectively restrict Plaintiffs' ability to seek judicial relief—including potentially for wrongdoing that has not yet occurred or on the basis of evidence not yet discovered or facts not yet known. That relief cannot properly rest on a collection of Rule 12(b)(6) dismissals dressed up as findings of misconduct. The relevant question is not whether Plaintiffs have ever received an adverse ruling. Of course they have. The relevant question is whether the record establishes the kind of conduct necessary to justify branding Plaintiffs vexatious and restricting their future access to the courts. Defendants' October 5 letter does not establish that. The First Circuit's September 28 judgment does not establish that.

The First Circuit affirmed a dismissal based on pleading standards. It did not find that Plaintiffs acted in bad faith. It did not find that Plaintiffs filed the action to harass anyone. It did not find an improper purpose. It did not find that Plaintiffs fabricated their allegations. And it did not find Plaintiffs to be vexatious litigants.

Plaintiffs respectfully request that the Court deny Defendants' pending motion to declare them vexatious litigants and impose a pre-filing injunction. Defendants' latest letter should receive the weight its substance warrants—not additional weight from repetition.

Respectfully dated this 8th day of October, 2026,

/s/ ______________________________

Dusty Button and Taylor Button (*pro se*)