BSF | BOIES SCHILLER FLEXNER

October 22, 2026

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re: *Button v. The New York Times Co.*, Case No. 24 Civ. 05888 (MKV)**

Dear Judge Vyskocil:

We represent Defendants Sabina Mariella and Lindsey Ruff in the above-captioned action. We write to provide the Court notice of two orders, one from the Second Circuit and one from the Ninth Circuit, that provide further support for Ms. Mariella and Ms. Ruff's pending motion to declare Plaintiffs vexatious litigants and enter a pre-filing injunction against them. [ECF No. 80].

Since 2024, Plaintiffs have been filing frivolous lawsuits in courts across the country, eight of which have been dismissed.[1] Plaintiffs' appeals from those dismissals have fared no better. In *Button v. Breshears*, Plaintiffs sued Madison Breshears for defamation and related claims based on Instagram posts she made in May 2021 about Plaintiffs' alleged sexual abuse. This Court dismissed each of Plaintiffs' claims against Ms. Breshears as "time-barred or otherwise facially deficient as a matter of law." *Button v. Breshears*, 2025 WL 2771663, at *13 (S.D.N.Y. Sept. 26, 2025). On October 19, 2026, the Second Circuit affirmed this Court's dismissal of Plaintiffs' amended claims with prejudice under Fed. R. Civ. P. 12(b)(6), holding that Plaintiffs' claims "were properly dismissed . . . by the district court in its thorough and well-reasoned decision." *Button v. Breshears*, No. 25-2696 (2d Cir.), [ECF No. 39.1, at 3] (Ex. A). The Second Circuit further held

1 *See Button v. Doherty*, 2026 WL 2364618, at *5 (S.D.N.Y. Aug. 14, 2026) (dismissing with prejudice); *Button et al. v. Jimison*, 2026 WL 149016, at *9, *10 (W.D. Wash. Jan. 20, 2026) (dismissing case and awarding fees pursuant to Washington's Uniform Public Expression Protection Act); *Button v. McCawley*, 2025 WL 1517348, at *6–7 (S.D. Fla. May 28, 2025) (dismissing with prejudice); *Button v. Humphries*, 2025 WL 1820116, at *4 (C.D. Cal. June 9, 2025) (dismissing with prejudice), *appeal dismissed*, No. 25-4079 (9th Cir. Oct. 20, 2026) (dismissing consolidated appeals as frivolous); *Button v. Breshears*, 2025 WL 2771663, at *13–14 (S.D.N.Y. Sept. 26, 2025) (dismissing with prejudice), *aff'd*, No. 25-2696 (2d Cir. Oct. 19, 2026); *Button v. New York Times Co.*, 2025 WL 2643674, at *22 (S.D.N.Y. Sept. 15, 2025) (dismissing with prejudice); *Button v. Melcher*, 771 F. Supp. 3d 76, 80 (D. Mass. 2025), *aff'd in part and remanded*, 2025 WL 3703677 (1st Cir. Dec. 16, 2025) (affirming dismissal but remanding to allow the Buttons "an opportunity to amend" after original complaint was dismissed with prejudice *sua sponte* prior to service); *Button v. Roe*, 2024 WL 5136694, at *7 (D.N.H. Dec. 17, 2024) (dismissing with prejudice), *aff'd*, No. 25-1394 (1st Cir. Sept. 28, 2026) (affirming dismissal of amended complaint with prejudice).

BSF

that dismissal without leave to amend was proper because Plaintiffs "had already amended their complaint in response to the same defects" and "it was clear that 'better pleading [would] not cure it.'" [*Id.* at 6]. A copy of the Second Circuit's summary order is attached as Exhibit A.

Plaintiffs' litigation in the Ninth Circuit has followed the same course. In *Button v. Humphries*, Plaintiffs sued the parents, friend, and therapist of Sage Humphries, a dancer bringing allegations of sexual abuse against Plaintiffs in the district of Nevada, for fraud, defamation, and related claims. The central district of California dismissed Plaintiffs' second amended complaint with prejudice as "prolix and conclusory." *Button v. Humphries*, 2025 WL 1820116, at *4 (C.D. Cal. June 9, 2025). On October 20, 2026, the Ninth Circuit denied Plaintiffs' motions to proceed *in forma pauperis*, dismissed four consolidated appeals "as frivolous," and warned that it "will not entertain further filings in these closed cases." *Button v. Humphries*, No. 25-4079 (9th Cir.), [ECF No. 28.1, at 2] (Ex. B). A copy of the Ninth Circuit's order is attached as Exhibit B. Together, these orders further demonstrate Plaintiffs' pattern of vexatious litigation.

Respectfully,

*/s/ Eric Brenner*

Eric Brenner
Peter Skinner