Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

November 10th, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

Re: *Button et al. v. the New York Times Company. 1:24-cv-05888-MKV*
**Response to Defendants' Notice of Supplemental Authority**

Dear Judge Vyskocil:

Plaintiffs respectfully request acceptance of this response nunc pro tunc. Plaintiffs submitted it twice and repeatedly contacted the Pro Se Intake Unit before learning that both transmissions appeared malformed. Plaintiffs promptly corrected and resubmitted it; the delay resulted from a technical transmission issue, not lack of diligence or disregard of the deadline.

Plaintiffs respectfully request that the Court consider this response to ECF No. 107. Defendants present that submission as supplemental authority, but its characterization is materially misleading by omission. It converts two case-specific appellate dispositions into findings the appellate courts never made while withholding the portion of the Second Circuit's order most damaging to their requested prefiling injunction: **the Second Circuit expressly denied Breshears's request for sanctions under Federal Rule of Appellate Procedure 38.** See *Button v. Breshears*, No. 25-2696, Summary Order at 6 n.2 (2d Cir. Oct. 19, 2026). Defendants cannot ask this Court to infer nationwide bad faith from an order while omitting that the same order rejected sanctions for frivolous appellate conduct. Plaintiffs do not minimize either result. They object to Defendants' attempt to manufacture the predicate for a nationwide restraint from rulings that do not supply it. Neither order adjudicates the motive or necessity required under *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), finds this action harassing or false, or supplies the particularized record needed to restrict future actions against unidentified persons in unidentified courts. Plaintiffs do not seek to relitigate those dismissals. Defendants instead seek to repurpose rulings about timeliness, pleading sufficiency, and four consolidated IFP appeals as findings that Plaintiffs are dishonest, malicious, and unworthy of nationwide court access. The Court should reject that distortion. It would punish Plaintiffs, not for violating an injunction or refiling an adjudicated claim, but for seeking review while unrepresented and failing to translate an extensive record into technically sufficient pleadings.

The Second Circuit affirmed dismissal in *Breshears* on claim-specific legal grounds: New York's one-year limitations period, the single-publication rule, the failure to plead equitable estoppel, duplication of related tort theories, the absence of a standalone civil-conspiracy tort, and futility of further amendment. Summary Order at 3–6. The order is expressly

nonprecedential. It does not call Plaintiffs vexatious, does not find that the action was brought for an improper purpose, and does not hold that their factual allegations were fabricated. Breshears also sought Rule 38 sanctions for a frivolous appeal. The court denied that request. *Id.* at 6 n.2. ECF No. 107 quotes the affirmance and futility language but omits that ruling. That is not a harmless omission. If the order proves abuse, its refusal to impose sanctions is at least equally relevant. Defendants cannot extract the language they want and suppress the portion that defeats their characterization. The history before this Court is also materially incomplete. After dismissing *Breshears*, **this Court** permitted Plaintiffs to proceed in forma pauperis on appeal; § 1915(a)(3) bars IFP status when an appeal is certified as not taken in good faith. That did not predict success, but it contradicts treating the appeal itself as self-evident proof of abusive motive. The Second Circuit then affirmed while denying sanctions. Defendants supplied only the portions favoring their injunction.

The Ninth Circuit denied in forma pauperis status and dismissed four consolidated appeals as frivolous under 28 U.S.C. § 1915(a) and (e)(2). Plaintiffs acknowledge that disposition. But the two-page order provides no reasoning, makes no factual findings, identifies no malicious purpose, imposes no sanction, and does not address this New York action. Its statement that the court would not entertain further filings refers to those closed consolidated appeals. It is not a nationwide prefiling injunction and should not be rewritten as one. That § 1915 disposition belongs in Plaintiffs' litigation history, but does not establish the remaining *Safir* factors: Plaintiffs' expectation of prevailing here, this case's actual burden, the adequacy of ordinary sanctions, or the necessity and tailoring of future restraint. See *Safir*, 792 F.2d at 24. ECF No. 107 evades those inquiries and substitutes a label for proof.

ECF No. 107 opens ***again*** with the sweeping accusation that Plaintiffs have been filing frivolous lawsuits nationwide. That is advocacy presented as adjudicated fact, not a finding made across the listed cases. The Second Circuit did not label the *Breshears* action or appeal frivolous and denied Rule 38 sanctions. Defendants' own footnote also counts *Button v. Melcher* as a dismissal while acknowledging that the First Circuit remanded to permit amendment after a preservice dismissal. That procedural result illustrates why a raw dismissal count cannot carry the legal weight Defendants assign to it. Dismissal totals obscure the actual inquiry. Plaintiffs began without legal training or counsel and understood judicial instructions to mean they should explain the entire history. They did not yet know how to separate evidence from ultimate facts, distinguish claims among defendants, plead each element, or address jurisdiction, timeliness, and publication rules. Those errors produced lengthy, imperfect complaints. **They do not establish that Plaintiffs invented the underlying events, filed for harassment, or lacked a sincere expectation that the evidence entitled them to relief.** Pleading defects and unsuccessful theories cannot convert lack of legal training into evidence of bad faith. The California disposition likewise does not support Defendants' characterization. It closed four consolidated appeals under § 1915 but did not find every action frivolous, the evidence fabricated, or the litigation harassing. Nor did it analyze the underlying evidentiary dispute. Plaintiffs maintain that electronic material intetntionally placed on their hard drive by Sage Humphries reflected unlawful conduct involving Daryl Katz. Katz's presence as a defendant and that asserted evidentiary origin explain pursuit of those claims; neither was adjudicated false. The unexplained order is neither factual exoneration of the underlying conduct nor a nationwide finding about Plaintiffs' motives. The Second Circuit requires consideration of the litigant's history, motive,

representation status, burden on courts and parties, adequacy of other sanctions, and whether there is a likelihood of continued abuse. *Safir*, 792 F.2d at 24. Even where restrictions are justified, they must preserve access to the courts and be tailored to the demonstrated conduct. *Id.* at 25. A nationwide injunction is not justified merely by collecting unrelated dispositions involving different defendants, different publications or conduct, different jurisdictions, and different procedural defects, and then labeling the collection a pattern. Plaintiffs have *repeatedly* attempted to correct their errors while pursuing distinct claims arising from distinct conduct. That does not immunize deficient pleadings from dismissal, but it does not establish universal bad faith or justify conditioning access to every federal court on advance permission. That extraordinary remedy must rest on findings, not rhetoric.

The request's scope and timing expose its purpose and overreach. In a New York action concerning their own alleged conduct, the movants seek control over future claims against nonparties concerning unadjudicated conduct where they represent those Defendants. The request followed Plaintiffs' Nevada litigation and would give counsel there, (Defendants here), a restraint extending *far beyond* this case. Its practical effect is litigation-wide control against the Buttons, not management of this action. The Court **should not allow** a defense motion in one case to become a weapon for preventing unfiled claims from receiving independent judicial review, particularly when the cited orders impose no such restriction and make none of the necessary findings.

Defendants seek an unprecedented order controlling Plaintiffs' future claims against future parties in courts nationwide, including matters wholly unrelated to this action. Yet ECF No. 107 identifies no filing after ECF No. 80, violation of any existing restriction, or repeated assertion of an adjudicated claim, and never explains why ordinary remedies are inadequate. The requested injunction is therefore not case management; it is an effort to weaponize this proceeding to intimidate Plaintiffs, control how other courts receive future disputes, and prevent unadjudicated claims from ever being heard. That is precisely the kind of litigation abuse Defendants accuse Plaintiffs of committing. They cannot convert *Breshears*'s rulings on timeliness and pleading sufficiency, or the Ninth Circuit's unexplained § 1915 disposition, into credibility findings those courts never made. Neither order adjudicated the merits here, found Plaintiffs dishonest, or supplied any basis for the nationwide restraint Defendants demand. The Court should reject ECF No. 107's selective account and deny ECF No. 80. Neither appellate order supplies the required *Safir* findings, and the Second Circuit expressly denied Rule 38 sanctions. Adverse rulings do not establish abuse and cannot be rewritten to justify a nationwide injunction no issuing court imposed.

Respectfully dated this 10th day of November, 2026,

/s/ ______________________________
Dusty Button and Taylor Button (*pro se*)